IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY,<br><br>        Plaintiff,<br><br>    v.<br><br>MARVELL TECHNOLOGY GROUP, LTD.<br>and MARVELL SEMICONDUCTOR, INC.,<br><br>        Defendants. | CIVIL ACTION NO. 2:09-cv-00290-NBF |

## REVISED JOINT REPORT REGARDING AGREED UPON CHANGES TO THE STANDARD PROTECTIVE ORDER

## **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ........................................................................................ 1

II.    REVISED AGREED CHANGES TO THE STANDARD PROTECTIVE ORDER .... 1

# I.

# INTRODUCTION

Pursuant to paragraph 1 of the Court's Initial Patent Scheduling Order dated July 28, 2009, Plaintiff Carnegie Mellon University ("CMU") and Defendants Marvell Technology Group, Ltd and Marvell Semiconductor, Inc. (collectively, "Marvell") submit this Revised Joint Report Regarding Agreed Upon Changes to the Standard Protective Order.

# II.

# AGREED CHANGES TO THE STANDARD PROTECTIVE ORDER

Attached hereto as Exhibit 1 is a copy of the Amended Protective Order as agreed to by CMU and Marvell.

Respectfully submitted,

/s/ Douglas B. Greenswag
Douglas B. Greenswag (admitted *pro hac vice*)
douglas.greenswag@klgates.com
David T. McDonald (admitted *pro hac vice*)
david.mcdonald@klgates.com
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Phone: 206.623.7580
Fax:    206.623.7022

Patrick J. McElhinny Pa. I.D. # 53510
patrick.mcelhinny@klgates.com
Christopher M. Verdini Pa. I.D. # 93245
christopher.verdini@klgates.com
K&L GATES LLP
535 Smithfield Street
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax:    (412) 355-6501

*Counsel for Plaintiff, Carnegie Mellon University*

Dated: September 14, 2009

Respectfully submitted,

s/ Steven M. Levitan
Steven M. Levitan (*Pro Hac Vice*)
steve.levitan@haynesboone.com
Jason M. Gonder (*Pro Hac Vice*)
jason.gonder@haynesboone.com
HAYNES AND BOONE, LLP
2033 Gateway Place, Suite 400
San Jose, CA 95110

John E. Hall
jhall@eckertseamans.com
Timothy P. Ryan
tryan@eckertseamans.com
ECKERT SEAMANS CHERIN&
MELLOTT, LLC
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219

Donald C. Templin (*Pro Hac Vice*)
don.templin@haynesboone.com
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219

*Counsel for Defendants, Marvell Technology Group, Ltd. and Marvell Semiconductor, Inc.*

Dated: September 14, 2009

# EXHIBIT   1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY,   ) | |
|   ) | |
| Plaintiff,   ) | |
| v.   ) | |
|   ) | |
| MARVELL TECHNOLOGY GROUP, LTD.,   ) | Civil Action No. 2:09-cv-00290-NBF |
| and MARVELL SEMICONDUCTOR, INC.,   ) | |
|   ) | |
| Defendants.   ) | |
|   ) | |
|   ) | |
|   ) | |
| AND RELATED COUNTERCLAIMS   ) | |
|   ) | |

## AMENDED PROTECTIVE ORDER

The parties herein have agreed that certain information subject to discovery in this action may be claimed to be or contain a trade secret or other confidential research, development, commercial, financial, or strategic information.  In the interests of permitting discovery to proceed without delay occasioned by possible disputes regarding such confidential information, the parties have further agreed to provide access to and to accept such information subject to certain protective provisions hereinafter set forth.  In view of these agreements, the Court finds that good cause exists for issuance of an amended protective order.  Therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Patent Rule 2.2, the Court hereby enters the following Amended Order:

**Proceedings and Information Governed.**

1.     This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action.  The information

protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition testimony and transcripts and videotapes, deposition exhibits, and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information," "Confidential Attorney Eyes Only Information," or "Highly Confidential-Computer Instruction Information" in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.  Information produced pursuant to the terms of this Protective Order shall be used by the receiving party or parties only for purposes of this litigation, and not for any other purpose or function, and such information shall not be disclosed to anyone by the receiving party or parties except as provided herein, by further written agreement of the parties, or by further order of the Court.

