IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-290 |
| ) | Judge Nora Barry Fischer |
| MARVELL TECHNOLOGY GROUP, LTD., ) | |
| and MARVELL SEMICONDUCTOR, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Presently before the Court is a discovery dispute concerning Plaintiff's requests made before the close of discovery for the production of responsive documents from certain of Defendants' employees. (Docket No. 158). Defendants have produced over 5.5 million pages of documents in response to Plaintiff's document requests. (Docket Nos. 158 at 2; 161 at 1). Nevertheless, Plaintiff seeks the production of additional responsive emails and related documents maintained by Defendants' Chief Executive Officer ("CEO") and Chief Technology Officer ("CTO"), respectively. (*Id.* at 6-9). In response, Defendants object to the search for and production of said documents. (Docket No. 161 at 7-11). They argue that the discovery sought from these executives is unreasonably cumulative and, as such, imposes an undue burden. (*Id.*). The issue has been fully briefed and the Court heard argument on August 27, 2010. (Docket Nos. 158, 161, 164, 165). Upon consideration of the parties' arguments,[1] and for the following reasons, the Court finds that Defendants have not satisfied their burden and overrules their objection.

To prevail, Defendants have the burden to show specifically how the request is burdensome. *See Rhoades v. YWCA*, Civ. No. 09-261, 2009 U.S. Dist. LEXIS 95486, at *27

---

[1] The transcript of the argument was received by this Court on September 17, 2010.

1

(W.D. Pa. Oct. 14, 2009) ("Once a discovery request has been received, the party asserting that the request is … unduly burdensome must show specifically how the request is burdensome….") (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)). "Highly-placed executives are not immune from discovery." *Burns v. Bank of Am.*, Civ. No. 03-1685, 2007 U.S. Dist. LEXIS 40037, at *9 (S.D.N.Y. June 4, 2007) (quoting *Consol. Rail Corp. v. Primary Indus. Corp.*, Civ. No. 92-4297, 1993 U.S. Dist. LEXIS 12600, at *2 (S.D.N.Y. Sept. 10, 1993)). Indeed, "[t]he fact that [an executive] has a busy schedule is [] not a basis for foreclosing otherwise proper discovery." *Consol. Rail Corp.*, 1993 U.S. Dist. LEXIS 12600, at *2. Moreover, where, as in this case, high ranking corporate officers deny personal knowledge of the issues at hand, these claims are subject to testing by the requesting party. *Id.* (citing *Amherst Leasing Corp. v. Emhart Corp.*, 65 F.R.D. 121, 122 (D. Conn. 1974)); *see also Ierardi v. Lorillard, Inc.*, Civ. No. 90-7049, 1991 U.S. Dist. LEXIS 11887, at *2 (E.D. Pa. Aug. 20, 1991) ("The general rule is that a claimed lack of knowledge does not provide sufficient grounds for a protective order.").

Within this axiom, the Court finds the decision in *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, Civ. No. 00-981, 2002 U.S. Dist. LEXIS 7792 (D. Del. Apr. 30, 2002), instructive. In *Tulip*, a similar patent infringement case, the plaintiff sought the production of email and electronic documents from senior executives regarding the defendant's decision to adopt the disputed patent in its products. *Id.* at *10. Having already produced responsive documents from over 300 of its employees, the defendant refused to produce the allegedly cumulative additional discovery unless the plaintiff "[could] demonstrate a direct connection to this matter." *Id.* The court specifically rejected this argument and ordered the defendant to search the emails of certain of its executives for responsive discovery. *Id.* at 19-21. In doing so,

the court highlighted the defendant's inability to represent that the ordered search had been conducted previously. *Id.* at *19.

Here, as in *Tulip*, Defendants do not contend that they have already searched the relevant email records for responsive information. (Docket No. 161 at 8). In fact, Defendants readily acknowledge that they have not conducted a separate and independent review of either the CEO's or CTO's emails. (*Id.*). Instead, Defendants contend that they have already produced sufficient responsive documents and that further production by way of the documents at issue is both cumulative and disruptive. (*Id.* at 8, 11). As noted, the court in Tulip, rejected an identical argument. *See Tulip Computers*, 2002 U.S. Dist. LEXIS 7792, at *10, 19. Significantly, that court found that this argument "misse[d] the mark." *Id.* at *19; *see also Atmel Corp. v. Authentic, Inc.*, Civ. No. 06-2138, 2008 U.S. Dist. LEXIS 10850, at *6 (N.D. Cal. Jan. 31, 2008) (finding failure to search CEO's email for responsive documents inconsistent with discovery obligations). This Court agrees with that determination.

Moreover, unlike the plaintiff in *Tulip*, *Tulip Computers*, 2002 U.S. Dist. LEXIS 7792, at *19-20 (finding it unclear that the defendant's CEO possessed responsive discovery and limiting the search of his email records accordingly), Plaintiff has illustrated that a search of the executives' emails could lead to relevant discovery in this case, (Docket No. 164).[2] For example, Defendants' CEO and CTO, respectively, attended weekly "E-staff meetings" during which the products and technology at issue were discussed. (Docket No. 164-1 at 24-25). In addition, with respect to Defendants' CEO, Plaintiff has proffered evidence that he professed being "very involved … in all … aspects of [research and development]," even compared to other CEOs in his field. (*Id.* at 83).

---

[2] In making this determination, the Court notes that "relevance is a broader inquiry at the discovery stage than at the trial stage." *Gateway Eng'rs, Inc. v. Edward T. Sitarik Contracting, Inc.*, 09-mc-209, 2009 U.S. Dist. LEXIS 94351, at *5 (W.D. Pa. Oct. 9, 2009); *see also* Fed. R. Civ. P. 26(b).

Therefore, having found that Plaintiff's discovery requests are appropriate, coupled with Defendants' inability to demonstrate specifically how the requests are unduly burdensome, IT IS HEREBY ORDERED that Defendants shall search the emails and related documents maintained by Defendants' CEO and CTO, respectively, and shall produce the responsive documents found by **November 5, 2010 at 5:00 p.m.**

                                        *s/Nora Barry Fischer*
                                        Nora Barry Fischer
                                        United States District Judge

Date:   October 27, 2010
          cc/ecf:  All counsel of record.