# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARVELL TECHNOLOGY GROUP, LTD., )<br>and MARVELL SEMICONDUCTOR, INC., )<br>)<br>Defendants. ) | Civil Action No. 09-290<br>Judge Nora Barry Fischer |

## **MEMORANDUM ORDER**

Presently before the Court is a discovery dispute concerning Plaintiff's request that Defendants designate and prepare a witness capable of testifying to Defendants' corporate structure and tax strategy. (Docket No. 158). Defendants have objected to this discovery on the basis of relevance. (Docket No. 161). They further argue that the requested information is likely to be subject to the attorney-client privilege and is duplicative.[1] (Docket No. 174). The issue has been fully briefed and the Court heard argument on August 27, 2010. (Docket Nos. 158; 161; 169; 174). The Court understands that, despite further discussion, the parties have been unable to reach an agreement on this issue and desire a ruling from the Court. Therefore, upon consideration of the parties' arguments,[2] and for the following reasons, the Court overrules Defendants' objections and finds that Defendants shall make available a Rule 30(b)(6) witness for deposition in regard to Defendants' corporate structure and tax strategy.

---

[1] Defendants also argue that the Court should deny Plaintiff's discovery request because the requested information is not related to a defense and the prejudicial effect of the information sought outweighs its probative value. (Docket No. 174 at 5). Because the Court finds Defendants' tax strategy is relevant to Plaintiff's claims, Defendants' "defense" argument is moot. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to *any party's claim* or defense.") (emphasis added). In addition, the Court refrains from making evidentiary rulings during the period of fact discovery and notes that discovery need not be confined to items of admissible evidence, *Lyons v. Beard*, Civ. No. 07-2278, 2010 U.S. Dist. LEXIS 20826, *3 (M.D. Pa. Mar. 8, 2010).

[2] The transcript of the argument was received by this Court on September 17, 2010.

1

In its Notice of Rule 30(b)(6) Deposition Regarding Sales, Marketing, and Financial Matters, Plaintiff requested, *inter alia*, that Defendants prepare a deponent to testify to "[t]he structure of [Defendants'] business as it relates to the sale, marketing, offering for sale or importation of the Accused Products, including all business and tax reasons for that structure." (Docket No. 161-6 at 7). Defendants designated Alan Armstrong, Ph.D. as their corporate deponent on this topic and his Rule 30(b)(6) examination occurred on June 23 and 24, 2010. (*See* Docket Nos. 158-1 at 4-24; 161 at 23; 161-7; 169-1 at 4-18). Subsequently, Plaintiff alleged that Defendants' designee was unprepared to testify on the topic relating to Defendants' corporate structure, and in particular the tax reasons for that structure. (Docket No. 158 at 18). In response, Defendants have objected to the discoverability of their tax strategy by contending that such testimony is not relevant to the issues in the present case. (Docket Nos. 161, 174). To prevail on this argument, Defendants have the burden to show specifically how the request is irrelevant. *See Rhoades v. YWCA*, Civ. No. 09-261, 2009 U.S. Dist. LEXIS 95486, at *27 (W.D. Pa. Oct. 14, 2009) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)).

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Because it is well recognized that the Federal Rules allow broad and liberal discovery, *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999), district courts, in interpreting Rule 26(b)(1), must be mindful that relevance is a broader inquiry at the discovery stage than at the trial stage, *Gateway Eng'rs, Inc. v. Edward T. Sitarik Contracting, Inc.*, Misc. No. 09-209, 2009 U.S. Dist. LEXIS 94351, at *5 (W.D. Pa. Oct. 9, 2009). Accordingly, only if "it is palpable that the evidence sought can have

no possible bearing upon the issues" should a court deny discovery.[3] *Gateway*, 2009 U.S. Dist. LEXIS 94351, at *9 (quoting *Hercules Powder Co. v. Rohm & Haas Co.*, 3 F.R.D. 302, 304 (D. Del. 1943)).

In this case, Plaintiff has alleged that Defendants violated the proscriptions of 35 U.S.C. § 271, *et seq.* (Docket No. 1). For certain of its claims, Plaintiff must establish that the allegedly infringing conduct occurred within the United States.[4] *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1375 (Fed Cir. 2005) ("It is well-established that the reach of section 271(a) is limited to infringing activities that occur within the United States."); *see also Rotec Indus. v. Mitsubishi Corp.*, 215 F.3d 1246, 1251 (Fed. Cir. 2000) ("[T]he right conferred by a patent under our law is confined to the United States and its territories, and infringement of this right cannot be predicated [on] acts wholly done in a foreign country."). To do this, Plaintiff intends to argue, *inter alia*, that "critical sale activities" within Defendants' corporate structure take place domestically. (Docket No. 169). In support, Plaintiff has cited to a series of cases, which it believes demonstrate that the situs of a sale for purposes of section 271 is determined by factors beyond where legal title passes from buyer to seller. (Docket No. 169 at 3). The cited cases indicate that courts have considered the following circumstances within their analysis: (1) the location of the contemplated future sale, *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1309 (Fed. Cir. 2010); (2) the location of delivery, *Id*. at 1310; (3) the location of performance, *Id*.; *accord*

