# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 09-290 |
| ) | Judge Nora Barry Fischer |
| MARVELL TECHNOLOGY GROUP, LTD., ) | |
| and MARVELL SEMICONDUCTOR, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Presently before the Court is a motion to strike, (Docket No. 252), filed by Defendants relating to Plaintiff's "Response to Marvell Defendants' Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment," (Docket No. 233). Specifically, Defendants argue that paragraphs 102-125 of Plaintiff's response are immaterial to the resolution of Defendants' pending "Motion for Partial Summary Judgment of Invalidity of U.S. Patent Nos. 6,201,839 and 6,438,180," (*see* Docket No. 218), and, therefore, violate this Court's Local Rules. (Docket No. 252). In response, Plaintiff opposes Defendants' motion, arguing primarily that the disputed evidence is relevant to the underlying summary judgment motion and asserting that Defendants have not demonstrated prejudice resulting from the filings at issue. (Docket No. 258). The motion has been briefed and is ripe for disposition. (Docket Nos. 252, 258). Upon consideration of the parties' submissions, and for the following reasons, Defendants' Motion [252] is DENIED.

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Motions to strike are disfavored and usually will be denied unless the allegations

1

have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" *United States v. Rocky Mt. Holdings, Inc.*, Civ. No. 08-3381, 2011 U.S. Dist. LEXIS 25276, at *18 (E.D. Pa. Mar. 10, 2011) (quoting *Kim v. Baik*, Civ. No. 06-3604, 2007 U.S. Dist. LEXIS 13553, at *18 (D.N.J. Feb. 27, 2007)). A district court possesses considerable discretion in disposing of a motion to strike under Rule 12(f). *See Tauro v. Baer*, Civ. No. 08-1545, 2009 U.S. Dist. LEXIS 67640, at *3 (W.D. Pa. Aug. 4, 2009) ("A decision to grant or deny a motion to strike a pleading is vested in the trial judge's sound discretion.").

In this case, Defendants have moved for partial summary judgment on the basis that claims 1, 2, 3, 4, and 5 of U.S. Patent No. 6,201,839 and claims 1 and 2 of U.S. Patent No. 6,438,180 are invalid as anticipated by U.S. Patent No. 6,282,251 ("the Worstell patent") pursuant to 35 U.S.C. § 102(e).[1] (*See, e.g.*, Docket Nos. 218, 219). Defendants now claim that paragraphs 102-125 of Plaintiff's response contain additional facts "directed to [Plaintiff's] claims of infringement and willful infringement, and do not address any fact that is necessary for this Court to resolve whether the Worstell patent anticipates [Plaintiff's patents]." (Docket No. 252 at ¶ 4). Plaintiff counters that said facts are material to the pending summary judgment motion because they speak to whether persons skilled in the art perceived differences between Plaintiff's patents and the Worstell patent and also assist the Court in its credibility evaluation. (Docket No. 258 at 4-5).

To support their argument, Defendants cite to Local Civil Rule 56(C)(1). (Docket No. 252 at 2-3). Local Civil Rule 56(C)(1)(c) states, in pertinent part:

---

[1] For this reason, the Court entered a briefing schedule on January 5, 2011. (Docket No. 225). Under the present schedule, the partial summary judgment motion will not be fully briefed until March 25, 2011. (*See Id.*).

> **C. Opposition Requirements.** Within 30 days of service of the motion for summary judgment, the opposing party shall file:
>
>> **1. A Responsive Concise Statement.** A separately filed concise statement, which responds to each numbered paragraph in the moving party's Concise Statement of Material Facts by:
>>
>> * * *
>>
>> **c.** setting forth in separately numbered paragraphs any other material facts that are allegedly at issue, and/or that the opposing party asserts are necessary for the Court to determine the motion for summary judgment.

W.D. Pa. L. Cv. R. 56(C)(1)(c). On this point, Defendants have not provided any illustrative or instructive case citations, which are related to the quoted local rule. (*See* Docket No. 252). Nevertheless, through prior analysis and general awareness, the Court is familiar with the framework. *See*, *e.g.*, *Emigh v. Miller*, Civ. No. 08-1726, 2010 U.S. Dist. LEXIS 74414, at *1-5 (W.D. Pa. July 23, 2010).

