**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CARNEGIE MELLON UNIVERSITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 09-290 |
| | ) | Judge Nora Barry Fischer |
| MARVELL TECHNOLOGY GROUP, LTD., | ) | |
| and MARVELL SEMICONDUCTOR, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PRETRIAL ORDER

**AND NOW**, this 20th day of October, 2011, upon consideration of the parties'

submissions and arguments (*see* Docket Nos. [308], [309], [311]-[314]), and given the scope and

history of this case, the parties, and their representation (both local and national), the Court

**HEREBY ORDERS** as follows:

### A.  Discovery

1.    **Fact Discovery:** Pursuant to the Court's February 9, 2011 Order (Docket No.

[240]), and subject to the parties' obligations under Rule 26(e) of the Federal Rules of Civil

Procedure, which shall be strictly enforced, fact discovery in this matter is closed, with the

exception of customer discovery previously propounded by Plaintiff on Defendants' customers

and any associated motions to compel.  Said customer fact discovery shall be concluded on or

before **December 30, 2011**. There shall be no further extensions.

2.    **Expert Discovery:** Expert discovery shall commence and proceed as follows:

    **a.**    Opening expert reports on issues to which each party bears the burden of

    proof shall be exchanged **by January 17, 2012.**

    **b.**    Rebuttal expert reports on issues as to which the opposing party bears the burden of proof shall by exchanged by **February 17, 2012.**

    **c.**    Expert depositions shall be completed by **April 2, 2012.**

### B.  Summary Judgment and *Daubert* Motions

1.    **Supplemental motion for partial summary judgment:** Defendants have requested (*see* Docket Nos. [308], [315]) and are permitted to file a supplemental motion for summary judgment based on the Court's memorandum opinion (Docket No. [306]).  The parties shall adhere to the following schedule:

    **a.**    Any supplemental motion for partial summary judgment shall be filed by **5:00 p.m. November 2, 2011.**

    **b.**    Responses thereto shall be filed by **5:00 p.m. November 16, 2011.**

    **c.**    Any reply shall be filed by **5:00 p.m. November 23, 2011.**

    **d.**    Any sur-reply shall be filed by **5:00 p.m. December 1, 2011.**

    e.    Argument shall be heard on **December 6, 2011, at 9:30 a.m.** in Courtroom 5B, 5th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania.

2.    **Motions for summary judgment:** Post-expert discovery motions for summary judgment as to liability shall comply with Local Rule 56.  Parties shall adhere to the following schedule:

    **a.**    All remaining motions for summary judgment shall be filed no later than **5:00 p.m. April 6, 2012.**

    **b.**    All responses thereto shall be filed no later than **5:00 p.m. May 7, 2012.**

    **c.**    All replies shall be filed no later than **5:00 p.m. May 21, 2012.**

    **d.**  All sur-replies shall be filed no later than **5:00 p.m. June 4, 2012.**

    e.  Argument shall be heard on **June 12, 2012 at 9:30 a.m.** in Courtroom 5B, 5th

Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania.

    3.    ***Daubert*** **Motions:** Any motion to challenge the competency of any expert shall

be filed and briefed on the same schedule for any motion for summary judgment, save that no

replies or sur-replies shall be filed without a showing of good cause and leave of the Court.

Argument on any such motions shall be heard on **June 19 and 20, 2012 at 9:30 a.m.** in

Courtroom 5B, 5th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania.

## C.  Mediation

On or before **October 31, 2011**, the parties shall contact Judge Infante to schedule a

mediation session on a date after the exchange of expert reports but before the filing of summary

judgment motions under Paragraph B.2.

## D.  Supplementation of Financial Information and New Accused Products

No later than thirty (30) days prior to the next scheduled mediation, and again thirty (30)

days prior to trial, Defendants shall (i) identify all additional read channel products (e.g., SOCs

or standalone read channel products tested or introduced after January 1, 2010) containing a

detector, (ii) provide a specification for each additional read channel product and/or other

documentation sufficient to explain the operation of the read channel product, including the

detector thereof, and (iii) provide current worldwide sales information for all accused products

and all additional read channel products in a manner consistent with prior productions.  The

parties shall also meet and confer regarding updating the Stipulation filed November 19, 2010.

