IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MARVELL TECHNOLOGY GROUP, LTD. )<br>et al., )<br>)<br>Defendants. ) | Civil Action No. 09-290<br>Judge Nora Barry Fischer |

**<u>MEMORANDUM ORDER</u>**

This patent infringement action is set to commence jury selection and trial on November 26, 2012. The parties have filed a number of motions in limine seeking pretrial rulings on the admissibility of certain evidence at trial. Presently pending before the Court is Plaintiff Carnegie Mellon University's ("CMU") "Motion *in Limine* No. 1 To Exclude Evidence and Argument Regarding Marvell's Patent and Alleged 'Complexity' of Patents-in-suit'" (Docket No. 494). CMU argues that such evidence is irrelevant to the issue of infringement and would confuse and mislead the jury (Docket No. 495). Defendant Marvell Technology Group ("Marvell") opposes this Motion, arguing such information is relevant to the issue of willful infringement, the calculation of damages, and numerous defenses. (Docket No. 555). The Court heard argument on the Motion during its hearing on October 17 and 18, 2012. (Docket Nos. 579, 590, 591). For the following reasons, CMU's motion [494] is DENIED.

This is a patent infringement action in which CMU alleges that Marvell has infringed two of its patents, U.S. Patent Nos. 6,201,839 (the "'839 Patent") and 6,438,180 (the "'180 Patent") (collectively, the "CMU Patents"). The patents-in-suit are generally directed to sequence detection in high density magnetic recording devices, and more specifically, to high density

magnetic recording sequence detectors.  *See* '839 Patent 1:20-23.  Both patents claim priority to a May 9, 1997 provisional application.  *See* '839 Patent; '180 Patent.  The '180 Patent is a continuation-in-part of the '839 Patent.  *See* '180 Patent.

In this Motion, Carnegie Mellon seeks to exclude evidence regarding Marvell's patents Nos. 6,931,585 (the "'585 patent") and 7,155,660 (the "'660 patent"), and Marvell's patent portfolio generally. (Docket No. 495 at 1).  The '585 Patent, titled "Detection in the Presence of Media Noise", was filed on July 29, 2002, granted on August 16, 2005, was invented by Gregory Burd and Zining Wu and is assigned to Marvell International. (*Id.* at Ex. 5).  The '660 Patent, also titled "Detection in the Presence of Media Noise", was filed on October 31, 2003, granted on December 26, 2006, was invented by Gregory Burd and is assigned to Marvell International. (*Id.* at Ex. 6).  Additionally Carnegie Mellon seeks to exclude evidence and argument that Marvell does not infringe CMU's patented technology because such technology is too "complex." (Docket No. 494).  CMU argues that the evidence of the '585 and '660 patents, the size and scope of Marvell's patent portfolio, and the complexity of the patents-in-suit, are irrelevant to the issue of infringement or any other issues under Fed. R. Evid. 401, 402, and 403 and would cause jury confusion and unfair prejudice. (*Id.*)

Marvell argues that such patents, the patent portfolio, and the complexity of the patents-in suit are relevant to the issues of copying/willfulness, the non-infringement defense, the lack of written description and enablement defense, and calculation of alleged damages by a reasonable royalty analysis.  (Docket No. 555).  Marvell contends that any confusion or prejudice can be avoided by a jury instruction, offering an example from the Patent Case Management Judicial Guide, Second Edition (2012).  (*Id*. at 5).

Pursuant to Federal Rule of Evidence 401, district courts are instructed to generally admit all evidence having "any tendency" to make the existence of a material fact "more probable or less probable than it would be without the evidence." FED. R. EVID. 401;[1] *United States v. Friedman*, 658 F.3d 342, 355 (3d Cir. 2011); *Moyer v. United Dominion Industries, Inc.*, 473 F.3d 532 (3d Cir. 2007) (quoting *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004) ("The definition of relevant evidence is very broad and does not raise a high standard."). Further, a district court may reject the evidence only if the probative value of the evidence is substantially outweighed by its tendency to prejudice a party or cause delay at trial. FED. R. EVID. 403;[2] *Toledo Mack Sales & Service, Inc. v. Mack Trucks, Inc.,* 386 F.App'x. 214, 218 (3d Cir. 2010) ("A district court is accorded wide discretion in determining the admissibility of evidence under the Federal Rules.").

The Court agrees with Marvell that evidence regarding the '585 and '660 patents, the size and scope of Marvell's patent portfolio, and the complexity of the patents-in-suit, are relevant to several issues and defenses. The Court finds that such evidence has the tendency to make the existence of no acts of copying/willfulness, non-infringement, a lack of written description and enablement, and miscalculation of alleged damages, "more probable than it would be without such evidence". FED. R. EVID. 401.

Further, the Court finds that any danger of unfair prejudice or confusion to the jury can be avoided by giving a limiting instruction to the jury.

---

[1] "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FED. R. EVID. 401.

[2] "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403.

Therefore, CMU's motion (Docket No. 494) is DENIED, and Counsel for the parties are HEREBY ORDERED to provide a joint limiting instruction on or before **November 9, 2012 at 5:00 p.m.**

*s/ Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

cc/ecf: All counsel of record.