IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MARVELL TECHNOLOGY GROUP, LTD. )<br>et al., )<br>)<br>Defendants. ) | Civil Action No. 09-290<br>Judge Nora Barry Fischer |

## MEMORANDUM ORDER

This patent infringement action is set to commence jury selection and trial on November 26, 2012. The parties have filed a number of motions in limine seeking pretrial rulings on the admissibility of certain evidence at trial. Presently pending before the Court is Defendant Marvell Technology Group's ("Marvell") "Motion *in Limine* No. D3 Re: Precluding CMU from Introducing Evidence of Willfulness" (Docket No. 485). Marvell argues that because CMU cannot meet its burden on the objective recklessness prong of willful infringement under *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.,* 682 F.3d 1003, 1006-08 (Fed. Circ. 2012) the Court should not put the issue of willfulness to the jury. (Docket No. 486). Plaintiff Carnegie Mellon University ("CMU") opposes this Motion, arguing they can meet the objective prong of willfulness with their proof of Marvell's pre- and post-litigation activity. (Docket No. 562). The Court heard argument on the Motion during its hearing on October 17 and 18, 2012. (Docket Nos. 579, 590, 591). For the following reasons, Marvell's motion [485] is DENIED without prejudice, with the Court to reserve its ruling on the issue of willfulness until the parties have had an opportunity to present their evidence at trial.

1

This is a patent infringement action in which CMU alleges that Marvell has infringed two of its patents, U.S. Patent Nos. 6,201,839 (the "'839 Patent") and 6,438,180 (the "'180 Patent") (collectively, the "CMU Patents"). The patents-in-suit are generally directed to sequence detection in high density magnetic recording devices, and more specifically, to high density magnetic recording sequence detectors. *See* '839 Patent 1:20-23. Both patents claim priority to a May 9, 1997 provisional application. *See* '839 Patent; '180 Patent. The '180 Patent is a continuation-in-part of the '839 Patent. *See* '180 Patent. CMU intends to prove that Marvell's infringement was willful. (Docket No. 461)

In this Motion, Marvell seeks to preclude CMU from introducing evidence of willful infringement to the jury. (Docket No. 486 at 1). Under *Bard*, they argue CMU must prove that "all of a defendant's defenses are objectively baseless, such that no reasonable litigant could realistically expect to succeed on them" before consideration of the defendant's subjective intent. (*Id.*)(quoting *Bard* 682 F.3d at 1007). Marvell argues it is impossible for CMU to prove this, given that the objective prong is a matter of law to be decided by the Court, and the Court has already ruled that summary judgment on invalidity was a "close call". (*Id.* at 4). Marvell argues that since the Court has already recognized implicitly the reasonableness of the Defendant's defense, there is no need to wait until after a jury trial for the Court to rule on willfulness. (*Id.* at 5).

CMU argues first that Marvell's Motion *in Limine* is an improper, untimely Motion for Summary Judgment. (Docket No. 562). Second, they argue that the objective determination of willfulness should be based on Marvell's pre-litigation conduct, of which they will offer sufficient evidence at trial. (*Id.* at 2-3). Third, CMU argues even if Marvell's post litigation

defenses are considered, these defenses do not as a matter of law foreclose on CMU's willfulness argument, and should be decided at trial. (*Id.* at 3-5).

To establish willful infringement, a patentee must first "'show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Bard* 682 F.3d at 1005 (quoting *In re Seagate Technology LLC*, 497 F.3d 1360, 1368-71 (Fed. Cir. 2007)(*en banc*). Then once the "threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk ... was either known or so obvious that it should have been known to the accused infringer." *Id.*

"In considering the objective prong of *Seagate,* the judge may, when the defense is a question of fact or a mixed question of law and fact, allow the jury to determine the underlying facts relevant to the defense in the first instance, for example, the questions of anticipation or obviousness." *Bard,* 682 F.3d at 1008. *Bard* contemplates a decision on the objective prong *after* the jury has deliberated on other aspects of willfulness. *Cook Inc. v. Endologix, Inc*., 1:09-CV-01248-TWP, 2012 WL 3779198 (S.D. Ind. Aug. 30, 2012). Instances of mixed questions of law and fact can be handled by submitting "special interrogatories to the jury on the disputes of fact, while reserving for [the Court] the ultimate question of law". *Koninklijke Philips Electronics N.V. v. Cinram Int'l, Inc.,* CIV.A. 08-0515, 2012 WL 4074419 at *5 (S.D.N.Y. Aug. 23, 2012).

The Court finds that there are "mixed questions of law and fact" in regards to Marvell's defenses, insofar as the jury should be presented the evidence to "determine the underlying facts relevant to the defense[s]" before this Court rules on the objectiveness prong of willful infringement. Marvell presses forward with this Motion, despite the fact that Marvell declined

the Court's invitation to bifurcate this case.[1]  Therefore, the Court finds the procedure adopted in *Sargent Manufacturing Co. v. Cal-Royal Products, Inc.* persuasive, wherein the Court would present any questions of fact related to objective recklessness of willful infringement to the jury in the form of interrogatories and after the jury has answered the interrogatories, the Court would then resolve the legal question of objective recklessness.  3:08-CV-408 VLB, 2012 WL 3101691 at *2 (D. Conn. July 27, 2012).  After the Court's decision, if appropriate, the jury could consider the subjective recklessness prong of willfulness infringement.  (*Id.*)  Finally, the Court notes that its summary judgment rulings do not automatically prove that an objectively reasonable defense has been raised. *Monsanto Co. v. E.I. DuPont De Nemours & Co.,* 4:09CV00686 ERW, 2012 WL 2979080 (E.D. Mo. July 20, 2012).

Therefore, Marvell's motion (Docket No. 485) is DENIED without prejudice, with the Court to reserve its ruling on the issue of willfulness until the parties have had an opportunity to present their evidence at trial.  Counsel for the parties are HEREBY ORDERED to provide joint interrogatories and jury instructions to this end on or before **November 9, 2012 at 5:00 p.m.**

*s/ Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date:  November 2, 2012

cc/ecf:  All counsel of record.

---

[1] The Court granted the parties leave to file a motion and briefs regarding bifurcation of issues for trial. (Docket No. 579, 591 at 198-199). Said Motion & Briefs in Support/Opposition were due by October 26, 2012 and Response Briefs due by November 2, 2012. (Docket No. 579).  On October 25, 2012 the Court was advised by counsel for Defendant that they had decided not to request bifurcation. The Court therefore ordered the deadlines for said motions and briefings terminated as moot. (Text Order on October 25, 2012).