IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MARVELL TECHNOLOGY GROUP, LTD. )<br>et al., )<br>)<br>Defendants. ) | Civil Action No. 09-290<br>Judge Nora Barry Fischer |

## MEMORANDUM ORDER

This patent infringement action is set to commence jury selection and trial on November 26, 2012. The parties have filed a number of motions in limine seeking pretrial rulings on the admissibility of certain evidence at trial. Presently pending before the Court is Defendants Marvell's "Motion *in Limine* No. D10 To Preclude CMU from Introducing Evidence and Argument Regarding Excess Profits, Premiums, and Operating Profit Premiums," (Docket No. 517). Marvell argues that the reference to so called "premiums" and "excess profits" are irrelevant metrics and would unfairly prejudice Marvell and create confusion for the jury. (Docket No. 518). Plaintiff Carnegie Mellon University ("CMU") opposes this motion, arguing that such figures form the foundation of Ms. Lawton's apportionment analysis, which the Court has already found admissible. (Docket No. 568). The Court heard argument on the motion during its hearing on October 17 and 18, 2012. (Docket Nos. 579, 590, 591). For the following reasons, Marvell's motion [517] is DENIED.

Here throughout this case, CMU alleges that Marvell has infringed two of its patents, U.S. Patent Nos. 6,201,839 (the "'839 Patent") and 6,438,180 (the "'180 Patent") (collectively,

1

the "CMU Patents").[1] The patents-in-suit are generally directed to sequence detection in high density magnetic recording devices, and more specifically, to high density magnetic recording sequence detectors. *See* '839 Patent 1:20-23. Both patents claim priority to a May 9, 1997 provisional application. *See* '839 Patent; '180 Patent. The '180 Patent is a continuation-in-part of the '839 Patent. *See* '180 Patent.

Although much of the scope of Marvell's alleged is still disputed, it is clear that Marvell used the accused technology throughout its so-called "sales cycle."[2] The sales cycle involves testing of both computer programs and manufactured chips, and CMU accuses Marvell of infringement during this design and testing stage. If a sales cycle is successful, it culminates with a "design win," whereby Marvell makes mass sales of chips that allegedly perform the patented methods.

CMU seeks a reasonable royalty for Marvell's alleged infringement throughout this process. To that end, CMU proffers Catharine Lawton as its damages expert, who has produced an extensive report. (*See* Docket No. 367-2).[3] The underlying theme of Ms. Lawton's report is that Marvell considered CMU's technology "must have." (*See id.* at 14). After finding no established royalty, Ms. Lawton engaged in an extremely detailed *Georgia-Pacific* analysis in order to reach her opinion on a reasonable royalty for the case. (*See* Docket No. 449 at 4-6). (Docket No. 367-2 at 368-540). All told, she concludes that a running royalty of $0.50 per unit should be applied to Marvell's sales of the Accused Chips at issue. (*Id.*).

---

[1] As the parties are well aware of the factual and procedural background of this case, the Court will limit its discussion to the background necessary for the resolution of the current motion. For further detail regarding same, *see* Docket Nos. 306, 337, and 441.

[2] The Court only briefly summarizes the alleged sales cycle here. For a more detailed description, *see* Docket No. 441.

[3] The parties are well aware of Ms. Lawton's qualifications and background; for further detail regarding same, *see* Docket Nos. 367-2 and 451.

Marvell filed a Daubert motion to exclude the opinions of expert Ms. Lawton. (Docket No. 367, 368). After consideration of opposition briefs (Docket No. 395), and oral arguments presented at the hearing on July 10 and 11, 2012 (Docket No. 433), the Court granted, in part, and denied, in part, Marvell's motion. (Docket No. 451). That challenge was based on four theories: (1) Ms. Lawton's purported use of the entire market value rule; (2) her apportionment analysis; (3) reliance on an irrelevant PowerPoint slide; and (4) a "kitchen sink" of alleged indicia of unreliability. (*Id.*)

In regards to Ms. Lawton's use of price premiums for her analysis, the Court ruled that both parties had "pointed to evidence that contradicts or supports her opinions" and it will "leave to counsel the task of cross examination and to the jury the task of determining which set of facts is correct." (*Id*. at 8). This Court ruled that it would not exclude "any of Ms. Lawton's testimony on the basis of her apportionment analysis". (*Id.*).

