IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY,<br><br>Plaintiff,<br><br>vs.<br><br>MARVELL TECHNOLOGY GROUP, LTD.<br>et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 09-290<br>)  Judge Nora Barry Fischer<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

This patent infringement action is set to commence jury selection and trial on November 26, 2012. The parties have filed a number of motions in limine seeking pretrial rulings on the admissibility of certain evidence at trial. Presently pending before the Court is Defendants Marvell's Motions *in Limine* "No. D5 re: Arguments and Evidence Relating to Copying of CMU Patents or Technology or that Marvell does not Respect Intellectual Property," (Docket No. 489) and "No. D6 re: Evidence that References "Kavcic" in a Context Not Specifically Referring to the Asserted CMU Patents," (Docket No. 508). Marvell argues that any evidence regarding CMU's alleged "copying" story or references to "Kavcic" beyond the CMU patents are irrelevant and would unfairly prejudice Marvell and create confusion for the jury. (Docket Nos. 490, 509). Plaintiff Carnegie Mellon University ("CMU") opposes this motion, arguing that evidence of "copying" and the "Kavcic" references are relevant to several issues including inducement, willfulness, obviousness, and enhanced damages. (Docket Nos. 563, 564). The Court heard argument on their motions during its hearing on October 17 and 18, 2012. (Docket

1

Nos. 579, 590, 591). For the following reasons, Marvell's motions [489] and [508] are DENIED.

This is a patent infringement action in which CMU alleges that Marvell has infringed two of its patents, U.S. Patent Nos. 6,201,839 (the "'839 Patent") and 6,438,180 (the "'180 Patent") (collectively, the "CMU Patents").[1] The patents-in-suit are generally directed to sequence detection in high density magnetic recording devices, and more specifically, to high density magnetic recording sequence detectors. *See* '839 Patent 1:20-23. Both patents claim priority to a May 9, 1997 provisional application. *See* '839 Patent; '180 Patent. The '180 Patent is a continuation-in-part of the '839 Patent. *See* '180 Patent. CMU intends to prove that Marvell's infringement was willful. (Docket No. 461). CMU will also argue Marvell is liable for infringement under 35 U.S.C. § 271(b) because it induces infringement of the claimed methods in the U.S. (*Id.*)

Previously, in Marvell's "Motion *in Limine* No. D3 Re: Precluding CMU from Introducing Evidence of Willfulness", it argued all evidence of willfulness should not be presented to the jury unless the Court rules that CMU had met an objective showing of willful infringement. (Docket No. 485, 486). The Court denied this motion, reserving its ruling on the issue of objective willfulness until after the parties have had an opportunity to present their evidence at trial. (Docket No. 601).

Relative to Motions *in Limine* D5 and D6, Marvell argues that any evidence of "copying" or references to "Kavcic" beyond the CMU patents are irrelevant to infringement and the issue of non-obviousness because such evidence is not tied to any specific claims of the CMU Patents. (Docket Nos. 490, 509). Additionally, Marvell claims that the "copying" story is irrelevant, as a

---

[1] As the parties are well aware of the factual and procedural background of this case, the Court will limit its discussion to the background necessary for the resolution of the current motion. For further detail regarding same, see Docket Nos. 306, 337, and 441.

matter of law, since the issue of willfulness should not be presented to the jury as argued in its Motion *in Limine* D3. (Docket No. 490). Marvell also argues that such evidence and references would unfairly prejudice Marvell and create confusion for the jury, given the technical nature of many documents. [2] (*Id*.)

CMU responds that evidence to be presented at trial of "copying" and the references to "Kavcic" are tied to many of their arguments on infringement, inducement, non-obviousness and especially willfulness. (Docket Nos. 563, 564). Given that the evidence of "copying" and references to "Kavcic" are from internal Marvell documents, CMU contends that such evidence demonstrates what Marvell knew or should have known about the likelihood of infringement. (Docket Nos. 563, 591). CMU claims that any confusion of the jury regarding evidence related to "copying" and the references to Kavcic, in relationship to CMU's infringement argument will be minimal, once the jury is given a proper instruction from the Court on the legal standard for determining literal infringement. (Docket No. 563 at 5).

