**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CARNEGIE MELLON UNIVERSITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 09-290 |
| MARVELL TECHNOLOGY GROUP, | ) | Judge Nora Barry Fischer |
| LTD. and MARVELL | ) | |
| SEMICONDUCTOR, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This patent infringement action is set to commence jury selection and trial on November 26, 2012.  The parties have filed a number of motions in limine seeking pretrial rulings on the admissibility of certain evidence at trial.  Presently pending before the Court is Plaintiff Carnegie Mellon (CMU)'s Motion *in Limine* No. 3 to Preclude Certain Expert Opinion Testimony. (Docket No. 498).   CMU moves to preclude all expert evidence at trial that is inconsistent with the Court's claim construction rulings; was not disclosed in pre-trial expert reports; or is from a witness who did not submit an expert report.  (Docket No. 499). Defendant Marvell claims CMU has mischaracterized Marvell's expert opinions and proffered testimony. The Court heard argument on the motion during its hearing on October 17 and 18, 2012.  (Docket Nos. 579, 590, 591).  For the following reasons, CMU's motion [498] is DENIED.

Here throughout this case, CMU alleges that Marvell has infringed two of its patents, U.S. Patent Nos. 6,201,839 (the "'839 Patent") and 6,438,180 (the "'180 Patent") (collectively, the "CMU Patents").[1]   The patents-in-suit are generally directed to sequence detection in high

---

[1] As the parties are well aware of the factual and procedural background of this case, the Court will limit its discussion to the background necessary for the resolution of the current motion.  For further detail regarding same, *see* Docket Nos. 306, 337, and 441.

density magnetic recording devices, and more specifically, to high density magnetic recording sequence detectors.  *See* '839 Patent 1:20-23.  Both patents claim priority to a May 9, 1997 provisional application.  *See* '839 Patent; '180 Patent.  The '180 Patent is a continuation-in-part of the '839 Patent.  *See* '180 Patent.

In its instant Motion, Plaintiff asserts that the opinions of Dr. Proakis and Dr. Blahut are inconsistent with the claims construction rulings of this Court. (Docket No. 488 at 2). To that end, CMU argues that such testimony is irrelevant and likely to confuse the jury. (Docket No. 498 at 2-3). The Court disagrees. Pursuant to Federal Rule of Evidence 401, district courts are instructed to generally admit all evidence having "any tendency" to make the existence of a material fact "more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *see United States v. Friedman*, 658 F.3d 342, 355 (3d Cir. 2011). A district court may reject the evidence only if the probative value of the evidence is substantially outweighed by its tendency to prejudice a party or cause delay at trial. Fed. R. Evid. 403; *Toledo Mack Sales & Service, Inc. v. Mack Trucks, Inc.*, 386 F. App'x 214, 218 (3d Cir. 2010) ("A district court is accorded wide discretion in determining the admissibility of evidence under the Federal Rules."). Here, the opinions of Dr. Proakis and Dr. Blahut are proffered by Marvell with respect to the application of the Court's claim construction to the patents at issue. Although claims construction is a question for the Court, not the jury, to decide, *Markman v. Westview Instruments*, 415 U.S. 370, 391 (1996), the application of claims language to the determination of infringement is a question of fact for the jury, *see U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997). Thus, these opinions are likely to "aid the jury in resolving a factual dispute." *See Lauria v. Amtrak*, 145 F.3d 593, 599 (3d Cir. 1998).

Further, it is entirely within the limits of the Federal Rules for the experts to apply the Court's claim constructions. The Court of Appeals has stated that "[a]s long as an expert's scientific testimony rests upon 'good grounds, based on what is known,' it should be tested by the adversary process…" *United States v. Mitchell*, 365 F.3d 215, 244 (3d Cir. 2004) (quoting *Ruiz-Troche v. Pepsi Cola Bottling Co*., 161 F.3d 77, 85 (1st Cir. 1998)) (citations omitted). Moreover, the Rules of Evidence favor deciding objections on an issue-by-issue basis at trial, rather than issuing a blanket order precluding admissible evidence. Since this Motion does not pertain to a question of the experts'[2] qualifications, the dispute is one of the weight to be given to such evidence.  The purpose of a motion *in limine* is to decide the admissibility of evidence, not to argue the weight of the evidence. *See Emcore Corp. v. Optium Corp*., No. 07-236, 2009 WL 3381809, at *1 (W.D. Pa. Oct. 16, 2009) ("[p]urpose of such motion is to avoid injection into trial of matters which are irrelevant, inadmissible, and prejudicial…") (quoting Black's Law Dictionary 1013 (6th Ed. 1990)). Accordingly, the merits of CMU's arguments may be raised in the form of appropriate objections at trial.

