**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CARNEGIE MELLON UNIVERSITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 09-290 |
| vs. | ) | Judge Nora Barry Fischer |
| | ) | |
| MARVELL TECHNOLOGY GROUP, LTD. et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This patent infringement action is set to commence jury selection and trial on November 26, 2012. The parties have filed a number of motions in limine seeking pretrial rulings on the admissibility of certain evidence at trial. Presently pending before the Court is Plaintiff Carnegie Mellon University (CMU)'s "Motion *in Limine* No. 2 to Preclude Irrelevant or Highly Prejudicial Evidence or Argument," (Docket No. 496). CMU argues that evidence regarding dropped or changed claims or accused products, Defendant's Kavcic email exhibit, Mr. Hoffman's testimony regarding DSSC agreements not produced, invalidity testimony of Dr. Kryder, and whether the inventors withheld prior art are all irrelevant evidence and issues that would unfairly prejudice CMU and create confusion for the jury. (Docket No. 497). Defendant Marvell Technology Group ("Marvell") opposes this motion, arguing that changed claims, the Kavcic email, and the withholding of prior art are relevant to the issue of willfulness/copying, and that Dr. Kryder is technically competent. (Docket No. 568). The Court heard argument on the motion during its hearing on October 17 and 18, 2012. (Docket Nos. 579, 590, 591). For the following reasons, CMU's motion [496] is DENIED.

1

Here throughout this case, CMU alleges that Marvell has infringed two of its patents, U.S. Patent Nos. 6,201,839 (the "'839 Patent") and 6,438,180 (the "'180 Patent") (collectively, the "CMU Patents").[1]  The patents-in-suit are generally directed to sequence detection in high density magnetic recording devices, and more specifically, to high density magnetic recording sequence detectors.  *See* '839 Patent 1:20-23.  Both patents claim priority to a May 9, 1997 provisional application.  *See* '839 Patent; '180 Patent.  The '180 Patent is a continuation-in-part of the '839 Patent.  *See* '180 Patent.  CMU intends to prove that Marvell's infringement was willful.  (Docket No. 461)

Previously, in Marvell's "Motion *in Limine* No. D3 Re: Precluding CMU from Introducing Evidence of Willfulness", it argued all evidence of willfulness should not be presented to the jury unless the Court rules that CMU has met an objective showing of willful infringement. (Docket No. 485, 486).  The Court denied the Motion while reserving its ruling on the issue of objective willfulness.  (Docket No. 601).

CMU in this Motion, attempts to preclude Marvell from offering evidence regarding (1) dropped or changed claims or accused products; (2) Defendants' Exhibit 189 (an email from Dr. Kavcic) (3) testimony from Mr. Hoffman or other Marvell witnesses regarding additional DSSC agreements that allegedly were not produced; (4) testimony of Dr. Kryder as it relates to validity of the CMU Patents; and (5) whether the inventors withheld prior art from the PTO.  (Docket No. 496). CMU contends that reference to changes to the accused products or asserted claims are not probative of invalidity or infringement and would be prejudicial to CMU in the eyes of the jury. (Docket No. 497 at 2).  Next, since the Court found Dr. Kavcic's email[2] irrelevant at claim

---

[1] As the parties are well aware of the factual and procedural background of this case, the Court

[2] Both parties are well aware of the contents of the Kavcic email in question.  The email is a discussion between Dr. Kavcic and Gregory Silvus of Seagate in 2001, in which Dr. Kavcic

construction, CMU moves to have this email precluded at trial as well.[3]   (*Id*. at 2-3).   Third,

CMU argued that Marvell's damages expert Mr. Hoffman should be precluded from stating that

CMU had failed to produce all relevant DSSC agreements.[4]  (*Id.* at 3).   Fourth, CMU contends

Dr. Kryder's testimony is inadmissible under Fed. R. Evid. 701, since he is not a digital signal

processing expert and was not designated to testify regarding validity.   (Docket Nos. 497 at 4-5,.

