IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY,<br><br>Plaintiff,<br><br>vs.<br><br>MARVELL TECHNOLOGY GROUP, LTD. et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 09-290<br>)   Judge Nora Barry Fischer<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Jury selection and trial in this patent infringement action commenced on November 26, 2012. Presently before the Court is Marvell's Oral Motion to Strike Slide 19 of Plaintiff's Demonstrative and Associate Testimony (Docket No. 674)". (Docket No. 660). CMU opposes this motion and filed a Response in Opposition. (Docket Nos. 675). The Court heard argument during trial upon the oral motion on November 30, 2012. (Docket Nos. 674). Consistent with the record, and for the following reasons, Marvell's motion is DENIED. (Docket No. 674 at 36-37).

On November 30, 2012, the Court admitted Marvell's Disputed Exhibit DX-189 (the "Silvus email"), which it had tentatively excluded at the Court's Exhibit Hearing in this case. (Docket No. 674). Marvell's counsel cross examined Dr. Kavcic on this email and a 2008 IEEE paper he coauthored, to probe him on his beliefs concerning his invention, specifically regarding post processing and trellis complexity. (*Id.* at 87-89). On redirect, CMU's counsel asked Dr. Kavcic to explain trellis complexity, by discussing different types of trellises and CMU

1

displayed a slide, Slide 19, showing a chart of a pruned trellis.[1] (*Id.* at 171) On an afternoon break, Marvell's counsel objected to the use of the slide and argued that the slide had been shown without being presented to the Court or the defense, prior to its display. (*Id.* at 196). Marvell moved to strike the exhibit, and the associated testimony, and preclude CMU from referring to either in closing or during the rest of the case. (*Id.* at 202). CMU argued that the objection had been waived, since it was untimely and that preclusion from later use in trial was moot, since its expert, Dr. McLaughlin would speak to the content of the same slide. (*Id.* at 208).

First, Marvell's oral motion is untimely. At the time Plaintiff's counsel showed the demonstrative slide to the jury there was no objection, only later at the end of the day, once the jury had been dismissed for a recess, did the Defendants object. (Docket 674 at 171, 198). The Court also notes that this slide was projected on all the displays on each of the counsel tables, and blown up on the 10 by 10 foot projector screen the parties set up in the Courtroom at the start of the trial. Indeed, not one of the ten (10) lawyers representing Marvell and present in the courtroom at the time objected to slide 19 when it was shown.[2] FED. R. EVID. 103; *United States v. Moore,* 375 F.3d 259, 262 (3d Cir. 2004) (stating that the Third Circuit's review "where, however, a party fails to object in a timely fashion or fails to make a specific objection" … "is for plain error only")(*internal citations omitted*). As many Courts have found, the Court "consider[s] the unfairness to the party offering the evidence if the delay in making the objection prevents corrective measures from being taken" United States v. Nathan J., 127 F.3d 1110 (10th

---

[1] There was not a dispute that this particular slide was prepared by Dr. Kavcic. "Now Dr. Kavcic, could you -- is this another one of the slides you prepared? A. Yes, sir." (Docket 674 at 171).

[2] There are a total of 18 lawyers who have entered appearances for Marvell, but not all of them were present in the Courtroom at this time. In addition, Marvell has a trial technology team that projects slides and other visuals throughout the trial.

Cir. 1997); *United States v. Gibbs,* 739 F.2d 838, 849 (3d Cir.1984) (en banc) (finding objection untimely because the defendant made it "*not* when the evidence was offered, but during a motion to strike made *after* the Government rested and noting that if the defendant had objected when the evidence was offered, the government could have called additional witnesses or proved the disputed element in other ways").  Federal Rule of Evidence 103 requires a timely and specific objection to evidence erroneously admitted.

In the instant case, Marvell made their objection to the projection of the demonstrative slide and request to strike all related testimony <u>after</u> the Plaintiff's witness has finished addressing the slide's content.[3]  (Docket No. 674 at 201).  Further, both sides in this case had been limited to twenty (20) hours of testimony (Docket No. 315), subsequently expanded to twenty five (25) hours.  (Docket No. 710).  If Marvell had made a timely objection, CMU could have addressed the objection before Dr. Kavcic spoke at length about the demonstrative charts or Dr. Kavcic could have explained his testimony by drawing "a chart in all respects identical to slide 19".  (Docket No. 675 at 8).   Thus, Marvell waived its objection to the use of slide 19 as a demonstrative with Dr. Kavcic.  *See also United States v. Wilder*, 283 F. App'x 66, 69 (3d Cir. 2008) ("because the chart provided a summary of testimony and served a strictly demonstrative purpose, and because defense counsel did not properly object to its use in closing argument, such use of the chart [later] was not error, plain or otherwise".)

---

[3] The content of the slide and subject matter of Dr. Kavcic's testimony at that time was objected to by Marvell in a separate sidebar; the Court overruled that objection at that time.  (Docket No. 674 at 166-170).

Additionally, Marvell was on notice of the potential use of the slide through an email from CMU's counsel to Marvell's counsel, on November 24, 2012. (Docket No. 675 Ex 1).[4] In this instance, CMU counsel stated they had expected to hear objections from Marvell by 5:00p.m. the following Sunday. (*Id.*) Marvell's counsel states he objected to the slides by email and they were accordingly withdrawn, while CMU's counsel states that the initial withdrawal of the slide was linked to the excluded exhibit DX-189, and Marvell's counsel were informed that "if the Silvus e-mail comes back in, that slide could come back in". (Docket No. 674 at 198-199). Regardless, it is clear Marvell had previously seen the slide and was not blind-sided by an unknown demonstrative; making their counsel's silence less forgiving.

Finally, the "admission of demonstrative evidence is at the discretion of the trial court." *United States v. Schwyhart*, 123 F. App'x 62, 67 (3d Cir. 2005) (unpublished)(citing *United States v. Rockwell,* 781 F.2d 985, 986 n. 3 (3d Cir.1986)); *see also* FED. R. EVID. 611(a) & Advisory Committee Notes, 1972 proposed rules, ("the court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence," which include "the use of demonstrative evidence … and the many other questions arising during the course of a trial which can be solved only by the judge's common sense and fairness in view of the particular circumstances"). As stated, the patents in suit and related science, deal with high density magnetic recording sequence detectors, a highly technical area where computer science, electronics, physics and higher math merge. *See* '839 Patent; '180 Patent. (Docket No.1 Ex 2, 3). For the Court and jury to understand any of Dr. Kavcic's (or any other scientific) testimony, an explanation of certain scientific terms, concepts, and equations was needed. Indeed, it has

---

[4] Generally the parties have agreed to exchange slides and objections to same over email the night before their use, in order to present any objections to the Court before proceeding with trial before the jury. (Docket No. 645 at 38-41); s*ee also* (Docket No. 708).

been extremely helpful to the Court and the jury for the parties to use such demonstratives throughout the trial.

Marvell's motion was thus DENIED.

*s/ Nora Barry Fischer*

Nora Barry Fischer

U.S. District Judge

Date: December 17, 2012

cc/ecf:  All counsel of record.