**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CARNEGIE MELLON UNIVERSITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 09-290 |
| | ) | Judge Nora Barry Fischer |
| MARVELL TECHNOLOGY GROUP, LTD. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER OF COURT</u>

AND NOW, this 19th day of December, 2012, upon consideration of Marvell's "Motion to Strike Certain Testimony of Catharine M. Lawton" (Docket No. [744]), Marvell's Brief in Support (Docket No. [745]), and the oral argument from counsel for the parties on December 19, 2012, during which CMU opposed the motion,

IT IS HEREBY ORDERED that said Motion [744] is DENIED.  In so holding, the Court notes the following.  First, the Motion to Strike is untimely as it was not made until after the parties rested their respective cases and the presentation of evidence has closed.  *See Government of The Virgin Islands v. Archibald*, 987 F.2d 180, 184 (3d Cir. 1993); *see also* FED. R. EVID. 103(a)(1).  Second, the extreme remedy of striking the challenged testimony is not warranted.  *See Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977)) (striking of evidence is normally reserved for a "showing of willful deception or 'flagrant disregard' of a court order by the proponent of evidence.").  To this end, Lawton addressed the disputed Cirrus information in her expert report, *see Lawton Report* at 144 and Marvell was, therefore, on notice

1

that it may become an issue at trial.  Additionally, Lawton's testimony on these issues to counter the testimony of Dr. Sutardja was within the scope of the rebuttal evidence that was permitted by the Court's ruling.  (*See* Docket No. 730 ("Ms. Lawton will be permitted to testify in rebuttal as to the impact if any on her opinions given Dr. Sutardja's and Mr. Baqai's testimony, as neither were deposed prior to trial.")).  Third, Marvell had a full and fair opportunity to cross-examine Lawton on these issues at trial and its counsel did so.  (Docket No. 736 at 111-112).  As it stands, the trial record contains disputed testimony between Dr. Sutardja and Ms. Lawton on these issues and it will be up to the jury to serve its function and decide whether to credit the testimony of Dr. Sutardja or Ms. Lawton.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

cc:     All counsel of record.

2