**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY,<br><br>Plaintiff,<br><br>vs.<br><br>MARVELL TECHNOLOGY GROUP, LTD. et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 09-290<br>)   Judge Nora Barry Fischer<br>)<br>)<br>)<br>) |

**ORDER OF COURT**

AND NOW, this 20th day of December, 2012, upon consideration of Plaintiff CMU's "Motion in Limine to Strike Testimony and to Preclude Argument Relating to Marvell's Pre-Suit Communications with Counsel" (Docket No. [722]), CMU's Memorandum in Support (Docket No. [723]), Marvell's Opposition to Plaintiff's Motion to Strike (Docket No. [746]), and the oral argument from counsel on December 18, 2012, (Docket No. [736]), IT IS HEREBY ORDERED that Plaintiff CMU's Motion [714] is GRANTED, IN PART and DENIED, IN PART.

CMU's Motion is denied to the extent that CMU seeks to strike the testimony of Dr. Wu. On this point, the Court finds that CMU did not pursue the nature of the communications with patent counsel that Dr. Wu disclosed during his discovery deposition, *see Wu Deposition 7/29/10* at 23, at that time by filing a motion to compel him to provide further explication of his answers. CMU also did not challenge the privilege log provided by Marvell during discovery. Because no such motions were brought, the Court has not issued any orders addressing the allegedly privileged communications. (*See Civ. A. No. 09-290*, Docket Report). Given same, Marvell has

not violated any orders of court and the Court finds that the "extreme sanction" of striking evidence is not appropriate. *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977)) (striking of evidence is normally reserved for a "showing of willful deception or 'flagrant disregard' of a court order by the proponent of evidence."). Further, CMU did not make any contemporaneous objection during Dr. Wu's direct examination and seek to strike his testimony at that time. *See 12/11/12 Transcript* at 323. Instead, CMU objected during the in camera examination of Dr. Wu on December 13, 2012 and advised the Court that it may be filing a motion in limine at that time. *See 12/13/12 Transcript* at 74. The present motion, however, was not filed until four days later, on December 17, 2012 at 3:09 p.m. In light of *Government of The Virgin Islands v. Archibald*, 987 F.2d 180, 184 (3d Cir. 1993), and Rule 103(a)(1) of the Federal Rules of Evidence, and consistent with the Court's prior rulings as to the motions to strike testimony of Mr. Creighton Hoffman (Docket No. 733), and Dr. Richard Blahut (Docket No. 735), the Court finds that CMU's motion to strike the challenged testimony of Dr. Wu was not timely and therefore, waived.

However, CMU's Motion is granted to the extent that CMU seeks to preclude Marvell from arguing that it sought an opinion of counsel and obtained a favorable opinion of counsel with respect to whether Marvell was infringing the patented methods (Claim 2 of the '180 Patent and Claim 4 of the '839 Patent) through its NLD-type and MNP-type chips and simulators and its Kavcic-Viterbi simulator. To this end, Marvell has expressly stated throughout this litigation that it is not raising advice of counsel as a defense to the willfulness claims and makes the same assertion in its brief in opposition. (*See* Docket No. 746 at 3 ("Marvell does not intend to rely on the substance of any communications with counsel")). Further, the facts presented at trial

through the testimony of Dr. Wu do not establish that he received an opinion of counsel, favorable or unfavorable, with respect to these issues. He merely testified that the "prior art," i.e., the '180 Patent and the '839 Patent, was given to Marvell's patent counsel and that he later obtained his own patents (owned by a Marvell-entity). *See 12/11/12 Transcript* at 323; *see also 12/12/12 Transcript* at 90. The Court has repeatedly instructed the jury in this case that Marvell's patents are not a defense to this suit.[1] As such, Marvell cannot now – without putting the actual communications from counsel at issue – argue that its receipt of a patent implies or suggests that Marvell's counsel returned a favorable opinion that Marvell's NLD-type and MNP-type chips and simulators and the Kavcic-Viterbi simulator do not practice the patented methods of the asserted claims (claim 2 of the '180 Patent and claim 4 of the '839 Patent).[2] Therefore, Marvell is precluded from making such an argument during its closing.

The Court also understands that Federal Circuit precedent provides that it is improper for the jury to be instructed that it may draw an adverse inference from Marvell's failure to obtain an opinion of counsel or to not rely upon such an opinion at trial. *See KnorrBremse Systeme Fuer Nutzfahrzeuge v. Dana Corp.*, 383 F.3d 1337, 1345 (Fed. Cir. 2004) (en banc). Therefore, to the extent that the issue of willfulness is presented to the jury, the Court will instruct the jury on the absence of an opinion of counsel in this case, in the manner recommended by the 2012 AIPLA Model Patent Jury Instructions:

---

[1] The following instruction has been given many times throughout trial and will be included in the Court's final instructions:
> You have heard testimony about Marvell and whether Marvell does or does not own a patent. Marvell may claim that some of its patents cover some of the accused chips or simulators in this case. It may also claim that it improved on the CMU patents. While this evidence may be relevant to some issues you will decide, owning one or more patents in and of itself is not a defense against the charges of infringement of the CMU patents.

[2] Of course, a patent issued by the PTO may later be declared invalid. Indeed, Marvell has sought to invalidate CMU's patents in this case.

> In considering under the totality of the circumstances whether Marvell acted willfully, you may consider as one factor the lack of evidence that Marvell obtained a competent legal opinion. However, you may not assume that merely because Marvell did not obtain a legal opinion, the opinion would have been unfavorable. The absence of a lawyer's opinion, by itself, is insufficient to support a finding of willfulness.

2012 AIPLA Model Patent Jury Instructions, § 12.2 (2012). The jury will then decide whether to credit Dr. Wu's testimony and/or what weight to give same.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

cc:   All counsel of record.