**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY,<br><br>      Plaintiff,<br><br>v.<br><br>MARVELL TECHNOLOGY GROUP, LTD.<br>and MARVELL SEMICONDUCTOR, INC.,<br><br>      Defendants. | Civil Action No. 2:09-cv-00290-NBF |

## JOINT STATUS REPORT

Plaintiff, Carnegie Mellon University ("CMU") and Defendants, Marvell Technology Group, Ltd. and Marvell Semiconductor, Inc. (collectively, "Marvell") by their undersigned counsel, pursuant to the Court's Order dated December 26, 2012 (Dkt. 763), hereby respectfully submit the following joint status report outlining the issues that must be addressed before the entry of final judgment in this case.

1.     The parties contemplate filing the following post-trial motions prior to entry of any final judgment on the schedule the Court has set forth in Dkt. 763:

    a.     CMU's Motions

- Motion for enhanced damages based on the jury's finding of willful infringement.
- Motion for attorneys' fees.
- Motion for award of prejudgment interest.
- Motion for permanent injunction and/or a post-judgment ongoing royalty and an accounting (including bringing current the award to reflect sales to the latest date reasonably feasible).

    b.    Marvell's Motions

- Renewed motion for judgment as a matter of law on non-infringement, invalidity, no willful infringement and damages.
- Motion for new trial or remittitur under Rule 59, including renewed motion for a mistrial.
- Motion for judgment on laches, including proposed findings of fact and conclusions of law. *See* Dkt. 670.

2.     CMU contends that none of the foregoing motions must be filed before the Court can enter judgment on the verdict, which the parties agree should not, in any event, constitute a final judgment. To the extent that the Court were to enter judgment on the verdict in advance of receiving and ruling on the foregoing motions, the parties agree that they would still retain and reserve rights to pursue the relief requested in said motions on the schedule set by the Court.

3.     The parties disagree on whether the Court should enter judgment on the verdict at this point.

    a.    In order to preserve the briefing schedule set forth in Dkt. 763, it is CMU's position that the Court should enter judgment on the verdict on January 14, 2013 and that such judgment should by order extend the time for CMU to file its motion for attorneys' fees to February 11, 2013. Such order should specify that it is not a final judgment and does not trigger any obligation to file a Notice of Appeal under Fed. R. App. P. 4(a)(4) or to seek approval of any bond pending appeal under Fed. R. Civ. P. 62(d). It is CMU's position that whether enforcement of any such judgment should be stayed until entry of final judgment should be addressed separately.

    b.    It is Marvell's position that there is no warrant and no need for the Court to enter judgment on the verdict prior to briefing, argument and resolution of the post-trial motions as outlined above on the schedule the Court has set. But were the Court nonetheless to enter judgment on the verdict now, then Marvell submits that any such judgment should by order extend the time for CMU to file its motion for attorneys' fees and prejudgment interest to a time after resolution of the post-trial motions above, and should specify that it is not a final judgment, does not trigger any obligation to file a Notice of Appeal under *Fed. R. App. P.* 4(a)(4) or to seek approval of any bond pending appeal under *Fed. R. Civ. P.* 62(d), and that enforcement of any such judgment shall be stayed until entry of final judgment upon resolution and disposition of all post-trial motions, including those listed in paragraph 1 above.

4.    If the Court requires a form of initial judgment or further submission on whether judgment on the verdict can and should be entered at this point, the parties will submit an agreed upon form of judgment, competing forms and/or supporting papers by 5:00 pm on January 9, 2013.

5.    In addition to the above, the parties may need to file the following after entry of final judgment upon resolution and disposition of all post-trial motions, including CMU's motion for attorneys' fees:

- CMU's bill of costs taxable to Marvell.
- Notice of appeal.
- Motion for approval of supersedeas bond.

Dated: January 2, 2013

| | |
|---|---|
| /s Edward J. DeFranco | /s Patrick J. McElhinny |
| Edward J. DeFranco (Admitted Pro Hac Vice) | Patrick J. McElhinny, Pa. I.D. # 53510 |
| eddefranco@quinnemanuel.com | patrick.mcelhinny@klgates.com |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | Christopher M. Verdini, Pa. I.D. # 93245 |
| 51 Madison Avenue | christopher.verdini@klgates.com |
| 22nd Floor | K&L GATES LLP |
| New York, NY  10010 | K&L Gates Center |
| Ph (212) 849-7000 | 210 Sixth Avenue |
| Fax (212) 849-7100 | Pittsburgh, PA 15222 |
| | Ph (412) 355-6500 |
| John E. Hall | Fax (412) 355-6501 |
| jhall@eckertseamans.com | |
| Timothy P. Ryan | Douglas B. Greenswag (admitted *pro hac vice*) |
| tryan@ eckertseamans.com | douglas.greenswag@klgates.com |
| ECKERT SEAMANS CHERIN & MELLOTT, LLC | K&L GATES LLP |
| U.S. Steel Tower | 925 Fourth Avenue |
| 600 Grant Street, 44th Floor | Suite 2900 |
| Pittsburgh, PA  15219 | Seattle, WA  98104-1158 |
| Ph (412) 566-6000 | Phone: (206) 623-7580 |
| Fax (412) 566-6099 | Fax: (206) 623-7022 |
| | |
| *Counsel for Defendants, Marvell Technology Group, Ltd. and Marvell Semiconductor, Inc.* | *Counsel for Plaintiff, Carnegie Mellon University* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2013 the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Patrick J. McElhinny
Patrick J. McElhinny, Pa. I.D. # 53510
patrick.mcelhinny@klgates.com
Christopher M. Verdini, Pa. I.D. # 93245
christopher.verdini@klgates.com
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Ph (412) 355-6500
Fax (412) 355-6501