IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 2:09-cv-00290-NBF |
| ) | |
| MARVELL TECHNOLOGY GROUP, LTD., ) | |
| and MARVELL SEMICONDUCTOR, INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF CARNEGIE MELLON UNIVERSITY'S MOTION FOR PERMANENT INJUNCTION, POST-JUDGMENT ROYALTIES, AND SUPPLEMENTAL DAMAGES**

Pursuant to 35 U.S.C. §§ 283-284 and Fed. R. Civ. P. 65(d), Plaintiff Carnegie Mellon University ("CMU"), by and through its undersigned counsel, hereby moves this Court for an order that: (1) permanently enjoins Defendants Marvell Technology Group, Ltd. and Marvell Semiconductor, Inc. (collectively, "Marvell") from infringing Claim 4 of U.S. Patent 6,201,839 and Claim 2 of U.S. 6,438,180 (collectively "the Asserted Claims of the CMU Patents"); (2) sets a post-judgment ongoing royalty rate of between $0.50 and $1.50 per MNP-type and NLD-type chip sold when the permanent injunction is not in effect; and (3) awards CMU supplemental damages, appropriately enhanced, and prejudgment interest on those damages, for the period from July 29, 2012 to January 14, 2013.

In support of this Motion, CMU states as follows:

1.  The jury in this matter found, following the four-week trial, that:

    a.    The use of Marvell's MNP-type chips and simulators in the United States in certain normal operating modes directly infringes the Asserted Claims of the CMU Patents. *See* Dkt. 762 at Questions 1-2 and 6-7.

    b.    The use of Marvell's NLD-type chips and simulator in the United States in certain normal operating modes directly infringes the Asserted Claims of the CMU Patents. *See id*. at Questions 3-4 and 8-9.

    c.    The use of Marvell's KavcicViterbi Simulator in the United States directly infringed the Asserted Claims of the CMU Patents. *See id*. at Questions 5 and 10.

    d.    Marvell induced infringement in the United States of the Asserted Claims of the CMU Patents with its MNP-type chips and NLD-type chips. *See id*. at Questions 11 and 13.

    e.    Marvell's sales of its MNP-type chips and NLD-type chips contributed to the infringement in the United States of the Asserted Claims of the CMU Patents. *See id*. at Questions 12 and 14.

    f.    Marvell did not prove by clear and convincing evidence that the Asserted Claims of CMU Patents are invalid. *See id*. at Questions 15 and 16.

    g.    Compensatory damages for Marvell's unlicensed use of the methods of Claim 4 of '839 patent and Claim 2 of the '180 patent for the period of March 6, 2009 through July 28, 2012 were $1,169,140,271. *See id*. at Question 17.

    2.    Under 35 U.S.C. § 283, courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable."

3. In *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006), the Supreme Court held that a plaintiff seeking a permanent injunction in a patent case, like CMU here, must satisfy the traditional four-factor test by showing: (i) that it has suffered an irreparable injury; (ii) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (iii) that considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (iv) that the public interest would not be disserved by a permanent injunction. *Id*. at 391.

4. All four factors in this case favor a permanent injunction. CMU suffers from irreparable harm from Marvell's continued direct and indirect infringement that cannot be remedied by damages or an ongoing royalty. Further, the balance of equities and the public interest favor the protection of CMU's patent rights.

5. The specific terms of the permanent injunction entered against Marvell should include the terms set forth in the attached Proposed Order.

6. In light of the jury's determination that Marvell's uses of the methods of the Asserted Claims of the CMU Patents in the United States result in Marvell's worldwide sales, and the fact that Marvell's post-verdict continued infringing uses of those methods are willful, Marvell should pay to CMU an ongoing royalty of between $0.50 and $1.50 per chip for every MNP-type and NLD-type chip sold by Marvell, anywhere in the world, during the time period starting from January 14, 2013 and extending until such time as the permanent injunction goes into effect, and during any time period that the injunction is stayed or otherwise not in effect, and until April 3, 2018.

7. For every MNP-type and NLD-type chip sold by Marvell, anywhere in the world, during the time period from July 29, 2012 (Marvell produced sales data only through July 28, 2012) to January 14, 2013 (the date when the Court entered judgment), Marvell should pay to

CMU supplemental damages equal to the royalty found by the jury – fifty (50) cents per chip. These supplemental damages should be enhanced subject to 35 U.S.C. § 284 and Marvell should also pay prejudgment interest on these supplemental damages.

WHEREFORE, CMU respectfully requests that this Court enter the attached Proposed Order.

Respectfully submitted,	Dated: February 11, 2013


/s/ Mark Knedeisen
Patrick J. McElhinny Pa. I.D. # 53510	Douglas B. Greenswag (admitted *pro hac vice*)
patrick.mcelhinny@klgates.com	douglas.greenswag@klgates.com
Mark Knedeisen Pa. I.D. #82489	925 Fourth Avenue, Suite 2900
mark.knedeisen@klgates.com	K&L Gates LLP
Christopher M. Verdini Pa. I.D. # 93245	Seattle, WA  98104-1158
christopher.verdini@klgates.com	Phone: 206.623.7580
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA  15222
Phone: (412) 355-6500	*Counsel for Plaintiff, Carnegie Mellon University*

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2013 the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        s/ Mark Knedeisen
                                        Mark Knedeisen Pa. I.D. #82489
                                        mark.knedeisen@klgates.com
                                        K&L GATES LLP
                                        K&L Gates Center
                                        210 Sixth Avenue
                                        Pittsburgh, PA 15222
                                        Phone: 412.355.6500
                                        Fax: 412.355.6501