**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MARVELL TECHNOLOGY GROUP, LTD., )<br>and MARVELL SEMICONDUCTOR, INC., )<br>)<br>Defendants. ) | Civil Action No. 2:09-cv-00290-NBF |

**[PROPOSED] ORDER OF PERMANENT INJUNCTION,
POST-JUDGMENT ROYALTIES, AND SUPPLEMENTAL DAMAGES**

AND NOW, this _____ day of _____, 2013, upon consideration of Plaintiff Carnegie Mellon University's ("CMU") Motion for a Permanent Injunction, Post-Judgment Royalties, and Supplemental Damages, Dkt. ____, in this patent infringement action against Marvell Technology Group, Ltd. ("MTGL") and Marvell Semiconductor, Inc. ("MSI") (collectively, "Marvell"), it is hereby ORDERED that Plaintiff's Motion is GRANTED, and in that connection:

WHEREAS, a jury trial was held in the above-captioned matter from November 26, 2012 to December 26, 2012.

WHEREAS, the jury found, among other things:

- That use of Marvell's MNP-type chips and simulators in the United States in certain normal operating modes directly infringes claim 4 of the U.S. Patent 6,201,839 ("the '839 Patent") and claim 2 of U.S. Patent 6,438,180 ("the '180 Patent") (collectively "the Asserted Claims of the CMU Patents");

- That use of Marvell's NLD-type chips and simulator in the United States in certain normal operating modes directly infringes the Asserted Claims of the CMU Patents;

- That use of Marvell's KavcicViterbi Simulator in the United States directly infringed the Asserted Claims of the CMU Patents;

- That Marvell induced infringement in the United States of the Asserted Claims of the CMU Patents with its MNP-type chips;

- That Marvell induced infringement in the United States of the Asserted Claims of the CMU Patents with its NLD-type chips;

- That Marvell's sales of its MNP-type chips contributed to the infringement in the United States of the Asserted Claims of the CMU Patents;

- That Marvell's sales of its NLD-type chips contributed to the infringement in the United States of the Asserted Claims of the CMU Patents with its NLD-type chips;

- That Marvell did not prove by clear and convincing evidence that the Asserted Claims of CMU Patents are invalid; and

- Compensatory damages for Marvell's unlicensed use of the methods of Claim 4 of '839 patent and Claim 2 of the '180 patent for the period of March 6, 2009 through July 28, 2012 were $1,169,140,271.

Dkt. 762.

WHEREAS, the jury awarded damages to CMU based on sales data produced by Marvell for sales of the MNP-type and NLD-type chips through July 28, 2012.

WHEREAS, based on the submission in connection with this Motion and the record in this action, the Court concludes that CMU has shown that it would suffer from irreparable harm from Marvell's continued direct and indirect infringement, and that the balance of equities and public interest favor the protection of CMU's patent rights.

NOW THEREFORE, having considered the entire record in this action, the verdict of the jury and the papers submitted by parties, and good cause having been shown,

IT IS HEREBY ORDERED:

1.  Starting on the date of _____, 2013 and extending through until April 3, 2018 (the expiration date of the CMU Patents), both Marvell Technology Group, Ltd. ("MTGL") and Marvell Semiconductor, Inc. ("MSI"), and their respective officers, directors, agents, servants, employees, attorneys, subsidiaries, and those persons acting in concert or participation with any of them who receive actual notice hereof (collectively "the Enjoined Parties"), are hereby permanently restrained and enjoined, pursuant to 35 U.S.C. § 283 and Fed. R. Civ. P. 65(d), from directly infringing under 35 U.S.C. § 271(a), contributing to the infringement of under 35 U.S.C. § 271(c), or inducing the infringement of under 35 U.S.C. § 271(b), any of the '839 Patent and the '180 Patent. In particular, during the time period that this injunction is applicable, the Enjoined Parties are permanently restrained and enjoined from, among other things:

    A.    Operating or otherwise using in the United States the MNP-type and NLD-type chips (as defined below in paragraph 4) in Infringing Modes (as defined below in paragraph 5).

WHEREAS, based on the submission in connection with this Motion and the record in this action, the Court concludes that CMU has shown that it would suffer from irreparable harm from Marvell's continued direct and indirect infringement, and that the balance of equities and public interest favor the protection of CMU's patent rights.

