IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CARNEGIE MELLON UNIVERSITY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 09-290 |
| | ) | Judge Nora Barry Fischer |
| MARVELL TECHNOLOGY GROUP, LTD. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This is a patent infringement case brought by Plaintiff, Carnegie Mellon University ("CMU"), against Defendants Marvell Technology Group, Ltd. and Marvell Semiconductor, Inc. (collectively "Marvell"), alleging that Marvell has infringed two of its patents. Presently before the Court is Defendants' "Motion to Compel or to Review *in Camera* Documents Withheld by CMU that are Relevant to Laches," (Docket No. 800), with their brief in support. (Docket No. 801). Based on Plaintiff's privilege log entries, Defendants wish to compel, or have the Court review *in camera*, documents that Defendants believe are dispositive on the issues of laches, which is to be decided by the Court as part of Defendants' post-trial motions. (Docket No. 801). Marvell files this Motion to Compel nearly three years after receipt of the privilege logs, two years after the close of discovery, and two months after a jury verdict of $1,169,140,271.00. (Docket Nos. 762, 816). Plaintiff counters in its Response that there is no good cause shown for the untimely discovery of privileged materials. (Docket No. 816). Upon consideration of the parties' submissions, and for the following reasons, Defendants' Motion to Compel or to Review *in Camera*, (Docket No. 800) is DENIED.

1

Marvell first raised the issue of laches at trial, in the parties' initial submission of proposed jury instructions on November 9, 2012, a pleading which was struck by the Court for failure of the parties to meaningfully meet and confer. (Docket No. 623). Since its April 29, 2010 Amended Answer, Marvell had made little mention of the defense of laches until said submission of jury instructions. (Docket No. 116 at ¶28)

Marvell requested that laches be presented to the jury on an advisory basis, and given the parties' argument on same during the pretrial conference, the Court ordered further briefing on the issue in their trial briefs of November 20, 2012. (Docket Nos. 637, 645 at 54-56; 648 at 192, 230-31). On November 28, 2012, the Court held that as Marvell had not proffered specific evidence to demonstrate *when* CMU first became aware of Marvell's infringement or *what* evidentiary or economic prejudice Marvell had allegedly sustained due to CMU's alleged delays to that point, the issue was not appropriately "teed up" for a decision by an advisory jury and would be decided by the Court in a subsequent proceeding. (Docket No. 670). The Court stated that in said subsequent proceeding the parties could submit findings of fact and conclusions of law on the issue of laches, as it appeared to the Court at that time that there was no difference between the evidence to be presented to the jury at trial concerning Marvell's defense to willful infringement and the defense of laches. (*Id.*). While the issue of laches was not presented to the jury on an advisory basis, Marvell presented evidence, witness testimony, and argument regarding the timeline of CMU's knowledge of the accused infringing technology.[1]

On December 26, 2012, the Court entered the scheduling order for all post-trial motions. (Docket No. 763). In the parties' January 2, 2013 joint status report on post-trial motions, Marvell stated it intended to bring a motion for judgment on laches, but made no mention of a

---

[1] *See* Dr. Moura, Dr. Kavcic, and Mr. Wooldridge's testimony. (Docket Nos. 673 at 87-97; 674 at 107-119; 682 at 136-140). *See also* Marvell's opening statement and closing argument. (Docket No. 671 at 139; 759 at 105).

need for an evidentiary hearing on laches or further discovery. (Docket No. 766). On January 31, 2013, Marvell moved for an evidentiary hearing on laches. (Docket No. 778). On February 7, 2013, the Court ordered that no hearing would be held, and that Marvell would adhere to the briefing schedule established by the Court. (Docket No. 781). However, the Court granted Marvell leave to supplement its position with supporting affidavits on its claims of alleged "economic or evidentiary prejudice," to the extent the company believed it was not able to present this testimony at trial due to (self-imposed) time limits. (Docket No. 781). The Court was clear in that order, that the only additional discovery allowed would be by CMU, to the extent it required discovery of the affiants. (*Id.*).

Rule 16 of the Federal Rules of Civil Procedure authorizes a district court to enter pretrial scheduling orders setting deadlines for the completion of discovery, the amendment of pleadings and the joinder of parties. Fed.R.Civ.P. 16. Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). To establish good cause, a party must demonstrate that they acted diligently, "carelessness, or attorney error, which might constitute 'excusable neglect' under Rule 6(b), is insufficient to constitute 'good cause' under Rule 16(b)." *Graham v. Progressive Direct Ins. Co.,* 271 F.R.D. 112, 121 (W.D.Pa. Sept. 15, 2010) (quotation omitted); see also Fed.R.Civ.P. 16, Advisory Committee Note (1983) ("the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). Accordingly, Motions to Compel filed after the discovery deadline are untimely and prohibited, absent good cause. *Flynn v. Health Advocate, Inc.,* CIV.A.03-3764, 2005 WL 288989 (E.D. Pa. Feb. 8, 2005) *aff'd*, 169 F. App'x 99 (3d Cir. 2006). Defendants, as the moving parties, have the burden to demonstrate "good cause." The Court is also guided by the Federal Rules of Civil Procedure and pertinent

