IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 09-290 |
| ) | Judge Nora Barry Fischer |
| MARVELL TECHNOLOGY GROUP, LTD., ) | |
| and MARVELL SEMICONDUCTOR, INC., ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM ORDER

### I. INTRODUCTION

Pending before the Court is Marvell Technology Group, Ltd. and Marvell Semiconductor, Inc.'s (collectively, "Marvell") "Motion for Reconsideration and Stay of this Court's Order Denying Marvell's Motion to Seal." (Docket No. 846). Carnegie Mellon University ("CMU") has filed a brief in opposition. (Docket No. 848). For the following reasons, the Court denies Marvell's motion.

### II. BACKGROUND

The relevant background of this case has been discussed extensively elsewhere. (*See* Docket No. 838). It suffices to say that this is a patent infringement action in which CMU alleges that Marvell has infringed two of CMU's patents, for which the Court conducted a four week jury trial from November to December of 2012. (Docket No. 760). The Court ordered the parties to file the demonstrative exhibits used throughout the trial on the public docket. (Docket No. 709, 761, 770, 771). The Court also ordered briefing and findings of fact on the issue of laches for the Court's determination of same. (Docket No. 781). Marvell then moved to file

1

certain demonstrative slides and portions of Marvell's CEO Dr. Sutardja's affidavit in support of laches under seal. (Docket Nos. 772, 797).

After complete briefing, the Court denied both motions to seal in an opinion dated March 29, 2013, which was accompanied by a 43 page Appendix, stating the reasons for such denial for each of the over 100 demonstrative slides. (Docket No. 838). That opinion discussed Marvell's burden required for sealing such records and found their proffered evidence insufficient to support sealing these records. (*See generally id.*). On April 4, 2013, Marvell filed this motion for reconsideration of that opinion and order, which CMU opposed. (Docket Nos. 846, 847, 848)

### III. LEGAL STANDARD

Motions for reconsideration are granted sparingly "[b]ecause federal courts have a strong interest in finality of judgments." *Jacobs v. Bayha*, No. 07-237, 2011 WL 1044638, at *2 (W.D.Pa. Mar. 18, 2011). "Because of the interest in finality, at least at the district court level … the parties are not free to relitigate issues the court has already decided." *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D.Pa.1998) (citing *Rottmund v. Continental Assurance Co.*, 813 F.Supp. 1104, 1107 (E.D.Pa.1992)). The purpose of a motion for reconsideration is "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). A Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café*, 176 F.3d at 677 (citing *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

### IV. ANALYSIS

Marvell's motion relies on the third prong, as they argue that reconsideration is necessary because the Court incorrectly held Marvell's motions to seal to a "compelling interest" standard and that it instead should apply a "good cause" standard. (Docket No. 847). Marvell believes that they have satisfied the "good cause" burden, warranting sealing the documents in question. (*Id.*). CMU opposes the motion on both grounds. (Docket No. 848). In this Court's estimation, Defendants have failed to meet their burden to demonstrate that reconsideration of the Court's Order is necessary, as the Court believes that "compelling interest" is the appropriate standard given the stage at which Marvell seeks to have their documents sealed, and even if inappropriate, Marvell has failed to provide sufficient specific evidence of potential injury from this information's disclosure.

### a. Marvell Has Not Shown that the Application of the Compelling Interest Standard is in Error

The Court previously determined that the appropriate standard in deciding Marvell's motions to seal was that only the most compelling interests could justify the non-disclosure of judicial records. (Docket No. 838, at 7-8). The Court agrees in part with Marvell that *generally*, a party wishing to seal documents must demonstrate *at least* "good cause" for the sealing. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).[1] However, in *Miller* and its

---

[1] The Court notes that throughout this litigation, it been more than generous in granting the parties' requests to seal. (Docket Nos. 24, 88, 155, 160, 162, 167, 171, 193, 208, 213, 216, 227, 246, 248, 256, 263, 276, 286, 290, 294, 297, 310, 322, 343, 344, 384, 386, 410, 422, 433, 460, 463, 464, 479, 527, 529, 541, 574, 580). It has allowed the parties to file numerous documents under seal before the instant requests, because such requests were for good cause shown, during the discovery phase of this case, largely uncontested, to obviate repeat motions practice on this issue, and in an effort to expediently this case. *See Mosaid Technologies Inc.*, 878 F. Supp. 2d at 509 ("once the time comes for the Court to substantively engage with the issues in this litigation, it must view proposed redactions relating to public proceedings in a different light"); *Pansy*, 23 F.3d at 790 n. 26 ("blanket protective orders may be useful in expediting the flow of pretrial discovery materials, they are by nature over inclusive and are, therefore, peculiarly subject to later modification"). Throughout its proceedings, the Court was mindful of the sensitive nature of the technology, encapsulated by algorithms, source code, and circuit drawings, that could be easily copied and disseminated, especially through CM/ECF. *See* (Docket No. 590 at 175-177) (Court granting Marvell's request that source code be limitedly projected on the large screen during the *motions in limine* hearing since it was sensitive confidential information, and the Court noting for the record those present). However, the Court repeatedly warned

