**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CARNEGIE MELLON UNIVERSITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 09-290 |
| | ) | Judge Nora Barry Fischer |
| MARVELL TECHNOLOGY GROUP, LTD. | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff CMU's "Motion to Strike Certain Paragraphs of the Affidavits of Sehat Sutardja and Zining Wu" and Brief in Support. (Docket Nos. 830, 831). CMU seeks to strike portions of these affidavits, submitted by Defendants Marvell in support of their Motion for Judgment on Laches, on the basis that they constitute impermissible opinion testimony based on conjecture and speculation. (*Id.*). Marvell opposes the motion, averring that such statements constitute topics of permissible opinion testimony and such lay opinions are based on the personal knowledge of Dr. Sutardja and Dr. Wu. (Docket No. 844). Upon consideration of the parties' positions, CMU's motion [830] is denied.

In so holding, the Court notes the following. The relevant background of this case has been discussed extensively elsewhere, but suffice it to say this is a patent infringement action, in which the Court conducted a four week jury trial from November to December of 2012 wherein the jury found Marvell had infringed 2 of CMU's patents. (Docket No. 760). The instant motion relates to the submission of affidavits in support of Marvell's Motions for Judgment on Laches. (Docket No. 802). This Court previously ruled that, despite Marvell's request to present the defense of laches to the jury, the issue was not appropriately "teed up" for a decision by an

1

advisory jury and would be decided as a post-trial motion. (Docket No. 670). The Court held

that the parties could submit findings of fact and conclusions of law on the issue of laches, as it

appeared to the Court at that time that there was no difference between the evidence to be

presented to the jury at trial concerning Marvell's defense to willful infringement and the defense

of laches. (*Id.*). Marvell, however, moved for an evidentiary hearing on laches on January 31,

2013, which CMU opposed. (Docket No. 778, 780). In response, the Court ordered that no such

hearing would be held, but that Marvell could supplement their position with supporting

affidavits on their claims of alleged "economic or evidentiary prejudice," to the extent they

believed they were not able to present such evidence at trial due to (self-imposed) time limits.

(Docket No. 781). This order also allowed CMU to petition the Court for discovery on these

affiants. (*Id.*) Accordingly, Marvell submitted the affidavits of their CEO, Dr. Sutardja and Dr.

Xining Wu addressing the alleged economic prejudice in support of their laches defense.

(Docket No. 802). The affidavit paragraphs that CMU seeks to strike[1] discuss what Dr. Sutardja

and Dr. Wu believe Marvell would have done had CMU filed a lawsuit or gave notice of its

intent to sue earlier. (*Id.* at Exs. 1, 2).

Reviewing these statements, the Court agrees with Marvell that Dr. Sutardja and Dr.

Wu's statements are within the parameters of admissible fact witness testimony.[2] As fact

witnesses, both can testify about Marvell's research, production and development of the accused

technology. To the extent they offer any testimony in the form of opinions, they are limited by

Rule 701, which only allows opinions, rationally based on their own perceptions, that a fact

---

[1] These paragraphs are 13, 14 in part, 15, 16, 17, 18, and 19 of Dr. Sutardja's Affidavit, and paragraphs 20, 21 in part, 23, 24 in part, 25, 26 in part of Dr. Wu's Affidavit. (Docket No. 830); *see also* (Docket No. 802, at Exs. 1, 2).

[2] The Court notes that neither of these affidavits are offered as statements of a 30(b)(6) witness testifying on the corporations' behalf. FED. R. OF CIV. PRO. 30(b)(6).

finder would find helpful to understanding their testimony.[3] FED. R. EVID. 701. As this Court stated in *Autoforge, Inc. v. Am. Axle & Mfg., Inc.,* "[t]he modern trend favors the admission of [lay] opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination."[4] 2008 WL 65603 (W.D. Pa. Jan. 4, 2008) (allowing the President and sole shareholder of the Plaintiff corporation, Autoforge, to offer lay opinion testimony based on facts within his particularized knowledge by virtue of his position at Autoforge and to the extent a proper foundation was laid).