**Designation and Maintenance of Information.**

2.      For purposes of this Protective Order:

(a)      The "Confidential Information" designation shall mean that the document or testimony is comprised of trade secrets or commercial information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed.R.Civ.P. 26(c)(1)(g), or other information required by law or agreement to be kept confidential;

(b)      The "Confidential Attorney Eyes Only Information" designation shall mean that the document or testimony is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter;

- 2 -

(c)    "Highly Confidential Computer Instruction Information" includes all forms of digital computer instruction materials (in human readable form or otherwise), including, but not limited to, embedded applications implemented as firmware, software, hardware, or any combination thereof, software, programs, drivers, application program interfaces (APIs), source code, object code, compiled code, byte code, interpreted code, and any form of code stored in any digital storage medium, for example, read only memory (ROM), programmable ROM (PROM), erasable PROM (EPROM), electrically erasable (EEPROM), flash RAM, battery backed random-access memory (RAM) such as dynamic RAM (DRAM), Double-Data-Rate DRAM (DDRAM), and/or synchronous DRAM (SDRAM), and any form of programmable logic code, source code for logic compilers, and/or hardware description languages (HDL) for programming a configurable or reconfigurable digital circuit such as a programmable logic device (PLD), programmable logic array (PLA), field-programmable logic array (FPLA), and/or field-programmable gate array (FPGA).  Computer Instruction Information also means source code written in any and all programming languages such as "C", "C++", "Java", assembly languages; command languages and shell languages.  Computer Instruction Information further includes all "header files," "make" files, project files, link files, and all embedded programmer notes and comments.

(d)    Confidential Information, Confidential Attorney Eyes Only Information and Highly Confidential Computer Instruction Information does not include, and this Protective Order shall not apply to, (i) information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or (ii) information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3.    (a)    Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above may be designated by the producing party as containing Confidential Information by placing on each page and each thing the legend "CONFIDENTIAL

INFORMATION SUBJECT TO PROTECTIVE ORDER" in a manner that will not interfere with its legibility.  If the Confidential materials cannot have the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" placed thereon, it will be designated as "Confidential Information" in a manner agreed to by the parties.

(b)     Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing the legend "CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER" in a manner that will not interfere with its legibility.  If the Confidential Attorney Eyes Only materials cannot have the legend "CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER" placed thereon, it will be designated as "Confidential Attorney Eyes Only Information" in a manner agreed to by the parties.

(c)     Highly Confidential Computer Instruction Information shall be produced and maintained as follows:

(i)     The producing party shall make available electronic files containing Highly Confidential Computer Instruction Information, at Iron Mountain's facilities in Pittsburgh, Pennsylvania.  The electronic files containing Highly Confidential Computer Instruction Information will be provided on a stand-alone, non-networked, password protected computer ("the Highly Confidential Computer Instruction Information Computer"), running a reasonably current version of a mutually agreed upon operating system, such as Microsoft Windows, Linux, or SunOS, and having an attached printer.  The Highly Confidential Computer Instruction Information Computer shall not be connected to any peripheral device other than a monitor, keyboard, mouse and printer.

While in use, the computer and such designated materials shall not be left unattended by the receiving party. The receiving party's outside counsel of record, experts, and consultants shall not make any machine readable copies of the electronic files containing Highly Confidential Computer Instruction Information and shall not bring to Iron Mountain's facilities means by which the electronic files may be copied. The Highly Confidential Computer Instruction Information Computer containing the electronic files shall be made available to the receiving party's outside counsel of record, expert(s), and/or consultant(s) at any time during the ordinary business hours of Iron Mountain, or with twenty-four hours advance notice, at any other time during which the receiving parties may wish to conduct their review. The cost for storage and security of the Highly Confidential Computer Instruction Information shall be borne equally by the parties (50% by the Plaintiff and 50% by the Defendants), with individual costs for printing, experts and/or consultants to be borne by the party seeking discovery.

(ii)    To the extent that the electronic files containing Highly Confidential Computer Instruction Information exist in searchable form, the producing party shall make available for inspection these electronic files in text searchable form.