---

[3] As recognized in *Gateway*, "[t]he broad scope of discovery is necessary given the very nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial. Those facts which, with the progression of discovery, are not to be considered in determining the ultimate issues may be eliminated in due course." 2009 U.S. Dist. LEXIS 94351, at *8 (citing *Cash Today of Texas, Inc. v. Greenberg*, Civ. No. 02-77, 2002 U.S. Dist. LEXIS 20694, at *4 (D. Del. Oct. 23, 2002)).

[4] Plaintiff also avers that some of its theories of liability do not depend upon evidence that Defendants sold or offered to sell allegedly infringing products within the United States. (*See* Docket No. 169 at 3 n. 1).

*Fellowes, Inc. v. Michilin Prosperity Co., Ltd.*, 491 F. Supp. 2d 571, 577 (E.D. Va. 2007); (4) the location of the buyer, *Litecubes, LLC v. N. Light Prods., Inc.*, 523 F.3d 1353, 1369 (Fed. Cir. 2008) (citing *N. Am. Phillips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576 (Fed. Cir. 1994)); (5) the location of the passage of legal title, *Litecubes*, 523 F.3d at 1369 (citing *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1377 (Fed. Cir. 2005)); (6) the location of contracting, *Fellowes*, 491 F. Supp. 2d at 577; (7) the location of the negotiation of the sales contract, *Id.* at 582 (citing *Wing Shing Prods., Ltd. v. Simatelex Manufactory Co., Ltd.*, 479 F. Supp. 2d 388, 406 (S.D.N.Y. 2007); and (8) the location of the execution of the sales contract, *Fellowes*, 491 F. Supp. 2d at 582; *Simatelex*, 479 F. Supp. 2d at 406. Within this framework, while withholding judgment as to whether information about Defendants' tax strategy is ultimately admissible at the trial stage,[5] the Court believes that the requested information may establish or lead to the discovery of pertinent situs factors. Therefore, Plaintiff's request falls within the broad scope of discovery. Thus, the Court overrules Defendants' relevance objection.

Defendants have also contested producing the requested information as it is likely to be subject to the attorney-client privilege and is duplicative of discovery which has been had. (Docket No. 174). "The party resisting discovery … bears the burden of demonstrating the applicability of … the attorney-client privilege … as a bar to discovery." *Kraus Indus., Inc. v. Moore*, Civ. No. 06-542, 2008 U.S. Dist. LEXIS 10065, at *9 (W.D. Pa. Feb. 11, 2008) (quoting

---

[5] Indeed, in two cases cited in the parties' briefs, other district courts have questioned, at a minimum, whether evidence relating to tax strategy is properly admitted in a patent infringement trial. *See O2 Micro Int'l, Ltd. v. Beyond Innovation Tech.*, Civ. No. 04-32, 2009 U.S. Dist. LEXIS 58860, at *6 (E.D. Tex. July 10, 2009) (granting plaintiff's motion in limine to preclude defendants from presenting evidence regarding its foreign incorporation to the extent defendants seek to offer evidence relating to taxation); *see also SEB S.A. v. Montgomery Ward & Co.*, Civ. No. 99-9284, 2007 U.S. Dist. LEXIS 80394, at *20-23 (S.D.N.Y. Oct. 9, 2007) (finding that to the extent that it was inappropriate for plaintiff's counsel to appeal to the passions of the jury by suggesting that a defendant did not do business in the United States to avoid paying taxes, said occurrence was insufficient to set aside the jury's verdict and grant a new trial).

*McCrink v. Peoples Benefit Life Ins. Co.*, Civ. No. 04-1068, 2004 U.S. Dist. LEXIS 23990, at *3 (E.D. Pa. Nov. 30, 2004)). Indeed, the Federal Rules require a party who withholds otherwise discoverable information on the grounds of privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed … in a manner that … will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). To this point, it does not appear this was done in this case.[6] (*See* Docket No. 174 at 5).