Though this Court is mindful that patent infringement and patent invalidity are legally distinct, *compare*, *e.g.*, *TechSearch, LLC v. Intel Corp.*, 286 F.3d 1360, 1371 (Fed. Cir. 2002), *with Net Money IN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1369 (Fed. Cir. 2008), it is not persuaded at this time that factual issues relating to alleged infringement are so discrete from those regarding the alleged invalidity of a patent that certain facts cannot be deemed material to both theories. Indeed, factual issues which may appear more appropriately tailored to one theory may also have some bearing to the other. *See*, *e.g.*, *Air Vent, Inc. v. Vent Right Corp.*, 730 F. Supp. 2d 423, 432 (W.D. Pa. 2010) (stating in the context of anticipation that "there must be no difference between the claimed invention and the referenced disclosure, as viewed by a person of ordinary skill in the field of the invention"). Moreover, as Defendants have not alleged how they are prejudiced by Plaintiff's filings, they have likewise failed to establish prejudice. (*See* Docket No. 252); *see also Staro Asset Mgmt., LLC v. Soose*, Civ. No. 02-886, 2005 U.S. Dist. LEXIS

32320, at *9-10 (W.D. Pa. Aug. 17, 2005) ("[T]he burden is on the movant to show that the disputed allegations … may cause prejudice to one of the parties."). In fact, on prior occasion, and in multiple documents, the Court notes that Defendants seem to have partially responded to the evidence they purport is immaterial. (*See* Docket Nos. 249 at 17-8, 250 at 3-21). Ultimately, upon consideration of the nature of this case and the Court's impression of the parties' litigation strategies, the Court does not regard the burden of responding to 24 additional statements of fact to be so burdensome that said statements should be stricken. Thus, the Court finds nothing in this case that would support the "drastic remedy" of striking materials from the record. *See Steffy v. Liberty Life Assurance Co.*, Civ. No. 09-538, 2010 U.S. Dist. LEXIS 37448, at *2 (W.D. Pa. Apr. 15, 2010).

In view of the prior analysis, Plaintiff's reliance on Local Rule 56(C)(1)(c) is misplaced in this instance. Here, Plaintiff's response generally complies with the provisions of Local Civil Rule 56(C) in the manner that it sets forth, in separately numbered paragraphs with appropriate references to the record, additional allegedly material facts that are believed to be necessary for the Court to determine Defendants' motion for partial summary judgment. *See* W.D. Pa. L. Cv. R. 56(C). While Defendants may disagree with Plaintiff's legal arguments or its characterization of the facts, the Local Civil Rules provide the proper vehicle for Defendants to challenge Plaintiff's submission.[2] *See* W.D. Pa. L. Cv. R. 56(d). Previously, Defendants filed a response, which substantively addressed many of Plaintiff's additional statements of fact. (*See* Docket No. 250). However, relying on the instant motion, Defendants did not fully respond to paragraphs 102-125. (*See* Docket Nos. 250, 252). The Court believes that such a response is necessary, lest the uncontroverted facts in those paragraphs be deemed admitted pursuant to Local Civil Rule

---

[2] Specifically, Local Civil Rule 56(D) states, in pertinent part, that "the moving party may reply to the opposing party's submission in the same manner as set forth in LCvR 56.C." W.D. Pa. L. Cv. R. 56(d).

56(E).³ *See* W.D. Pa. L. Cv. R. 56(E); *see also Miller*, 2010 U.S. Dist. LEXIS 74414, at *11 ("In the past, courts in this district have strictly applied Local Rule 56 and deemed uncontroverted facts to be admitted."); *see also Cuevas v. United States*, Civ. No. 09-43J, 2010 U.S. Dist. LEXIS 42115, at *5 (W.D. Apr. 29, 2010). When this is done and briefing has concluded, the Court will resolve the parties' disputes through its review of the evidence and arguments set forth in the parties' briefings, separating the "wheat from the chaff" by discounting unsupported hypotheses and determining the facts which are, in fact, material for the purposes of resolving Defendants' partial summary judgment motion.⁴

Therefore, for the reasons stated, IT IS HEREBY ORDERED that Defendants' Motion to Strike [252] is DENIED.

IT IS FURTHER ORDERED that Defendants may, in accordance with Local Civil Rule 56(D), respond to the allegations of paragraphs 102-125 of Plaintiff's "Response to Marvell Defendants' Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment," (Docket No. 233), by **March 24, 2011 at 5:00 p.m.** As part of its calculation, the Court weighed Defendants' request that they be provided 10 days from today's Order to file their supplemental response. (Docket No. 252 at 4). However, in settling on the chosen date, the

---

³ Local Civil Rule 56(E) provides that:

Alleged material facts set forth in the moving party's Concise Statement of Material Facts or in the opposing party's Responsive Concise Statement, which are claimed to be undisputed, will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party.

W.D. Pa. L. Cv. R. 56(E).

⁴ At this point in time, the Court has already read and digested the hundreds of pages produced by both parties in connection with the pending motion for partial summary judgment. In light of this fact and considering that it is difficult to "unring the bell" once something is read, the Court finds additional support that the appropriate decision in this circumstance is not to grant Defendants' motion to strike, but is instead to permit Defendants the opportunity to substantively refute the contested allegations.

Court expresses a desire that this case continue on the existing briefing and argument schedule. (*See* Docket Nos. 225, 235).

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated:	March 18, 2011

cc/ecf:	All counsel of record.