(Docket No. [194]).

## E.  Pretrial Orders:

1.      **Jury Selection & Trial**.  Jury selection and trial are set for **November 26, 2012 at 9:30 a.m.** in Courtroom 5B, 5th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania.  If the trial is limited to only one of the two Groups of asserted claims (Docket No. [306] at 5), the parties each shall have 20 hours for presentation of their respective cases (in chief and rebuttal*),* including all witness examinations and admission of evidence.  The 20 hours shall include opening statements and closing arguments.  If both the Group I and II claims are tried, the parties each shall have 40 hours for presentation of their respective cases (in chief and rebuttal), including all witness examinations and admission of evidence. The 40 hours shall include opening statements and closing arguments.

2.      **Pretrial Statements Including Exchange of Witness Lists and Exhibits:** Plaintiff's Pretrial Statement shall comply with Local Rule 16.1.C.1 and be filed on or before **September 10, 2012**.  Defendants' Pretrial Statement shall comply with Local Rule 16.1.C.2 and be filed on or before **September 17, 2012**.  As set forth in Local Rules 16.1.C.1 and 2, the statements shall include a brief narrative statement of the material facts that will be offered at trial; a statement of damages claimed; the identification of witnesses, exhibits and deposition designations and other items listed therein.  Any objections to the Pretrial Statements, including to exhibits and deposition designations, shall be filed on or before **September 24, 2012**. Responses to same shall be filed on or before **October 9, 2012**, and, if unresolved, will be heard at the Final Pretrial Conference.  The parties shall not amend or supplement their pretrial narrative statements without leave of Court.

3.      **Pretrial Conference(s)**.  A final pretrial conference including a hearing on disputed exhibits shall be held on **November 14, 15 and 16, 2012 at 9:00 a.m.** in Courtroom 5B, 5th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania.  Lead trial

counsel and the representatives of the parties with settlement authority shall attend.  A preliminary pretrial conference with the Court's law clerk shall be held on **November 8, 2012 at 9:00 a.m.**  Lead trial counsel shall attend in person.

      4.    **Exchange of Witness Lists and Exhibits**.

a.    Plaintiff shall file and serve its <u>final</u> list of <u>trial</u> witnesses, listing separately the witnesses it will call and the witnesses it may call if needed (other than purely for impeachment).  For each witness listed Plaintiff shall provide an offer of proof explaining the substance of the witness' testimony.  The offers of proof shall be no more than one (1) double-spaced page with twelve (12) point font.  Plaintiff's <u>final</u> witness list and offers of proof shall be due by **October 8, 2012 at 5:00 p.m.**

b.    Defendants shall file and serve their list of <u>final</u> trial witnesses, listing separately the witnesses it will call and the witnesses it may call if needed (other than purely for impeachment).  For each witness listed Defendant shall provide an offer of proof explaining the substance of the witness' testimony.  The offers of proof shall be no more than one (1) double-spaced page with twelve (12) point font.  Defendant's witness list and offers of proof shall be due by **October 15, 2012 at 5:00 p.m.**

c.    All exhibits must be exchanged and marked in advance of trial.  Further, parties must meet and confer in regard to exhibits on or before September 17, 2012, in an effort to resolve disputes.  As to undisputed exhibits, copies are to be provided for the Court by **November 21, 2012 at 5:00 p.m.**, unless otherwise ordered by the Court.  To this end, counsel shall be prepared to compile and agree to a single exhibit binder ("Joint Exhibit Binder") containing the most significant exhibits