In its present Motion, Marvell now seeks to preclude CMU from introducing evidence of excess profits, premiums, and operating profit premiums to the jury. (Docket No. 518). In its brief and at oral argument, Defendants' counsel argued primarily that Ms. Lawton did not properly compare the value of the at issue technology to the next best alternative and therefore the evidence that she would present at trial is flawed and prejudicial. (Docket No. 591 at 98-124).[4] In its motion in limine brief and at oral argument, Defendants rely heavily on *Apple, Inc. v. Motorola, Inc.,* decided by Judge Posner sitting by designation in the Northern District of Illinois. 1:11-CV-08540, 2012 WL 1959560 (N.D. Ill. May 22, 2012), (Docket Nos. 518, 591). In effect, Marvell now asks the Court to reexamine its Summary Judgment decision given Judge

---

[4] In its Brief, Marvell additionally argued that profits, premiums, and operating profit premiums, should be excluded under *LaserDynamics, Inc. v Quanta Computer, Inc.,* 694 F.3d 51 (Fed. Cir. 2012), (Docket No. 518 at 4-5). Since counsel for defendant did not argue this point at the hearing and since the Court ruled on the admissibility of Ms. Lawton's use of such evidence in light of *LaserDynamics* (Docket No. 604), the Court will not address this argument again in this order.

Posner's reasoning in *Apple*.   The *Apple* court rejected an expert damages analysis that failed to consider, and offered no evidence regarding, any alternatives beyond licensing the patent.  *Apple,* 2012 WL 1959560 at *7.  *Apple* was decided on May 22, 2012, well in advance of the July 10-11, 2012 Motion's hearing, yet defense counsel, never referenced this case during that hearing.[5]  (Docket No. 438-440).  Nor did counsel seek reconsideration in a timely fashion.[6]

The Court having reviewed the *Apple* case finds that it does not change this Court's ruling in regards to Ms. Lawton's apportionment analysis. (Docket No. 451).  Here, CMU contends that Ms. Lawton does appropriately consider alternatives with supporting evidence and as this Court has already found, both parties have "pointed to evidence that contradicts or supports her opinions". (Docket  Nos. 451, 568, 591).  In fact, the Court agrees with Judge Posner that such disputes regarding the "weaknesses in the testimony… are properly resolved at the trial itself on the basis of evidence and cross-examination." *Apple,* 2012 WL 1959560 at *1.  As the *Apple* court notes, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  *Id*. (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*  509 U.S. 579, 596 (1993)).    To that end, as we have previously ruled, this Court will not exclude "any of Ms. Lawton's testimony on the basis of her apportionment analysis."  (Docket No. 451 at 8).

---

[5] Counsel has a duty of candor to the Court pursuant to Rule 3.3 of the Pennsylvania Rules of Professional Conduct. PA. RULES OF PROF'L CONDUCT R. 3.3 (2012). This duty of candor requires counsel to "recognize the existence of pertinent legal authorities," which includes advising the Court of changes in law.  *See id.* at cmt. 4. To that end, counsel should have made the Court promptly aware of the decision in *Apple* at the summary judgment/Daubert motions hearings on July 10-11, 2012.  In fact, Defense counsel firm Quinn Emmanuel Urquhart & Sullivan LLP, including Mr. Edward Defranco and Dr. David Radulescu, represented Motorola Inc., in that proceeding; even more reason for there to have been candor to the Court regarding this case and its alleged import at the July hearing.  *Apple,* 2012 WL 1959560.

[6] Pursuant to the Court's Practices and Procedures "[a]ny Motions for reconsideration shall be filed within seven (7) days".  *See Practices and Procedures of Judge Nora Barry Fischer, Effective March 23, 2010, available at*: http://www.pawd.uscourts.gov/Documents/Judge/fischer_pp.pdf.  Marvell never filed for reconsideration on this decision.

A patentee "must in every case give evidence tending to separate or apportion the defendant's profits and the patentee's damages between the patented feature and unpatented features, and such evidence must be reliable and tangible, not conjectural or speculative" *Apple,* 2012 WL 1959560 at *6 (quoting *Uniloc USA, Inc. v. Microsoft Corp.,* 632 F.3d 1292, 1318 (Fed. Cir. 2011).  During argument, Plaintiff's counsel proffered that Ms. Lawton will base her apportionment and reasonable royalty estimate on her analysis of hypothetical non-infringing alternatives, such as the 7500 chip versus the 7500M (Docket No. 591 at 109 ln 12-17) and several possible alternatives, such as using pre-existing products, moving the work oversees, sublicensing from DSSC members, or using IBM as its foundry, among others.  (*Id.* at 591 at 109-116).   Plaintiff maintains that she has analyzed each of these alternatives and its plausibility in formulating her opinions.  (*Id.* at 109-110).   Once CMU enters this evidence at trial, Marvell will have the opportunity to "vigorously cross examine" Ms. Lawton and respond with any evidence to the contrary.  *Apple,* 2012 WL 1959560 at *1.

Marvell's motion (Docket No. 517) is therefore DENIED.

*s/ Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date: November 6, 2012

cc/ecf:  All counsel of record.