Pursuant to Federal Rule of Evidence 401, district courts are instructed to generally admit all evidence having "any tendency" to make the existence of a material fact "more probable or less probable than it would be without the evidence." FED. R. EVID. 401;[3] *United States v. Friedman*, 658 F.3d 342, 355 (3d Cir. 2011); *Moyer v. United Dominion Industries, Inc*., 473 F.3d 532 (3d Cir. 2007) (quoting *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004) ("The definition of relevant evidence is very broad and that Rule 401 does not

---

[2] Given that Marvell offered no argument, either in its brief or at argument, regarding "assertions that Marvell does not respect intellectual property," the Court finds no reason to discuss that claim in this memorandum order.

[3] "Relevant evidence" means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.

raise a high standard."). Further, a district court may reject the evidence only if the probative value of the evidence is substantially outweighed by its tendency to prejudice a party or cause delay at trial. FED. R. EVID. 403;[4] *Toledo Mack Sales & Service, Inc. v. Mack Trucks, Inc.,* 386 F.App'x. 214, 218 (3d Cir. 2010) ("A district court is accorded wide discretion in determining the admissibility of evidence under the Federal Rules.").

At oral argument CMU's proffered that its expert Dr. McLaughlin provides sufficient expert testimony to establish at trial that Marvell copied Drs. Kavcic and Moura's paper and patents. (Docket No. 591). CMU states that Dr. McLaughlin maps the Group One claims onto Marvell's MNP chips to support his opinion. (*Id.* at 144). Additionally, Dr. McLaughlin opines that he saw no evidence that Marvell developed its own MNP detector or simulator, but that the development "flowed directly from access to the IEEE paper." (*Id.* at 144-145). CMU also offered the admissions of Gregory Burd, the Marvell engineer who designed the accused chips, wherein he states that he used Drs. Kavcic and Moura's paper, and the corresponding patents, to implement a Kavcic model into the simulator, and that no actions were taken to avoid infringing on this IP. (Docket No. 591 at 144, 563 at 1, 563 Ex. 1).

CMU contends that these expert opinions and admissions are part of the copying evidence it will offer at trial to prove there was induced infringement of CMU's patents by Marvell. (*Id.*) The Supreme Court has previously found such "copying" evidence admissible in determining the subjective beliefs of Defendants in regards to willful blindness. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2071 (2011) (finding Defendant's copying of an overseas product, that they knew would not bear a US patent marking and not informing their

---

[4] "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

attorney of such copying, relevant evidence to whether: the Defendant subjectively believed there was a high probability that the product was patented, "[Defendant] took deliberate steps to avoid knowing that fact, and that it therefore willfully blinded itself to the infringing nature" of its Customer's sales.)

Next, CMU argues it will offer the opinions of Professor McLaughlin and the admissions of Burd, as evidence in support of the subjective prong of the willfulness standard. (Docket No. 563 at 3). Under *Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, evidence of copying, while not relevant to the claims of literal infringement, is relevant to the subjective prong of the *Seagate* willfulness standard, "as it may show what the accused infringer knew or should have known about the likelihood of its infringement." 567 F.3d 1314, 1336 (Fed. Cir. 2009) (*see In re Seagate Technology, LLC* 497 F.3d 1360 (Fed. Cir. 2007)). In fact, Marvell agreed at oral argument that evidence of copying of the Group One claims (which they contend does not exist) is relevant to the subjective prong of willfulness. (Docket No. 590 at 156).

The Court's ruling on Marvell's Motion D3 allows the parties to present evidence of alleged willful infringement to the jury. (Docket No. 601). The Court agrees with CMU that evidence regarding the "copying" story and references to "Kavcic" beyond the specific patents-in-suit are relevant to the issue of willfulness since such evidence has the tendency to make the existence of willfulness "more probable than it would be without such evidence". FED. R. EVID. 401.