As for its second and third arguments, CMU contends that Marvell should be precluded from offering opinion testimony that was not disclosed in expert reports or depositions and that is from individuals who did not provide an expert report. (Docket No. 499 at 3, 4).  However, the Court finds that Plaintiff's arguments are insufficient to sustain such a blanket order.  Generally, "[c]aselaw establishes that a [supplemental expert report] or declaration should be stricken if it contains new opinions or information which is contradictory to that set forth in the [initial] expert report." *Pritchard v. Dow Agro Sciences*, 263 F.R.D. 277, 284 (2009) (citing *Stein v. Foamex Intern., Inc*., No. Civ. A. 00-2356, 2001 WL 936566 (E.D. Pa. 2001)). However, "it

---

[2] Any motion to challenge the competency of an expert was due on April 20, 2012.  (Docket No. 335). No such motion was filed in this case in relation to Dr. Blahut or Dr. Proakis.

need not be stricken if it contains merely an elaboration of and [is] consistent with an opinion/issue previously addressed in the expert report." *Pritchard*, 263 F.R.D. at 285 (quoting *Emcore Corp. v. Optium Corp.*, 2008 WL 3271553, at *4 (W.D. Pa. Aug. 5, 2008)) (internal quotation marks omitted). In this matter, the Court notes that Marvell has proffered that Dr. Blahut, Mr. Hoffman, and Dr. Proakis will all testify within the parameters of their expert reports and depositions and will not be offering any new opinions. (Docket No. 575 at 2, 3-4). Thus, the Court can address any matters that arise at trial in response to an appropriate objection.

Additionally, contrary to CMU's contention in its brief that Mr. Worstell is an expert witness whose opinion should be precluded because he did not submit an expert report (*see* Docket No. 499), Mr. Worstell is explicitly proffered as a "fact witness" in Marvell's List of Trial Witnesses and Offers of Proof. (Docket No. 575 at 12). Although Worstell is a scientist in this field, he is proffered to testify based only on his personal knowledge about what is disclosed and described in U.S. Patent No. 6,282,251("Seagate Patent") as well as the work he did at Seagate in the 1990s related to development of a detector that took correlated noise into account in a modified Viterbi detector and not as an expert.  (Docket 544 at 9-10).   Given same, the Court finds that the purpose of this testimony is permissible within these limits, since "[t]he modern trend favors the admission of [lay] opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination." *Autoforge, Inc. v. Am. Axle & Mfg.*, Inc., Civ. A. 02-01265, 2008 WL 65603 (W.D. Pa. Jan. 4, 2008) (citing *Teen-Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 403 (3d Cir. 1980)).

The purpose of an expert report is to put the other side on notice about the scope of the expert's potential testimony.  *See Meyers v. Nat'l R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734 (7th Cir. 2010) ("The purpose of the [expert] report is to provide adequate notice of the

substance of the expert's forthcoming testimony and to give the opposing party time to prepare

for a response.") (citing *Walsh v. Chez*, 583 F.3d 990, 993 (7th Cir. 2009).  The time has passed

for CMU to challenge the qualifications of Marvell's experts by filing Daubert motions, which

were due on April 20, 2012. (Docket No. 335). Further, a "party confronted with an adverse

expert witness who has sufficient, though perhaps not overwhelming, facts and assumptions as

the basis for his opinion can highlight those weaknesses through effective cross-examination."

*Simon v. Weissmann*, 301 F. App'x 107, 116 (3d Cir. 2008) (quoting *Stecyk v. Bell Helicopter

Textron, Inc*., 295 F.3d 408, 414 (3d Cir. 2002)). Likewise, the credibility of any witness may be

challenged by CMU at trial. FED. R. EVID. 611(b); *see United States v. Lowe*, 234 F.2d 919, 922

(3d Cir. 1956) ("No authority needs to be cited for the proposition that one of the purposes of

cross-examination is to test the credibility of the witness…")

To the extent that there remains an evidentiary dispute concerning the scope of Dr.

Proakis and Dr. Blahut's testimony, the Court will entertain a proffer *in camera* to ensure that the

witnesses will not reveal inadmissible evidence. If the challenged testimony amounts to

speculation, CMU can then make an appropriate objection on that basis. *See Murray v. Marina

Dist. Dev. Co*., 311 F. App'x 521, 524 (3d Cir. 2008) (unpublished) (affirming exclusion of

expert's testimony that amounted to "no more than a 'subjective belief or unsupported

speculation'") (quoting *Oddi v. Ford Motor Co*., 234 F.3d 136, 158 (3d Cir. 2000)).

Accordingly, and for the foregoing reasons, CMU's Motion *in Limine* No. 3 to Preclude

Certain Expert Opinion Testimony (Docket No. 498) is DENIED, without prejudice to its ability

to raise the same objections at trial.


*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: November 7, 2012.
cc/ecf:  All counsel of record.