590 at 142).   Fifth, CMU maintains evidence and argument regarding Dr. Kavcic's failure to

disclose certain prior art references to the Patent Office, is irrelevant in light of the dismissal of

Marvell's inequitable conduct claims and defenses.  (*Id.* at 5).

In reply, Marvell initially argues that dropped or changed claims and/or products, rebut

CMU's claims of copying and willfulness, specifically in regards to the objective prong of the

willfulness test under *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1310-1311.  (Fed.

Cir. 2011).  (Docket No. 556 at 1).   Second, it proffers that Dr. Kavcic's email is relevant to its

defenses of lack of written description and enablement, and as contrary evidence to use during

cross examination of the inventors.  (*Id.* at 2).   As noted in footnote 4, Marvell and CMU agree,

CMU's third point is moot.   Fourth, Marvell argues Dr. Kryder, while not an "expert", he can be

questioned on the inventions and prior art as a lay witness, since those subjects are rationally

within his perception given his background and position, and his testimony may be helpful to the

---

states his patent does not use a post processor.  The exhibit has been labeled several different
ways, but for the purposes of this motion it is Docket No. 497 Ex. 2.

[3] In its claims construction opinion, the Court gave "no weight to this email as it is of the type of
extrinsic evidence that the PHOSITA could not be aware of since it is a personal email and it
post-dates the filing and issuance of the '839 Patent.  Furthermore, the email is contradicted by
the intrinsic evidence, as discussed below, therefore even if the PHOSITA were aware of the
contents of the email, it would be disregarded in favor of the conclusions that would be drawn
from the intrinsic record." (Docket No. 175).

[4] Marvell in its opposition brief states it does not intend to argue that CMU had not produced all
DSSC agreements (Docket No. 556 at 3), therefore, CMU did not argue this at the October 17-
18, 2012 hearing.  (Docket No. 590 at 132-133).

jury in determining invalidity. *See* Fed. R. Evid. 701. (Docket Nos. 556 at 4; 590 at 154). Fifth, Marvell states that while it will not allege any deceptive intent, the decision by Dr. Kavcic not to disclose certain prior art goes to the inventor's understanding of the patent and to the issues of infringement, willfulness, written description and enablement. (Docket No. 556 at 5).

Pursuant to Federal Rule of Evidence 401, district courts are instructed to generally admit all evidence having "any tendency" to make the existence of a material fact "more probable or less probable than it would be without the evidence." FED. R. EVID. 401;[5] *United States v. Friedman*, 658 F.3d 342, 355 (3d Cir. 2011); *Moyer v. United Dominion Industries, Inc.*, 473 F.3d 532 (3d Cir. 2007) (quoting *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004) ("The definition of relevant evidence is very broad and that Rule 401 does not raise a high standard."). Further, a district court may reject the evidence only if the probative value of the evidence is substantially outweighed by its tendency to prejudice a party or cause delay at trial. FED. R. EVID. 403;[6] *Toledo Mack Sales & Service, Inc. v. Mack Trucks, Inc.,* 386 F.App'x. 214, 218 (3d Cir. 2010) ("A district court is accorded wide discretion in determining the admissibility of evidence under the Federal Rules.").

First, the Court agrees with Marvell that evidence of dropped or changed claims or products shows the reasonableness of its infringement "defenses". Such evidence is relevant to the objective prong of willful infringement wherein CMU must prove whether the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."

---

[5] "Relevant evidence" means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.

[6] "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

*Bard* 682 F.3d at 1005 (quoting *In re Seagate Technology LLC*, 497 F.3d 1360, 1368-71 (Fed. Cir. 2007)(*en banc*)  (*see Uniloc USA, Inc. v. Microsoft Corp.*, 640 F. Supp. 2d 150, 176-179 (D.R.I. 2009), *aff'd in relevant part*, 632 F.3d 1292, 1310-1311 (Fed. Cir. 2011))[7].  The Court's ruling on Marvell's Motion D3 allows the parties to present evidence of alleged willful infringement to the jury.  (Docket No. 601).  Therefore, CMU's motion will be denied to the extent that it seeks to exclude evidence of dropped or changed claims.