NOW THEREFORE, having considered the entire record in this action, the verdict of the jury and the papers submitted by parties, and good cause having been shown,

IT IS HEREBY ORDERED:

1. Starting on the date of _____, 2013 and extending through until April 3, 2018 (the expiration date of the CMU Patents), both Marvell Technology Group, Ltd. ("MTGL") and Marvell Semiconductor, Inc. ("MSI"), and their respective officers, directors, agents, servants, employees, attorneys, subsidiaries, and those persons acting in concert or participation with any of them who receive actual notice hereof (collectively "the Enjoined Parties"), are hereby permanently restrained and enjoined, pursuant to 35 U.S.C. § 283 and Fed. R. Civ. P. 65(d), from directly infringing under 35 U.S.C. § 271(a), contributing to the infringement of under 35 U.S.C. § 271(c), or inducing the infringement of under 35 U.S.C. § 271(b), any of the '839 Patent and the '180 Patent. In particular, during the time period that this injunction is applicable, the Enjoined Parties are permanently restrained and enjoined from, among other things:

    A. Operating or otherwise using in the United States the MNP-type and NLD-type chips (as defined below in paragraph 4) in Infringing Modes (as defined below in paragraph 5).

   B. Running, executing, or otherwise using the MNP-type and NLD-type simulators in the United States in configurations that simulate an Infringing Mode of an MNP-type or NLD-type chip.

   C. Running, executing, or otherwise using the KavcicViterbi simulator in the United States.

   D. Providing instructions, anywhere in the world, on how to operate the MNP-type and NLD-type chips in an Infringing Mode for MNP-type and NLD-type chips used or to be used in the United States.

   E. Anywhere in the world, facilitating any Marvell customer in any activities that result in said customer operating or otherwise using in the United States the MNP-type and NLD-type chips in Infringing Modes, including operating or otherwise using such chips as part of said customer's "sales cycle" activities in the United States.

   F. Anywhere in the world, facilitating any Marvell customer in any activities that result in said customer running, executing, or otherwise using the MNP-type and NLD-type simulators in the United States in configurations that simulate an Infringing Mode of an MNP-type or NLD-type chip.

   G. Selling or offering for sale in the United States the MNP-type and NLD-type chips that are used or to be used in the United States in an Infringing Mode.

  2. In light of the jury's determination that Marvell's uses of the methods of the Asserted Claims of the CMU Patents in the United States result in Marvell's worldwide sales, and the fact that Marvell's post-verdict continued infringing uses of those methods are willful, Marvell shall pay to CMU an ongoing royalty of $ _____ per chip for every MNP-type and

NLD-type chip sold by Marvell, anywhere in the world, during the time period starting from January 14, 2013 and extending until such time as the injunction set forth in paragraph 1 above goes into effect, and during any time period that the injunction set forth in paragraph 1 is stayed or otherwise not in effect, and until April 3, 2018 (the date of expiration of the CMU patents). Marvell shall pay this ongoing royalty to CMU quarterly, with payments made in U.S. dollars and according to CMU's payment instructions within fourteen (14) days of the end of each quarter. Concurrent with each quarterly payment, Marvell shall provide a statement to CMU, under the penalty of perjury, that identifies the products on which a royalty is being paid, the number of units sold, and the calculation of the total royalty amount. CMU shall have the right to audit Marvell's sales information on a periodic basis.

3. For every MNP-type and NLD-type chip sold by Marvell, anywhere in the world, during the time period from July 29, 2012 to January 14, 2013, Marvell shall pay to CMU a royalty of fifty (50) cents per chip. Marvell shall pay this royalty to CMU in U.S. dollars according to payment instructions provided by CMU.

4. The MNP-type and NLD-type chips, to which applies the permanent injunction of paragraph 1 above and/or ongoing royalty of paragraph 2 above, include the chips listed in Exhibit A to this Order and any other chip with a feature or features not more than colorably different from any of the infringing feature or features in any of the MNP-type and NLD-type chips.

5. The "Infringing Modes" for the MNP-type and NLD-type chips referred to in paragraph 1 above are, (a) for the MNP-type chips, the MNP or EMNP (as the case may be) is enabled, and (b) for the NLD-type chips, any non-linear mode, such as non-linear modes 1, 2, or

3, where, consistent with Marvell's description of said modes, at a given time instance of the trellis more than one signal sample is used to compute a branch metric value.