case law that prohibit untimely discovery. *See* FED. R. CIV. P 26(b)(2)(C)(ii) ("On motion or on its own, the court <u>must</u> limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that […] the party seeking discovery has had ample opportunity to obtain the information by discovery in the action,")(emphasis added); *Crown Coal & Coke Co. v. Compass Point Res., LLC,* CIV.A.07-1208, 2010 WL 1142029 (W.D. Pa. Mar. 24, 2010) (quashing a subpoena because Plaintiff had ample opportunity to obtain the information it sought where trial was set to begin in 3 weeks, and the deadline for discovery had closed nearly two years earlier). The Court further recognizes its duty under Rule 1 to expeditiously bring this case to its conclusion and reopening discovery after the jury's verdict would clearly run counter to those principles. FED. R. CIV. P. 1

In denying this Motion, it is clear to the Court, as it should have been to Marvell, that any discovery on its laches defenses should have been completed well over 2 years ago. Marvell first presented its defense of laches in its first Answer on June 1, 2009. (Docket No. 13). Since that time, Marvell had over two years of discovery to compel these documents, as fact discovery on this case did not close until **<u>January 27, 2011</u>**, with a few narrow exceptions.[2] (Docket No. 240). In fact, Marvell served interrogatories on CMU's knowledge of infringement and received CMU's answers, listing individuals with possible knowledge and materials evidencing same, on October 7, 2009. (Docket No. 816 at Ex. 1). Further, Marvell received the privilege logs of K&L Gates, CMU, and Dr. Kavcic, from which they now request to see listed documents, in June and July of 2010. (Docket No. 816 at 7). It is not evident to the Court why Marvell took no

---

[2] The narrow exceptions to the close of discovery at that time were (1) discovery that is permitted by the Court in connection with Plaintiff's Motion to Compel Discovery relating to Defendants' field application engineers, (Docket No. 209); (2) discovery previously propounded by Plaintiff on Defendants' customers and any associated motions to compel; and (3) Plaintiff's request for full part number information discussed at the Telephonic Discovery Status Conference held on January 28, 2011. (Docket No. 240).

4

additional steps at that time to compel discovery of the privileged documents it now seeks in this Motion.

To this end, the Court held countless conferences on the status of discovery in this case, for the purpose of resolving any and all disputes. *See e.g.* (Docket Nos. 92, 114, 117, 121, 122, 165, 190, 191, 200, 217, 235, 244, 253, 268, 274, 332). <u>Not once</u> in any of the discovery status conferences or motions on discovery did Marvell raise this issue. *Id.* The Court never prevented Marvell from obtaining any such evidence, and indeed even granted the parties several extensions to the original discovery deadlines. (Docket Nos. 121, 189, 240). Marvell has offered no argument or evidence of good cause to show that diligent discovery of this material was not possible. Marvell has been represented by experienced and well equipped counsel throughout this case.

Further, the defense of laches was not unbeknownst to Marvell or its counsel, as it first raised the defense in its Answer on June 1, 2009 and again in its Amended Answer April 29, 2010. (Docket Nos. 13, 116). Now, nearly 4 years later, two years after the close of discovery, two months after trial, and in the middle of the post-trial briefing, Marvell requests to open up the legal files of CMU to find "possibly dispositive" laches evidence. (Docket No. 801). (Docket No. 801). As of November 20, 2012, Marvell claimed to be prepared to submit the issue of laches to the jury, and there was no mention of additional discovery needed. (Docket No. 647). This untimely request would necessarily delay the Court's final adjudication of this case. The Court has ordered a hearing on all arguments regarding post-trial motions on May 1, 2013, and it will not entertain such "wild goose chases" at this late juncture.

Lastly, the Court disagrees with Marvell's argument that as a matter of fairness, CMU must produce their privileged material *in camera* to the Court given that Marvell was ordered to

produce relevant documents *in camera* during the trial.  (Docket No. 801).  On December 18, 2012, the Court ordered the production of "any and all documents that involve or reference Mr. Gregory Burd, Dr. Zining Wu, Eric Janofsky, Esq., CMU, Kavcic, or Seagate between the years of 2001 to 2003, and any and all documents involving Fujitsu between the years of 2003 to 2005" in response to CMU's Motion *in Limine* to Strike and to Preclude Argument Relating to Marvell's Pre-suit Communications with Counsel about the patents-in-suit.  (Docket No. 737). The Court requested these documents in order to decide the Motion at hand, and never disclosed any such documents to CMU.  (Docket No. 757).  On that Motion, the Court ruled in Marvell's favor, holding that Marvell had not violated any Court orders because "CMU did not pursue the nature of the communications with patent counsel that Dr. Wu disclosed during his discovery deposition … by filing a motion to compel him to provide further explication of his answers … or challenge the privilege log provided by Marvell during discovery." (*Id.*).  As often repeated during this trial, "what's good for the goose, is good for the gander."  Just as CMU fell prey to its lack of discovery on privileged communications, so too does Marvell.

      IT IS SO ORDERED.

*s/ Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date: February 28, 2013

cc/ecf:  All counsel of record.