progeny, the Third Circuit has clearly established a stricter standard in instances warranting higher scrutiny. *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994).[2] While the Third Circuit has applied the "compelling interests" standard to requests to seal an entire record, the application is not limited to that particular circumstance. *Id.; Hart v. Tannery,* 461 F. App'x 79, 81 (3d Cir. 2012) (party unsuccessfully seeking to seal the record of a case disposed of by a motion to dismiss). Indeed, the Third Circuit has even applied the "compelling interests" standard to a request to seal an *in camera* class action proceeding. *In re Cendant Corp.,* 260 F.3d 183, 194 (3d Cir. 2001). Given that the documents Marvell seeks to seal were shown at public jury trial and are material to the understanding of the jury's verdict in a highly publicized case[3], the Court remains of the opinion that consideration of Marvell's present motion under the "compelling interest" standard is warranted.[4] *Id.*

---

the parties that once the case went to trial, the entire matter would be open to the public. *See e.g.* (Docket No. 591 at 194; 645 at 60-61); *see also TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.,* No. 09-1531, 2012 WL 1432519 (D. Ariz. Apr. 25, 2012) (similarly warning the parties that "no portion of the trial will be conducted under seal, and none of the trial transcripts or exhibits will be sealed").

[2] The Court also notes that *Pansy* was decided 2 months after *Miller,* and dealt with a governmental body, a public official, and a settlement agreement which was likely available under the Pennsylvania Right to Know Act. *Pansy*, 23 F.3d at 785, 792. The *Pansy* Court held that the settlement agreement did not constitute a judicial record, and so accordingly. it was "not apply[ing] the standards we have articulated in our line of cases dealing with access to judicial proceedings and documents. *E.g., Miller v. Indiana Hosp.,* 16 F.3d 549, 551 (3d Cir.1994)." *Id.* at fn. 31.

[3] As aptly stated by the United States District Court of the District of Delaware, "civil proceedings cannot effectively operate if huge swaths of judicial opinion and hearing transcripts are subject to redaction; ... [i]n order for the courts to 'talk' to litigants and for the public to fully understand a court's precedent" courts need to disclose the information, even if confidential, that is subject of the adjudication. *Mosaid Technologies Inc. v. LSI Corp.,* 878 F. Supp. 2d 503, 513 (D. Del. 2012). The parties could have sought relief in a non public forum, such as arbitration, where all this information would be protected from public view. *Id.* at 512.

[4] The First, Second, Sixth, Ninth, Eleventh, Federal and DC Circuits have already explicitly recognized a standard above "good cause" applicable to either trial materials or to all non-discovery judicial records. *See Poliquin v. Garden Way, Inc.,* 989 F.2d 527, 533 (1st Cir. 1993) ("only the most compelling showing can justify post-trial restriction on disclosure of testimony or documents actually introduced at trial"); *United States v. Amodeo,* 71 F.3d 1044, 1049 (2d Cir. 1995) ("we have also consistently held that the public has an especially strong right of access to evidence introduced in trials"); *In re Knoxville News-Sentinel Co., Inc.,* 723 F.2d 470, 476 (6th Cir. 1983) ("Only the most compelling reasons can justify non-disclosure of judicial records."); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (holding that the right of access to all court records can only be overridden for "sufficiently compelling reasons"); *Wilson v. Am. Motors Corp.,* 759 F.2d 1568, 1571 (11th Cir. 1985) (a heightened standard exists since "absent some exceptional circumstances, trials are public proceedings" and