These opinions can include future predictions or opinions on what would have occurred under certain circumstances, as long as these opinions are based on personal knowledge. *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 81 (3d Cir. 2009) (stating the Third Circuit necessitates "that lay testimony requiring future projections of a business or operation come from someone who has intimate and thorough knowledge of the business gathered from either a lengthy tenure or a position of authority"); *see also Lativafter Liquidating Trust v. Clear Channel Commc'ns, Inc.,* 345 F. App'x 46, 51 (6th Cir. 2009) (allowing an investor and board member to opine on the corporation's projected value if it had retained a particular business, since it was based on his personal knowledge of the corporation). The advisory note to Rule 701 confirms this holding, stating that an

> owner or officer of a business can testify to the value or projected
> profits of the business, without the necessity of qualifying the

---

[3]      The Court notes that CMU's witnesses Dr. Kavic and Dr. Moura were held to this same standard at trial. *See Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.,* No. 09-290, 2012 WL 6562413 (W.D. Pa. Dec. 17, 2012).

[4]      In this instance, as the witness are not testifying during a "jury trial," CMU counsel could deposed affiants (Docket No. 781) or can use argument to point up the weaknesses of lay opinion testimony in light of any countervailing evidence. *See generally Asplundh Mfg. Div., a Div. of Asplundh Tree Expert Co. v. Benton Harbor Eng'g,* 57 F.3d 1190, 1213 (3d Cir. 1995)

> witness as an accountant, appraiser, or similar expert … because of
> the particularized knowledge that the witness has by virtue of his
> or her position in the business.

FED. R. EVID. 701 Advisory Note to 2000 Amendment (citing *Lightning Lube, Inc. v. Witco Corp.,* 4 F.3d 1153 (3d Cir.1993)).

Both Dr. Sutardja and Dr. Wu have the appropriate background, education, work experience, position at Marvell, and personal knowledge to proffer lay opinions on Marvell's technology, development, and business practices. Dr. Sutardja is the Co-Founder of Marvell Technology Group, Ltd. and has served as its President and Chief Executive Officer since its inception in 1995. (Docket No. 802 at Ex. 1 ¶ 1). He received his bachelors in electrical engineering and computer science from Iowa State University, and his masters and Ph.D. in electrical engineering and computer science from U.C. Berkeley (Docket No. 707 at 36-37). He supervises and manages over 7000 employees at Marvell. (*Id.* at 53). Dr. Wu is Vice President of Data Storage Technology at Marvell Semiconductor, Inc. (Docket No. 802 at Ex. 2 ¶ 1). He received his Ph.D. in Electrical Engineering from Stanford University in 1999, specializing in signal processing, digital communication technology, coding, and detection for read channels. (*Id.* at ¶ 2). He has worked at Marvell in signal processing and coding since 1999, first as a staff design engineer, then as a manager, senior manager, director, senior director, and now since 2008, as the Vice President of Data Storage Technology. (*Id.* at ¶¶3-5). He currently supervises the development of advanced technology for the read channel, which includes 200 employees in roles of design, engineering, and implementations. (*Id.* at ¶6). Since 2001, he has been involved researching the various options to address media noise, pertinent to the technology in suit. (*Id.* at ¶¶ 9-12).

The opinions Dr. Sutardja and Dr. Wu offer in the disputed paragraphs are unavoidably theoretical. The Court does not agree with CMU, however, that they are impermissible

hypothetical conjecture. (Docket Nos. 830, 831). The inquiry surrounds what Marvell would have done if CMU had filed a lawsuit or given notice to sue in 2001 to 2007. (Docket No. 844 at 1). In discussing this, Dr. Sutardja and Dr. Wu discuss the state of Marvell's technology options at those times, and whether those options would have or could have been implemented. (*Id.*). This is within their personal knowledge, as Dr. Sutardja and Dr. Wu are the actors who would made such technology decisions between 2001-2007. *See generally* (Docket No. 802 at Ex. 1, 2). As the primary decision makers, they can validly and with personal knowledge offer testimony about their state of mind was at the time and what they think they would have done, under different circumstances.[5] The Court acknowledges that there is a distinction between expert and lay opinion, as experts are afforded the leeway to opine on hypothetical questions and situations outside their personal knowledge. *Asplundh Mfg. Div., a Div. of Asplundh Tree Expert Co. v. Benton Harbor Eng'g,* 57 F.3d 1190, 1213 (3d Cir. 1995). This, however, is not the case here, as both Dr. Sutardja and Dr. Wu have extensive personal knowledge of Marvell's operations, technological development, and business strategy. *Id.* The statements and opinions on Marvell's technology alternatives, product development, and technology investment strategies are grounded in their personal knowledge and experience. *Teen-Ed, Inc. v. Kimball Int'l, Inc.,* 620 F.2d 399, 404 (3d Cir. 1980) (finding that future business projections were not hypothetical as to be beyond the bounds of his personal knowledge).