(iii)   The receiving party may install and use appropriate software tools on the Highly Confidential Computer Instruction Information Computers, including compilers, debuggers, text editors and multi-file text search tools such as "grep" so long as the receiving party agrees that no edits may be performed on the Highly Confidential Computer

Instruction Information.   Specific tools may include, but are not limited to: dtSearch, Understand for Java, Understand for C, Visual Slick Edit, Source-Navigator, PowerGrep, and ExamDiff Pro, or similar programs.  The receiving party shall identify for the producing party prior to loading it into the computer any special software to be used to conduct an inspection or analysis of the Highly Confidential Computer Instruction Information.   Upon such identification, the producing party shall have five (5) business days to assert any objections.  If an objection is raised, the tool will not be installed unless and until the parties reach an agreement or the Court overrules the objection.

(iv)   No electronic copies, other than volatile copies necessarily made in the course of loading, accessing, and/or conducting other approved functions with the Highly Confidential Computer Instruction Information  or running data processing systems that use or incorporate the Highly Confidential Computer Instruction Information on the non-networked computer shall be made;

(v)   A receiving party shall be entitled to make printouts in paper form of as many lines of Highly Confidential Computer Instruction Information as deemed reasonably necessary for use as an exhibit at deposition, to consult with consultants and/or experts, to prepare an expert report, as an exhibit to a filing with the Court, or as an exhibit at trial.  All such printouts shall be stored securely in a locked cabinet or the like when not in use.  The receiving party shall avoid such use except as necessary to meet its burden of proof, and shall take all reasonable steps necessary to restrict the dissemination of such copies,

including maintaining a log of all such copies and the name, address and telephone number of all persons in possession of such copies.

(vi)    Each page of printed source code shall be Bates labeled and printed onto paper marked "**HIGHLY CONFIDENTIAL – COMPUTER INSTRUCTION INFORMATION SUBJECT TO PROTECTIVE ORDER**" on each page.   Any and all hard copy or printed Highly Confidential Computer Instruction Information materials shall be stored in a locked safe or storage cabinet when it is not actually being used.

(vii)   To the extent requested by the producing party, the independent, third party secure depositories shall maintain a log of all individuals who have accessed the Highly Confidential Computer Instruction Information Computer.  The log shall be made available to the producing party after the close of this case or as otherwise deemed necessary by the Court.  The log shall include the name of each person who accessed the Highly Confidential Computer Instruction Information Computer as well as the date, and the time in and out. Such log and any information from it shall not be used for any purpose in this Action except in connection with proceedings before the Court regarding any alleged violations of this Protective Order.

(viii)  Nothing contained in this Order shall be deemed to prejudice a receiving party from (1) seeking production of executable versions of Highly Confidential Computer Instruction Information; or (2) seeking to make and thereafter use in connection with this case an electronic

copy of Highly Confidential Computer Instruction Information. Further, nothing contained in this Order shall be deemed to prejudice a receiving party from seeking (1) production of Highly Confidential Computer Instruction Information as it is maintained by the producing party under a version control system; (2) production of the entire repository of versioned files, as created and managed by the version control software; and (3) production of any scheme of tags or labels has been established by the producing party to identify particular versions of the information. Similarly, nothing contained in this Order shall be deemed to prejudice a producing party from objecting to any of the foregoing and having such objections ruled upon by the Court.

(d) A party may designate information disclosed at a deposition as Confidential Information or Confidential Attorney Eyes Only Information or Highly Confidential Computer Instruction Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript or a portion thereof is to be designated as Confidential Information or Confidential Attorneys Eyes Only Information or Highly Confidential Computer Instruction Information. If no such designation is made at the deposition or within such fourteen (14) calendar day period (during which period, the transcript shall be treated as Highly Confidential Computer Instruction Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorneys Eyes Only Information or Highly Confidential Computer Instruction Information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control,

and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

(e)     It is the responsibility of counsel for each party to maintain materials containing Confidential Information, Confidential Attorney Eyes Only Information and/or Highly Confidential Computer Instruction Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate Produced Materials   and Inadvertent Production of Privileged Materials.**

4.     The inadvertent failure to designate or withhold any information as Confidential Information, Confidential Attorneys Eyes Only Information, or Highly Confidential-Computer Instruction Information, or subject to the attorney-client privilege, the attorney work product doctrine, or other applicable immunity or exemption from discovery, will not be deemed to waive a later claim as to its appropriate confidential or privileged nature, or to stop the producing party from designating such information as confidential or privileged at a later date in writing and with particularity.   Newly designated confidential information must be treated by the receiving party according to the new designation from the time the receiving party is notified in writing of the change in the designation. A receiving party who has been notified that privileged information has been inadvertently produced shall destroy or return such inadvertently produced information, including all copies, within ten (10) days of receiving a written request from the producing party. The provisions of this paragraph shall be supplemented with the provisions of F.R.E. 502. In the case of a conflict between this paragraph and the provisions of F.R.E. 502, this paragraph shall control.