Moreover, although duplicative discovery may be limited to avoid undue burden or expense, *see* Fed. R. Civ. P. 26(b)(2), the asserting party again bears the burden of showing specifically how the request is burdensome, *Rhoades*, 2009 U.S. Dist. LEXIS 95486, at *27. This showing is met by looking at factors such as relevance, the need for the discovery, the breadth of the request, and the parties' resources. *See* Fed. R. Civ. P. 26(b)(2)(C); *see also In re Auto. Refinishing Paint Antitrust Litig.*, Civ. No. 1426, 2004 U.S. Dist. LEXIS 29160, at *17 (E.D. Pa. Oct. 29, 2004) (citing *Wyoming v. U.S. Dep't of Agric.*, 208 F.R.D. 449, 452-53 (D.D.C. 2002)). On this point, Defendants have made no effort to demonstrate how preparing a deponent to testify on the requested topics would impose an undue burden. (*See* Docket Nos. 161; 174). Consequently, this burden, too, remains unsatisfied.

Having determined the relevance of the discovery requested and considering the fact that Defendants have failed to demonstrate an undue burden, the Court now turns to the adequacy of Dr. Armstrong's testimony provided to date. Federal Rule of Civil Procedure 30(b)(6) requires that a noticed organization "designate one or more officers, directors, or managing agents, or

---

[6] In fact, the entirety of Defendants' privilege assertion consists of the conclusory declaration that "*most* of the information relevant to [Defendants'] tax strategy *is likely* to be subject to the attorney-client privilege and would be protected from discovery in any event." (Docket No. 174 at 5) (emphasis added). Beyond the fact that Defendants admit that some of the requested discovery is not protected, such an assertion of privilege is certainly inadequate.

If necessary, the Court will revisit the issue of attorney-client privilege with regard to the forthcoming discovery.

5

designate other persons who consent to testify on its behalf…. The persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). "The designated deponent has a duty of being knowledgeable on the subject matter identified in the area of inquiry," and "[a] corporation must prepare its selected deponent to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know." *Ideal Aerosmith, Inc. v. Acutronic USA, Inc.* Civ. No. 07-1029, 2008 U.S. Dist. LEXIS 85619, at *7 (W.D. Pa. Oct. 23, 2008) (quoting *Guy Chem. Co., Inc. v. Romaco N.V.*, Civ. No. 06-96, 2007 U.S. Dist. LEXIS 4287, at *31 (W.D. Pa. Jan. 22, 2007)). "The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Acutronic*, 2008 U.S. Dist. LEXIS 85619, at *7-8 (quoting *Romaco*, 2007 U.S. Dist. LEXIS 4287, at *32); *see also State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 206 (E.D. Pa. 2008) ("A Rule 30(b)(6) designee is not simply testifying about matters within his or her personal knowledge, but rather is speaking for the corporation about matters to which the corporation has reasonable access."). Ultimately, "[w]hen a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), producing an unprepared witness is tantamount to a failure to appear that is sanctionable under Rule 37(d)." *Acutronic*, 2008 U.S. Dist. LEXIS 85619, at *8 (citing *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000)).

Here, the relevant notice of deposition requested that Defendants' representative be able to explain the basis of Defendants' tax structure as it relates to the sale, marketing, and offering for sale or importation of the accused products. (Docket No. 161-6 at 7). While a review of the portions of Dr. Armstrong's deposition transcript provided to the Court indicates that the designated deponent testified as to his understanding why Defendants sell their products through

a foreign subsidiary, (*see* Docket Nos. 158-1 at 5-6; 161-7 at 2-3; 169-1 at 6-7), the same cannot be said of the deponent's ability to substantively answer questions relating to the impact, if any, Defendants' tax strategy may have also played in this decision, (*see* Docket Nos. 158-1 at 24). Significantly, as reflected in their own, albeit dated, filing with the Securities Exchange Commission, there is some indication that Defendants' corporate structure was influenced by their tax strategy.[7] (*See* Docket 169-1 at 20-22). The Court thus finds that Plaintiff should be able to question Defendants about the significance of this filing and its contents for the purpose of eliciting testimony regarding the relationship between Defendants' tax strategy and the sale of accused products.[8]

Having found that Plaintiff's discovery request is appropriate, coupled with Defendants' failure to produce a witness in accordance with the strictures of Rule 30(b)(6), IT IS HEREBY ORDERED that Defendants shall produce a witness to provide answers to Topic 1 of Plaintiff's Notice of Rule 30(b)(6) Deposition Regarding Sales, Marketing, and Financial Matters within thirty (30) days of this Memorandum Opinion.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: November 29, 2010
cc/ecf: All counsel of record.

---

[7] The document was filed with the Securities and Exchange Commission on June 23, 2000. (Docket No. 169-1 at 20).

[8] To the extent that the previously designated deponent is unable to answer this area of inquiry noticed by Plaintiff, Defendants should designate additional personnel who can adequately respond. *See Romaco*, 2007 U.S. Dist. LEXIS 4287, at *33.