that will be submitted to the jury at the close of trial.  Counsel shall plan to submit twelve (12) copies of the Joint Exhibit Binder (eight (8) for the jury and four (4) for the Court).  Each Joint Exhibit Binder shall contain twenty (20) lined sheets of lined notebook paper provided for the jury to take notes.  Any objections to exhibits shall be filed on or before **September 24, 2012**. Responses to same shall be filed on or before **October 9, 2012**, and, if unresolved, will be heard at the Final Pretrial Conference.  In such case, copies of all disputed exhibits are to be provided for the Court on disk and in binders properly labeled ("Plaintiff's Exhibits" and "Defendants' Exhibits") and must be submitted to the Court by **November 1, 2012 at 5:00 p.m.**, along with any pertinent portions of the record upon which they rely; the Plaintiff's exhibits to which Defendants object shall be marked numerically, i.e., "P-1, P-2, P-3, etc.;" the Defendants' exhibits to which Plaintiff objects shall be marked alphabetically, i.e., "A, B, C, etc."  Additionally, a chart shall be provided to the Court, in hard copy and email form, identifying each exhibit by number or letter and name, providing a brief description of the nature of the objection (if any), and a space for the Court's ruling on the objection(s).  After the Court makes rulings on the exhibits, it shall be the responsibility of counsel for the parties to add the exhibits which have been admitted over a party's objection to the Joint Exhibit Binder and/or disk.  Any exhibits to which the Court reserves ruling until the time of trial will not be included in the Joint Exhibit Binder.    Closer to the time for exhibit marking and exchange, the Court encourages a status conference with counsel to review procedures for same.  Upon request, such status conference will be scheduled.

d.      Voluminous data shall be presented by summary exhibits pursuant to Fed.R.Evid. 1006, and voluminous exhibits shall be redacted to eliminate irrelevant material (which shall remain available for examination by opposing counsel).  Where copies of documents are offered, the originals shall be available for examination, unless waived by stipulation.

5.      **Designation of Discovery Excerpts to be Offered at Trial**.   The parties shall submit designation of excerpts from depositions, interrogatory answers, and responses to requests for admission to be offered at trial (other than for impeachment) by **September 24, 2012 at 5:00 p.m.** Counter designations are due by **October 9, 2012 at 5:00 p.m.**

6.      **Motions**.   The parties shall file all motions in limine, including motions under Fed.R.Evid. 104(a) and motions to limit or sever issues, together with supporting briefs or memoranda of law, by **September 24, 2012 at 5:00 p.m.**   Responses shall be filed by **October 9, 2012 at 5:00 p.m.**   All briefs supporting or opposing such motions are limited to 5 pages. Argument shall be held on **October 17 and 18, 2012 at 9:30 a.m.** in Courtroom 5B, 5th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania.

7.      **Proposed Jury Instructions & Verdict Slips**.   Counsel shall meet in an attempt to agree on a joint set of proposed substantive jury instructions regarding plaintiff(s)' claims and their elements, any defenses and their elements, and any evidentiary or other matters particular or unique to this case; the parties need not submit "boilerplate" or standard civil jury instructions. After said meeting, and on or before **November 7, 2012 at 5:00 p.m.**, counsel shall file a unified (meaning one) combined set of proposed instructions, along with computer disk/CD containing the instructions in WordPerfect format.   The filed set of instructions shall include both the agreed upon instructions and the proposed instructions to which the parties have not agreed.   Each

agreed upon instruction shall include the following notation at the bottom: "This proposed instruction is agreed upon by the parties."  Each instruction to which the parties have not agreed shall indicate at the bottom the name of the party proffering the instruction.  Proposed instructions by different parties shall by grouped together.

A charging conference will be held, at which time a ruling will be made on each point for charge and a copy of the Court's proposed charge will be supplied to counsel.  Counsel are required to state objections to the proposed charge at the charging conference and to supply the alternate language, together with case authority.

<u>The Court will not accept separate proposed jury instructions from the parties.</u>

8.      **Proposed Voir Dire**.  Counsel are permitted to supplement the standard questions provided that the proposed supplemental voir dire questions are submitted to the Court in writing by **November 7, 2012 at 5:00 p.m.**

9.      **Joint Stipulations**.  The parties shall file joint stipulations by **November 7, 2012 at 5:00 p.m.**  All possible stipulations shall be made as to:

a.      Facts (both liability and damages);

b.      Issues to be decided;

c.      The authenticity and admissibility of exhibits;

d.      Expert qualifications and reports;

e.      Deposition testimony to be read into the record; and

f.      A brief statement of the claims and defenses to be read to the jury to introduce the trial.