Because Marvell does not challenge Dr. McLaughlin's expert testimony[5], beyond a blanket request for exclusion of evidence of copying, its challenges to the adequacy of the

---

[5] Any motion to challenge the competency of an expert was due on April 20, 2012. (Docket No. 335). No such motion was filed in this case in relation to Dr. McLaughlin.

copying evidence will be an issue for trial where "vigorous cross-examination, presentation of contrary evidence, and careful instruction as to burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Simon v. Weissmann*, 301 F. App'x 107, 116 (3d Cir. 2008) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993)).  Further a "party confronted with an adverse expert witness who has sufficient, though perhaps not overwhelming, facts and assumptions as the basis for his opinion can highlight those weaknesses through effective cross-examination."  (*Id.* at 116)(citing *Stecyk v. Bell Helicopter Textron, Inc.,* 295 F.3d 408, 414 (3d Cir. 2002)).    The Court will not evaluate here whether Dr. McLaughlin's opinions are persuasive, since generally a motion in limine is to decide the admissibility of evidence, not argue the weight of evidence.  *See Emcore Corp. v. Optium Corp.*, No. 07-236, 2009 WL 3381809 at *1 (W.D. Pa. Oct. 16, 2009) ("[p]urpose of such motion is to avoid injection into trial of matters which are irrelevant, inadmissible, and prejudicial....")(quoting BLACK'S LAW DICTIONARY 1013 (6th ed.1990)).

Marvell's request to exclude the "Kavcic" documents because in its opinion they are likely to be prejudicial especially given the technical nature of many of the documents is also rejected.[6]  All of the documents that refer to "Kavcic" have not been segregated and presented to the Court.  (Docket No. 591 at 166).  The Court does not find the inclusion of the word "Kavcic" on documents to be such an unfair prejudice to the defendants, as to outweigh the probative value of relevant documents.  (*see generally Whittaker v. Fayette County,* 65 F. App'x 387, 392 (3d Cir. 2003) ("The fact that relevant evidence is damaging to Defendants' case does not lead to

---

[6] To the extent Marvell argues certain documents should be excluded because the doctrine of equivalents is not asserted by CMU, the Court already addressed this issue in its ruling on Marvell's "Motion in Limine No. 2 Re: Precluding CMU From Introducing Evidence or Argument Regarding the Doctrine of Equivalents". (Docket No. 602).  In that order, the parties were ordered to provide a joint limiting instruction regarding the doctrine of equivalents.  (*Id.*)

the conclusion that it is unfairly prejudicial"). So, to the extent that the Court rules that any "Kavcic" documents are relevant, (whether in any ruling on Motions in Limine or at the upcoming pretrial conference), the fact that the document contains the word "Kavcic", in and of itself, shall not require blanket exclusion.

Further, the Court finds that any danger of unfair prejudice or confusion to the jury can be avoided by giving limiting instructions to the jury regarding the use of such evidence against any other claims and defenses being advanced.[7]

Therefore, Marvell's motions (Docket No. 489 and 508) are DENIED, and counsel for the parties are once again HEREBY ORDERED to provide a joint limiting instruction in accord with this Court's opinion on or before **November 9, 2012 at 5:00 p.m.**

*s/ Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date: November 7, 2012

cc/ecf:  All counsel of record.

---

[7] The Court similarly requested the parties to provide joint jury instructions regarding infringement to avoid prejudice or confusion in its ruling on CMU's "Motion *in Limine* No. 1 To Exclude Evidence and Argument Regarding Marvell's Patent and Alleged 'Complexity' of Patents-in-suit" (Docket 596). The parties have already been ordered to provide joint interrogatories and jury instructions regarding the issue of willfulness in the Court's ruling on "Motion in Limine No. D3 Re: Precluding CMU from Introducing Evidence of Willfulness".