Second, in regards to the Kavcic's email, the Court finds this email relevant given that the Plaintiff, CMU, intends to call Dr. Kavcic as a witness to testify regarding his invention and his opinions on same.  (Docket No. 461 at 2, 12).  To the extent CMU presents argument regarding the invention and the inventor's understanding of the patent, this email is relevant "since it has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.  Therefore, CMU's motion will be denied to the extent that it seeks to exclude Dr. Kavcic's email (Docket No. 497 Ex. 2).

Third, both parties have agreed that CMU's third argument is moot.  (Docket No. 556 at 3; 590 at 132-133).  Therefore, CMU's motion will be denied as moot to the extent that it seeks to exclude testimony from Mr. Hoffman or other Marvell witnesses regarding additional DSSC agreements that allegedly were not produced.

---

[7] The Court finds *i4i Ltd. P'ship v. Microsoft Corp.,* unpersuasive on this point, since the evidence was only irrelevant since Microsoft does not argue (and did not argue to the jury) "that any of these "defenses" would have been apparent and considered by a reasonable person in Microsoft's position prior to its infringing activity".  670 F. Supp. 2d 568, 582 (E.D. Tex. 2009) *aff'd as modified,* 589 F.3d 1246 (Fed. Cir. 2009) *opinion withdrawn and superseded on reh'g,* 598 F.3d 831 (Fed. Cir. 2010) *aff'd,* 131 S. Ct. 2238, 180 L. Ed. 2d 131 (U.S. 2011).  Marvell does not plan to waive such argument at trial.  (Docket 590 at 149).

Fourth, in regards to the testimony of Dr. Kryder, the Federal Rules of Evidence state that "if the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The Court finds Dr. Kryder's testimony is admissible given the Third Circuit has recognized that "[t]he modern trend favors the admission of [lay] opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination." *Autoforge, Inc. v. Am. Axle & Mfg., Inc.,* 2008 WL 65603 (W.D. Pa. Jan. 4, 2008) (citing *Teen-Ed, Inc. v. Kimball Int'l, Inc.,* 620 F.2d 399, 403 (3d Cir.1980)). The Court finds Dr. Kryder's opinions regarding the patents-in-suit to be founded on personal knowledge, given that he was named on the CMU Technology Transfer Office Disclosure of Invention Form as a "professional from the CMU community who would be best suited to evaluate the technical and commercial merits of this technology" by the inventors. (Docket No. 556 Ex. 2). The credibility and persuasiveness of Dr. Kryder's testimony will be an issue for trial where "vigorous cross-examination, presentation of contrary evidence, and careful instruction as to burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Simon v. Weissmann*, 301 F. App'x 107, 116 (3d Cir. 2008) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993)). Further , the Court will not evaluate at this stage the impact, if any, of Dr. Kryder's testimony, because generally a motion in limine is to decide the admissibility of evidence, not argue the weight of evidence. *See Emcore Corp. v. Optium Corp.*, No. 07-236, 2009 WL 3381809 at *1 (W.D. Pa. Oct. 16, 2009) ("[p]urpose of such motion is to avoid injection into trial of matters which are irrelevant,

inadmissible, and prejudicial....")(quoting BLACK'S LAW DICTIONARY 1013 (6th ed.1990)).

Therefore, CMU's motion will be denied to the extent that it seeks to exclude Dr. Kryder's

testimony.

Fifth, in regards to evidence of prior art not disclosed to the PTO by Dr. Kavcic, the

Court notes again that CMU, intends to call Dr. Kavcic as a witness to testify to his invention

and his opinions on same.  (Docket No. 461 at 2, 12).  To the extent, CMU presents argument

regarding the invention and the inventor's understanding of the patent, this evidence is relevant

"since it has a tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable than it would be without the

evidence." FED. R. EVID. 401.  Further, the Court finds little danger of unfair prejudice or

confusion to the jury since Marvell has stated through its counsel that it will not assert deceptive

intent.  (Docket 556 at 5).

CMU's motion (Docket No. 496) is therefore DENIED.

*s/ Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date: November 7, 2012

cc/ecf:  All counsel of record.