_____
Hon. Judge Nora Barry Fischer

## EXHIBIT A

The permanent injunction is applicable to the following listed Marvell MNP and NLD-type chips, and any other Marvell chip with a feature or features not more than colorably different from any of the infringing feature or features in any of the MNP-type and NLD-type chips.

**MNP-Type Chips**

| | | | |
|---|---|---|---|
| 88c5575M | 88i5501 | 88i6605 | 88i6776 |
| 88c7500M | 88i5510 | 88i6611 | 88i8034 |
| 88c3108 | 88i5531 | 88i6612 | 88i8845 |
| 88c3188 | 88i6310 | 88i6615 | 88i8846 |
| 88c6300 | 88i6311 | 88i6632 | 88i6745M |
| 88c6301 | 88i6312 | 88i6633 | |
| 88c6310 | 88i6313 | 88i6777 | |
| 88c6320 | 88i6314 | 88i6888 | |
| 88c6575M | 88i6315 | 88i6889 | |
| 88c6590 | 88i6321 | 88i8036 | |
| 88c6591 | 88i6323 | 88i8037 | |
| 88c6592 | 88i6340 | 88i6340M | |
| 88c6593 | 88i6370 | 88i6717 | |
| 88c6594 | 88i6371 | 88i6718 | |
| 88c6595 | 88i6380 | 88i6723 | |
| 88c6596 | 88i6501 | 88i6724 | |
| 88c6600 | 88i6522 | 88i6725 | |
| 88c6723 | 88i6523 | 88i6726 | |
| 88c7500P | 88i6525 | 88i6731 | |
| 88c6710 | 88i6526 | 88i6735 | |
| 88c6720 | 88i6535 | 88i6736 | |
| 88c6721 | 88i6545 | 88i6737 | |
| 88c6730 | 88i6550 | 88i6738 | |
| 88c6740 | 88i6555 | 88i6740 | |
| 88c8800 | 88i6571 | 88i6745 | |
| 88c8801 | 88i6603 | 88i6775 | |

**NLD-Type Chip**

| | | | | |
|---|---|---|---|---|
| 88c8820 | 88i8029 | 88i9138 | 88i9012 | 88i9446 |
| 88c8830 | 88i8038 | 88i9145 | 88i9015 | 88i9447 |
| 88c8840 | 88i8062 | 88i9146 | 88i9017 | 88i1005 |
| 88c8900 | 88i8063 | 88i1012 | 88i9018 | 88i1017 |
| 88c8901 | 88i8530 | 88i1067 | 88i9020 | 88i1038 |
| 88c8910 | 88i8810 | 88i9305 | 88i9022 | 88i1046 |
| 88c9000 | 88i8817 | 88i9311 | 88i9025 | 88i1047 |
| 88src9000 | 88i8822 | 88i9312 | 88i9031 | 88i1048 |
| 88c9010 | 88i8823 | 88i9317 | 88i9035 | 88i1049 |
| 88c9100 | 88i8826 | 88i9318 | 88i9045 | 88i1064 |
| 88c9110 | 88i8827 | 88i9319 | 88i9046 | 88i1065 |
| 88c9200 | 88i8829 | 88i9321 | 88i9060 | 88i1068 |
| 88c9210 | 88i8830 | 88i9322 | 88i9205 | 88i1069 |
| 88src9210 | 88i8831 | 88i9335 | 88i9212 | 88i1149 |
| 88src9210 | 88i8832 | 88i9346 | 88i9217 | 88i1160 |
| 88c9199 | 88i8835 | 88i9347 | 88i9222 | 88i1161 |
| 88c9300 | 88i8838 | 88i9348 | 88i9225 | 88i1248 |
| 88c9310 | 88i8839 | 88i9405 | 88i9226 | |
| 88c9311 | 88i9103 | 88i9411 | 88i9245 | |
| 88c9399 | 88i9104 | 88i9412 | 88i9246 | |
| 88c9400 | 88i9105 | 88i9421 | 88i1061 | |
| 88c9410 | 88i9108 | 88i9422 | 88i1062 | |
| 88c9411 | 88i9112 | 88i8912 | 88i9118 | |
| 88c10010 | 88i9115 | 88i8922 | 88i9119 | |
| 88c11010 | 88i9117 | 88i8925 | 88i9137 | |
| 88src10000 | 88i9122 | 88i8945 | 88i9160 | |
| 88src10030 | 88i9125 | 88i8946 | 88i9435 | |
| 88src10050 | 88i9126 | 88i9010 | 88i9441 | |