Further, the cases that Marvell cite in their brief in support of their motion for reconsideration are distinguishable from the instant case. *See Erwin v. Waller Capital Partners LLC*, No. 10-3283, 2012 WL 3528976 at *2 (D.N.J. Aug. 14, 2012) (granting a <u>uncontested</u> motion to seal portions of a trial transcript of an employee bonus civil suit); *Mosaid Technologies Inc. v. LSI Corp.,* 878 F. Supp. 2d 503, 510 (D. Del. 2012) (request to redact 28 lines of the summary judgment argument transcript that dealt with financial terms "<u>incidental</u> to the substantive issues in this case"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, No. 3-6025, 2007 WL 2085350 (D.N.J. July 18, 2007) (sealing requests to <u>pre-trial</u> motions); *In re Gabapentin Patent Litig.,* 312 F. Supp. 2d 653, 657 (D.N.J. 2004) (sealing summary judgment motions that contained protectable trade secrets of secret chemical formulas, analytical testing, chemical composition of the generic drugs, research and development data, previously marked as confidential); *Pugliano v. Grace Holmes, Inc.,* No. 11-01562, 2012 WL 1866380 at * 3 (W.D. Pa. May 22, 2012) (using a good cause standard to deny an <u>uncontested</u> request to seal the entire record, when the case was resolved <u>before discovery</u> had commenced). Accordingly, the motion for reconsideration is denied to the extent that Marvell relies on this authority.

### b. No Showing of Clearly Defined and Serious Injury to Marvell

Even if the Court applied the "good cause" standard, Marvell's Motions to Seal would still fail. Under both the "compelling interest" and "good cause" standards, the movant bears the burden of showing with specificity that the "disclosure will work a clearly defined and serious

---

so before denial of public access to trials, other Court proceedings and associated records, it must be shown that such closure "is necessitated by a compelling governmental interest, and is narrowly tailored to that interest"); *In re Violation of Rule 28(D),* 635 F.3d 1352, 1358 (Fed. Cir. 2011) ("where the party seeks to limit the disclosure of information actually introduced at trial, an even stronger showing of prejudice or harm may be required to warrant limitations on disclosure"); *In re Nat. Broad. Co., Inc.,* 653 F.2d 609, 614 (D.C. Cir. 1981) (holding that the "fact that the tapes were admitted into evidence and played to the jury weighs heavily" as first, "trial is a public event, and what transpires in the court room is public property. Second, the tapes had been seen and heard by those members of the press and public who attended the trial. Our cases have recognized that such previous access is a factor which lends support to subsequent access.").

injury to the party seeking closure." *In re Cendant Corp.*, 260 F.3d at 194; *Pansy*, 23 F.3d at 786.

As the Court made clear in its original opinion (Docket No. 838), Marvell failed to submit current evidence of a clearly defined and serious potential injury. *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993). Marvell, through their CFO Brad Feller, generally asserted that unnamed competitors could use profit information on discontinued products to undercut Marvell's current pricing. (Docket No. 773). The Court stated in its Opinion (Docket No. 838), and reiterates here, that such statements are simply "broad allegations of harm, bereft of specific examples or articulated reasoning" insufficient for justifying nondisclosure. *In re Cendant Corp.,* 260 F.3d at 194; *Pansy*, 23 F.3d at 786. Such general conclusory statements of harm "do not meet the heavy burden of overcoming the presumption of access to judicial records," under any standard. *Hart v. Tannery*, 461 F. App'x 79, 81 (3d Cir. 2012). Marvell has not articulated a clearly defined injury; not even so far as identifying a single customer or competitor who would use any of this information as "a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598 (1978). Hence, Marvell has failed to show either causation or potential injury in its initial motion (Docket Nos. 772, 797) and later motion for reconsideration (Docket No. 846). Without such specific evidence, Marvell cannot meet the lower burden of "good cause" they ask the Court to apply, not to mention the standard this Court is employing. Thus, Marvell's motion for reconsideration is also denied on this basis.

V. **CONCLUSION**

For the foregoing reasons, Marvell's "Motion for Reconsideration and Stay of this Court's Order Denying Marvell's Motion to Seal" (Docket No. 846) is denied.[5] Marvell shall file an un-redacted version of Dr. Sutardja's affidavit and all disputed slides by **April 24, 2013.**

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: April 17, 2013
cc/ecf: All counsel of record.

---

[5] In a footnote to its Motion for Reconsideration, Marvell asks the Court to seal certain slides located at Exhibit K to Docket No. 771 that "were inadvertently omitted" from their initial Motion to Seal. (Docket No. 847 at Fn. 2). The Court denies this request for the same reasons as stated in its earlier opinion (Docket No. 838) and as supplemented herein. Marvell's recognition that information they seek to seal is publically available, and has been since January 23, 2013, supports this Court's earlier holding that all such information is not "confidential" nor likely to cause serious injury. (Docket No. 838).