---

[5]     CMU cites to *AVM Technologies*, *LLC v. Intel Corp* in saying that such "would have" opinions are outside Dr. Wu's and Dr. Sutardja's personal knowledge. ---F.R.D. ----, No. 10–610, 2013 WL 656745, at *6 (D. Del. Feb. 21, 2013). However that decision is distinct, in that it excluded the opinion of the inventor on what the licensee, Intel, "would have" paid. *Id.* at *5. (opinions regarding "an analysis of the estimated costs that Intel necessarily would have incurred to avoid using the patent, the calculation of a per design use fee Intel would have paid, etc.). It is clear to the Court that in that situation, the inventor lacked personal knowledge because he was an Intel outsider and had no knowledge of the workings of Intel at the present or at the time of the hypothetical negotiation. *Id.*

CMU argues that these statements are self-serving and made only with the benefit of hindsight. (Docket No. 831). Be that as it may, those arguments go to the weight that this Court gives the affidavits, not to the propriety of striking any statements.[6] This Court sat through the four week jury trial and listened to both Dr. Sutardja and Dr. Wu testify. The Court is well aware of their respective experiences, personalities, involvement in the case, financial interests at stake, and levels of credibility. (Docket Nos. 707, 709). The Court, in its role as a fact finder, will reach its decision on laches based on same, in addition to the Dr. Sutardja and Dr. Wu's affidavits, upon consideration of both parties' arguments, and in light of the jury's determinations. *See generally EBC, Inc. v. Clark Bldg. Sys., Inc.,* No. 05-1549, 2008 WL 4922107 (W.D. Pa. Nov. 13, 2008) (Fischer J.) *aff'd,* 618 F.3d 253 (3d Cir. 2010).[7] In granting Marvell leave to file affidavits, the Court granted CMU the right to request discovery, such as depositions, of the affiants. (Docket No. 781 at 2). It did not choose to bring any such request to the Court. Further, striking or excluding such evidence is an extreme sanction not favored by the courts. *See generally Konstantopoulos v. Westvaco Corp.,* 112 F.3d 710, 719 (3d Cir. 1997).

---

[6]     Indeed, at trial, CMU objected when Dr. Sutardja was asked if "if someone were to tell you back in March of 2001 that it would be fair and reasonable for Marvell to pay one billion dollars to use the two CMU patents involved in this case, would you have agreed" as a hypothetical. (Docket No. 707 at 63-64). The Court overruled this objection and Dr. Sutardja stated he would "flip out." (*Id.*). And on that the Court reminded the jury that Dr. Sutardja and Dr. Wu were fact witnesses, and that like any other witness, it was up to the jury to give their testimony the weight they felt it was entitled to. (*Id.* at 89-90, 294).

[7]     In ruling on this motion, the "court's task is to weigh the evidence, resolve any conflicts in it, and decide for itself where the preponderance lies… The Court is also required to assess the credibility of witnesses to determine whether the movant has demonstrated a factual and legal right to relief by a preponderance of the evidence. *EBC, Inc. v. Clark Bldg. Sys., Inc.,* No. 05-1549, 2008 WL 4922107 (W.D. Pa. Nov. 13, 2008) (Fischer J.) *aff'd,* 618 F.3d 253 (3d Cir. 2010); *see also* Third Circuit Model Civil Jury Instruction 2.11, instructing the jury that upon hearing weighing opinion testimony, "you may consider his/her qualifications, the reasons for his/her opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness. The opinion of [name of witness] should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case. In deciding whether to accept or rely upon the opinion of [name of witness], you may consider any bias that [name of witness] may have…"

Thus, CMU can argue these affidavits carry little weight, but at this juncture, the Court does not find that the extreme measure of striking portions of these affidavits is warranted.[8]

For these reasons, IT IS HEREBY ORDERED that CMU's "Motion to Strike Certain Paragraphs of the Affidavits of Sehat Sutardja and Zining Wu." (Docket No. 830) is DENIED.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: April 24, 2013
cc/ecf: All counsel of record.

---

[8] The Court notes while affidavits "essentially conclusory and lacking in specific facts [are] inadequate to satisfy the movant's burden," these affidavits are neither as yet determined to be conclusory, nor consist of all evidence proferred in support of Marvell's Motion. *Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir. 1985).