**Challenge to Designations and Inadvertent Production.**

5.     A receiving party may challenge a producing party's designation or claim of inadvertent production at any time.   Any receiving party disagreeing with a designation may request in writing that the producing party change the designation.   The producing party shall then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation.   If the parties are unable to reach agreement after the expiration of this ten (10) business day timeframe, and after the conference required under Local Rule 37.1, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information.   Until any dispute over designation is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

6.     Information designated as Confidential Information, Confidential Attorneys Eyes Only Information, or Highly Confidential-Computer Instruction Information may only be used by the receiving party for purposes of preparation, trial and appeal of this action.   Confidential Information, Confidential Attorneys Eyes Only Information, or Highly Confidential-Computer Instruction Information may not be used by the receiving party under any circumstances for prosecuting any patent application, for patent licensing or for any other purpose.

7.     Subject to paragraphs 10 and 11 below, Confidential Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) two (2) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure; (b) two (2) in-house counsel who are identified by the receiving party; (c) outside counsel of record for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks and

private photocopying services; (e) experts or consultants engaged by or on behalf of a party for purposes of this litigation, who are not employees of the receiving party; and (f) persons engaged by counsel to furnish document coding (including the creating of a Concordance-type database), image scanning, mock trial, jury profiling, translation services, court reporting services, graphics design or exhibit preparation.

8.     (a)     Subject to paragraphs 8(b), 10 and 11 below, Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) two (2) in-house counsel who are identified by the receiving party; (b) outside counsel of record for the receiving party; (c) supporting personnel employed by (a) and (b), such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (d) experts or consultants engaged by or on behalf of a party for purposes of this litigation, who are not employees of the receiving party; and (e) persons engaged by counsel to furnish document coding (including the creating of a Concordance-type database), image scanning, translation services, or court reporting services.

(b)     Notwithstanding paragraph 8(a), documents otherwise denomoninated Confidential Attorneys Eyes Only Information that consist of  hardware descriptions, circuit schematic diagrams and descriptions, functional logic flow diagrams, hard copy printouts of Highly Confidential-Computer Instruction Information and designer notes associated therewith, and other human-readable text files used in the generation, compilation, translation and/or building of computer executable instructions may only be shown to persons identified in paragraph 9 below.

9.     Subject to paragraphs 10 and 11 below, Highly Confidential–Computer Instruction Information may be disclosed by the receiving party only to the following

individuals, provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel of record for the receiving party; (b) supporting personnel employed by outside counsel of record, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (c) experts or consultants engaged by or on behalf of a party for purposes of this litigation, who are not employees of the receiving party and (d) persons engaged by counsel to furnish document coding (including the creating of a Concordance-type database), image scanning, translation services, or court reporting services.

10.    Further, prior to disclosing Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential-Computer Instruction Information to a receiving party's proposed expert, consultant (including consultants providing mock trial, jury profiling, graphics design and/or exhibit preparation services) or their employees, the receiving party shall provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's employers within the last five (5) years, business affiliations within the last five (5) years, and consulting relationships within the last five (5) years. The producing party shall thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual. Such objection must be made for good cause and in writing, stating with particularity the reasons for objection. Failure to object within ten (10) business days shall constitute approval. If the parties are unable to resolve any objection, the receiving party may apply to the Court to resolve the matter. There shall be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the Court has ruled upon any resultant motion.