Counsel shall meet at a mutually convenient time and place to produce the joint stipulation in time for filing as ordered above.

10.    Apart from any mediation efforts with Judge Infante, prior to trial, Counsel must meet to discuss settlement by **November 7, 2012 at 5:00 p.m.**  The Court may impose costs of jury selection in the event the case settles at or shortly after jury selection.

11.    **Courtesy Copies**.  Courtesy copies of all items required to be filed and served pursuant to this Order shall be delivered to chambers concurrently with filing.

### F.  Trial Procedure

1.    **Hours**.  Court is in trial session, **unless otherwise ordered by the Court**, Monday through Thursday, 9:00 a.m. to 5:00 p.m. with breaks where appropriate.  **All counsel are expected to be in their seats and ready to commence at the appointed times.**

2.    **Exhibits**.  Because counsel will have previously marked and exchanged all exhibits and provided a copy to the Court, it will not be necessary during the trial to show exhibits to opposing counsel prior to using them.

3.    **Approaching the Witness**.  It will not be necessary for counsel to request permission to approach a witness.

4.    **Opening Statement and Closing Argument**.  The Court suggests thirty (30) minutes is permitted to each side for opening and closing statements, depending on the complexity of the case.  Counsel may use exhibits or charts in opening statement provided that the same have been provided to opposing counsel beforehand and either agreement was reached or the Court has ruled upon the matter.

5.    **Side Bar Conferences**.  The Court believes that counsel should be considerate of the jurors' time.  Consequently, side bar conferences are highly disfavored because they waste the jury's time and unduly extend the length of the trial.  Counsel will meet with the Court at

8:30 a.m. each day (or earlier if necessary to ensure that trial commences on time) each day to raise points of evidence or other issues that would otherwise necessitate a side bar conference. The Court will also be available at the end of the court day to resolve such matters. Failure to raise issues at that time will generally result in a disposition of the in-court objection in the presence of the jury. If necessary, counsel and the Court may amplify their objections and rulings on the record after the jury has been excused for a break, for lunch or for the day.

In addition, it is expected that counsel will anticipate evidentiary issues requiring lengthy argument and will take up such matters out of the presence of the jury. The Court will be available at **8:30 a.m.** each morning to address such issues. It is the responsibility of counsel to notify other counsel of the need for a conference at 8:30 a.m. and all other counsel will be expected to be there at the appointed time for argument. **THE COURT WILL NOT DELAY THE PROCEEDINGS TO RESPOND TO LAST MINUTE REQUESTS FOR CONFERENCES TO DISCUSS MATTERS WHICH, IN THE EXERCISE OF REASONABLE DILIGENCE, COULD HAVE BEEN HEARD AT THE MORNING CONFERENCE.**

6.      **Witness List.** Prior to the commencement of the trial, counsel shall provide opposing counsel with a complete witness list, and shall provide opposing counsel throughout the trial with the actual list of the next day's witness by 5:00 p.m. in the order they are expected to be called. The same procedure will be employed by both sides at the end of each trial day. Counsel should be sure that they have adequate witnesses to fill the time allotted each day.

7.      **Note Taking**. The jury shall be permitted to take notes.

8.      **Jury Questions**. All written questions submitted by the jury are supplied to counsel. Counsel and the Court will meet to discuss and hopefully agree on a reply. The jury is

then summoned to the Courtroom in most cases and the verbal reply is given to them.  A written reply is provided where appropriate.

9.     **Jury Instructions**.  A copy of the jury instructions shall be provided to the jury for use during its deliberations.

10.     **Jury Access to Exhibits**.  Unless otherwise advised by counsel or ruled by the Court, it will be assumed that all admitted exhibits will be sent out with the jury.


 s/Nora Barry Fischer
Nora Barry Fischer
United States District Judge


cc/ecf:  All counsel of record.