11.    Counsel shall be responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

12.     Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential-Computer Instruction Information may be disclosed to a person, not already allowed access to such information under this Protective Order, if:

(a)     the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

(b)     the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c)     counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the judge and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential-Computer Instruction Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

13.     (a)     Unless otherwise agreed to in writing by a producing party (at its own discretion), any individual who sees, reviews, or substantively discusses the content of information of another party designated hereunder as Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential-Computer Instruction Information which discloses another party's technology shall refrain from preparing, prosecuting, supervising, or assisting in the preparation or prosecution of any patent application(s) relating to methods, products, and/or systems on behalf of any party or non-party regarding Viterbi decoding from the date of the entry of this Protective Order until one year after the conclusion of

this action (including appeals) or one year after the conclusion of the individual's involvement therewith, whichever comes first.

(b)     Unless otherwise agreed to in writing by a producing party, any independent expert or consultant in this action who sees, reviews, or substantively discusses the content of information of another party designated hereunder as Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential-Computer Instruction Information which discloses another party's technology shall neither (i) participate in the preparation or prosecution of any patent application on behalf of any party to this action (including predecessors, employees, parents subsidiaries, divisions, successors, or affiliates of the receiving party, or any entity having a controlling interest in the patents-in-suit, nor (ii) serve as an employee, officer, director or consultant on behalf of any party to this Action (including predecessors, employees, parents, subsidiaries, divisions, successors, or affiliates of the receiving party, or any entity having a controlling interest in the patents-in-suit) from the date of the entry of this Protective Order until one year after the conclusion of this action (including appeals) or one year after the conclusion of the expert or consultant's involvement therewith, whichever comes first.  The limitation set forth in section (ii) of this sub-paragraph is not intended to limit an independent expert retained by either party to this litigation from serving as an expert in any other litigation brought by or against a party to this action (including predecessors, employees, parents, subsidiaries, divisions, successors, or affiliates of the receiving party, or any entity having a controlling interest in the patents-in-suit).   The fact that a party's expert or consultant has applied for and/or obtained one or more patents in the technological field at issue in this litigation shall not by itself constitute grounds for objecting to his retention as an expert or consultant.

(c)     Nothing in this Protective Order shall prevent or preclude other attorneys or patent agents in the law firms representing the parties in this action or any in-house counsel or patent agents who have not been exposed to or otherwise seen, reviewed, substantively discussed

or accessed any information of another party designated hereunder as Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential-Computer Instruction Information which discloses another party's technology from participating in preparation and prosecution of any patent applications.

**Non-Party Information.**

14.   The existence of this Protective Order shall be disclosed to any person producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things or testimony as Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential-Computer Instruction Information pursuant to this Protective Order.

**Filing Documents With the Court.**

15.   To the extent any party wishes to file or submit Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential-Computer Instruction Information to the Court, that party first shall seek permission from the Court to file or submit said Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential-Computer Instruction Information under seal and shall file or submit it in that form unless the Court orders otherwise.

**Drafts of Expert Reports and Communications With Experts.**

16.   Drafts, notes, and/or outlines of expert reports required to be produced pursuant to F.R.Civ.P. 26(a)(2) need not be maintained and shall not be subject to production in this litigation. Communications between and among a party's counsel, its experts and consultants shall not be subject to production in this litigation except to the extent any such communication

is actually relied upon by the testifying expert in forming his or her opinion, final report, trial or deposition testimony, or any opinion in this litigation.  No discovery can be taken from any consulting expert who does not testify, except to the extent that the consulting expert has provided information, an opinion or opinions, or other materials to a testifying expert, who then relies upon such information, opinions, or other materials in forming his or her final report, trial or deposition testimony, or any other opinion in this litigation.

### Treatment of Documents at a Hearing or Trial.

17.     Nothing in this Protective Order shall affect in any way any party's right to offer information designated Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential-Computer Instruction Information into evidence during trial or at any hearing in this action nor shall it modify any party's right to object to the introduction of such information or to move for appropriate protection of this information.

### No Prejudice.

18.     Producing or receiving Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential-Computer Instruction Information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

### Conclusion of Litigation.

19.    Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall:   (a) destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information, and certify to the producing party such destruction or return.   However, outside counsel of record for any party shall be entitled to retain all court filings, trial transcripts, and exhibits admitted into evidence provided that any such materials are maintained and protected in accordance with the terms of this Protective Order; and (b) certify that: (i) all hard copy and printed copies of  Highly Confidential Computer Instruction Information have been destroyed by the receiving party, with the exception of Highly Confidential Computer Instruction Information in court filings, trial transcripts, and exhibits admitted into evidence; and (ii) any access logs maintained by counsel have been archived along with counsel's other records from this litigation.   Other than as set forth in this paragraph, counsel for the receiving party may not maintain any Highly Confidential Computer Instruction Information file material.

**Other Proceedings.**

20.    By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.   Any person or parties subject to this Protective Order that may be subject to a discovery request, subpoena or motion to disclose another party's information designated Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential-Computer Instruction Information pursuant to this Protective Order, shall promptly notify that party so that it may have an opportunity to object, appear and be heard on whether that information should be disclosed.

**Remedies.**

21.     It is Ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt.   All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

22.     Any party or non-party may petition the Court for good cause shown, in the event such party or non-party desires relief from a term or condition of this Order.

23.     After termination of this action, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential-Computer Instruction Information for enforcement of the provisions of this Protective Order following termination of this action.

IT IS SO ORDERED, this ___ day of _____, 2009.


_____
HONORABLE NORA BARRY FISCHER

STIPULATED TO BY:

 s/John E. Hall_____               s/Patrick J. McElhinny_____
John E. Hall                                 Patrick J. McElhinny
jhall@eckertseamans.com                      Pa. I.D. # 53510
Timothy P. Ryan                              patrick.mcelhinny@klgates.com
tryan@ eckertseamans.com                     K&L GATES LLP
ECKERT SEAMANS CHERIN &                      535 Smithfield Street
MELLOTT, LLC                                 Pittsburgh, PA 15222
U.S. Steel Tower                             Ph (412) 355-6500
600 Grant Street, 44th Floor                 Fax (412) 355-6501

Pittsburgh, PA 15219
Ph (412) 566-6000
Fax (412) 566-6099


Donald C. Templin (*Pro Hac Vice*)
don.templin@haynesboone.com
HAYNES AND BOONE, LLP
2323 Victory Avenue
Suite 700
Dallas, TX 75219
Ph (214) 651-5000
Fax (214) 651-5940

Steven M. Levitan (*Pro Hac Vice*)
steve.levitan@ haynesboone.com
Jason M. Gonder (*Pro Hac Vice*)
jason.gonder@ haynesboone.com
HAYNES AND BOONE, LLP
2033 Gateway Place, Suite 400
San Jose, CA 95110
Ph (408) 392-9250
Fax (408) 392-9262


*Counsel for Defendants, Marvell Technology
Group, Ltd. and Marvell Semiconductor, Inc.*

Douglas B. Greenswag (admitted *pro hac vice*)
douglas.greenswag@klgates.com
David T. McDonald (admitted *pro hac vice*)
david.mcdonald@klgates.com
K&L GATES LLP
925 Fourth Avenue
Suite 2900,
Seattle, WA 98104-1158
Phone: 206.623.7580
Fax: 206.623.7022

*Counsel for Plaintiff, Carnegie Mellon
University*

## Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY, )<br><br>Plaintiff, )<br><br>v. )<br><br>MARVELL TECHNOLOGY GROUP, LTD., )<br>And MARVELL SEMICONDUCTOR, INC., )<br><br>Defendants. )<br><br>)<br><br>AND RELATED COUNTERCLAIMS ) | Civil Action No. 2:09-cv-00290-NBF |

## CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT OR EMPLOYEES OF ANY PARTY

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," "Confidential Attorney Eyes Only Information," or "Highly Confidential-Computer Instruction Information" as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective

Order.

I agree not to use any Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential-Computer Instruction Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court.  I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential-Computer Instruction Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential-Computer Instruction Information are to be returned to counsel who provided me with such documents and materials.

Sign: _____

Name: _____

Date: _____

## Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY, )<br><br>Plaintiff, )<br>v. )<br><br>MARVELL TECHNOLOGY GROUP, LTD., )<br>And MARVELL SEMICONDUCTOR, INC., )<br><br>Defendants. )<br><br>_____ )<br><br>AND RELATED COUNTERCLAIMS )<br> ) | Civil Action No. 2:09-cv-00290-NBF |

## CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I hereby affirm that:

Information, including documents and things, designated as " Confidential Information," "Confidential Attorney Eyes Only Information," or "Highly Confidential-Computer Instruction Information" as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential-Computer Instruction Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court.


Sign: _____

Name: _____

Date: _____