## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY, | |
| Plaintiff, | |
| v. | Civil Action No. 2:09-cv-00290-NBF |
| MARVELL TECHNOLOGY GROUP, LTD. and MARVELL SEMICONDUCTOR, INC., | Hon. Nora B. Fischer |
| Defendants. | |

### MARVELL REPLY IN SUPPORT OF ITS MOTION TO SUPPLEMENT THE RECORD ON MARVELL'S MOTION FOR JUDGMENT ON LACHES

In an attempt to foreclose an obviously substantial and well-documented laches defense by Marvell, CMU relies on a footnote in the Court's pre-verdict Order dated November 28, 2012 (Dkt. 670 at 6 n.5) in which the Court declined to submit laches to the jury for an advisory verdict. The footnote was not thereafter cited by the Court or either party (until the May 2 Hearing), and was effectively superseded once both the Court and the parties acknowledged that factual disputes need to be resolved in connection with laches.

For example, in its post-verdict February 7, 2013 Order denying Marvell's request for an evidentiary hearing on laches, the Court required Marvell to "submit with its motion for judgment on laches, ***proposed findings*** of fact and conclusions of law supported by all evidence that it intends to proffer in support of its defense." (Dkt. 781 at 1 (emphasis added)). And in its April 24, 2013 Order, the Court confirmed that it will need to "weigh the evidence, resolve any conflicts in it, and decide for itself where the preponderance lies," as well as to "assess the credibility of witnesses" (*See, e.g.*, Dkt. 864 at 6 n.7). Thus, CMU's assertion that Marvell procedurally defaulted more than a month ago by not separately filing a response to CMU's proposed findings of fact—as if they were a concise statement of

**"undisputed** and material" facts required on a summary judgment motion under Rule 56—is pure gamesmanship.

The Court's direction to file proposed findings of fact and conclusions of law referenced the procedure under Rule 52 – not Rule 56.  Under Rule 52, "the Court may direct **suggested findings** of fact and conclusions of law to be filed" (LCvR 52), after which the Court weighs the evidence and makes determinations as to both the facts and the law.  This is in contrast to the procedure under Rule 56 where the parties submit and oppose one another's statements of undisputed and material facts, and the Court determines whether genuine issues of material fact exist.  *See, e.g., Anderson v. Equitable Resources, Inc.*, No. 08–952, 2009 WL 4730230, at *7 (W.D. Pa. Dec. 4, 2009) (Fischer, J.) ("In considering a motion for summary judgment, a district court may not 'make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence is to be believed and all justifiable inferences are to be drawn in [its] favor.'  *Marino v. Industrial Crating Co.,* 358 F.3d 241, 247 (3d Cir. 2004)" (additional internal quotation marks and citations omitted)).

Moreover, the language of the Court's April 17, 2013 Order confirmed that the parties were proceeding under Rule 52:  "The Court also ordered briefing and **findings of fact** on the issue of laches **for the Court's determination** of same" (Dkt. 856 (emphases added)).  The Court's April 24, 2013 Order confirmed again that the parties were not proceeding under the rules for summary judgment—it recognized that the parties' responsive laches briefing poses factual disputes that **need to be resolved** as such (Dkt. 864 at 6 & 6 n.7).  As the Court noted, its "'task is to weigh the evidence, resolve any conflicts in it, and decide for itself where the preponderance lies'"—and even "'to assess the credibility of witnesses.'"  (*Id.* at 6 n.7 (quoting *EBC, Inc. v. Clark Bldg. Sys., Inc.*, No. 05-1549, 2008 WL 4922107 (W.D. Pa. Nov. 13, 2008) (Fischer J.) *aff'd*, 618 F.3d 253 (3d Cir. 2010))).  The Court drew directly from the

2

section in the *EBC* decision that sets forth the legal standard for deciding motions under Rule 52(c).[1] And it tracked the parties' shared indication that factual issues were in dispute as to laches and in need of resolution such that resort to Rule 56 can have no place. *See* Fed. R. Civ. P. 56 (the court may grant summary judgment only if "there is no genuine dispute as to any material fact").

Still further, in keeping with the fact that "oppositions" to proposed findings of fact are not contemplated by Rule 52, the Court did not set a briefing schedule for an exchange of oppositions. (Dkt. 763).[2] And, indeed, neither party ever raised Rule 56 during briefing on laches, and neither party framed their proposed findings of fact, in name or in substance, as though they were "undisputed" or otherwise susceptible to summary judgment. The parties did, however, discuss whether Rule 52(c) or Rule 50 provides the governing standard for review (Dkt. 804 at 4 n.2; Dkt. 823 at 3 & 3 n.3; Dkt. 854 at 8 n.12). Notably, CMU never once mentioned Rule 56 until oral argument.

In these circumstances, Marvell respectfully submits that CMU has no basis for arguing that Rule 56 was violated, much less that Marvell has procedurally defaulted its laches defense. The Court can so rule without need for further briefing. Marvell has simply requested leave to complete the record—and done so immediately following CMU's first

---

[1]   *EBC* well confirms the folly of CMU's position. There, the Court ordered the parties to file post-trial proposed findings of fact and conclusions of law in response to a motion for reconsideration and a Rule 52(c) motion. 2008 WL 4922107 at *3. Both parties in *EBC* submitted proposed findings of fact and conclusions of law, yet neither party filed particularized responses to the proposed findings. *See* No. 05-1549, Dkt. 128, 133. Indeed, although the plaintiff was granted leave to file a reply, the plaintiff did not include a particularized response to the defendant's proposed findings of fact and conclusions of law. *See* No. 05-1549, Dkt. 131, 133.

[2]   The Court's order setting post-trial briefing (Dkt. 763) made no mention of Rule 56 or of any factual *opposition* that Marvell might file along with what were to be its "*replies . . .* filed by April 9, 2013."

suggestion that there might be any omission—for the sake of eliminating whatever doubt CMU tried to raise and hold against Marvell for the first time at hearing.

Because its case for default is so obviously farfetched, CMU plays up Marvell's decision not to respond separately to CMU's proposed findings.  (*See* Response at 1 ("Marvell . . . made a deliberate decision not to respond"); *id*. (Marvell made "its own strategic choice"); *id*. at 2 (Marvell made "the strategic decision to do nothing"); *id*. (Marvell "made the conscious choice to do nothing")).  Of course, Marvell *chose* not to respond separately to CMU simply because Marvell believed in good faith, as it continues to believe in good faith, that the Rules (FRCP 52(c) and Local Rule 52) and this Court's post-trial briefing schedule did not permit the parties to file separate responses to each other's proposed findings of fact.   (Dkt. 763).[3]  That is the extent of the "conscious" decision Marvell made, with no prospect of securing any "strategic" advantage over CMU and no indication that briefing was specially proceeding under Rule 56.

As soon as CMU first suggested that Rule 56 might nonetheless apply such that there may be a procedural gap on the docket, Marvell sought leave to clarify the record and to avoid any doubt that Marvell disputes CMU's Findings of Fact and Conclusions of Law. Especially considering that CMU waited until argument to raise the issue, whereupon Marvell immediately sought leave, there is no discernible prejudice posed to CMU from simply allowing Marvell to respond to CMU's Proposed Findings of Fact and Conclusions of Law to

---

[3]   CMU's condemnation of Marvell for forbearing as to what would otherwise have been an additional submission—one beyond what Marvell understood this Court's orders to contemplate—comes with especially poor grace.  As this Court knows, CMU was (out of the other side of its mouth) already pillorying Marvell for what CMU painted as extraneous submissions whereby Marvell supposedly (in CMU's words) "caused serious delay and drove up litigation costs," and "took every opportunity for wasteful argument and baseless requests."   (Dkt. 792 at 4, 11).  It appears that CMU—with its "heads I win, tails Marvell loses, and either way Marvell gets condemned" gamesmanship—would have been just as eager and just as harsh in faulting Marvell for *filing* a separate opposition as CMU now is, after the fact, to fault Marvell's supposed failure to do so.

address CMU's procedural complaint.  Alternatively, the Court can simply rule that the issue is moot because Rule 56 is inapplicable and/or the parties' factual dispute is adequately reflected by the existing briefing.  In no event, however, should CMU's belated, ill-founded procedural complaint interfere with the Court's proper resolution, on the merits, of the weighty factual and legal questions posed by Marvell's laches defense.  And in no event should CMU's Proposed Findings of Fact and Conclusions of Law be accepted wholesale by the Court, as CMU belatedly suggested during the May 2 Hearing.

Dated:  May 15, 2013                              Respectfully submitted,

   /s/   John E. Hall                                     /s/   Joseph Milowic III

John E. Hall                                      Edward J. DeFranco  (*pro hac vice*)
Timothy P. Ryan                                   Kathleen M. Sullivan (*pro hac vice)*
ECKERT SEAMANS CHERIN &                           Faith Gay  (*pro hac vice*)
MELLOTT, LLC                                      Raymond Nimrod  (*pro hac vice*)
U.S. Steel Tower                                  Derek L. Shaffer (*pro hac vice*)
600 Grant Street, 44th Floor                      Joseph Milowic III (*pro hac vice*)
Pittsburgh, PA 15219                              QUINN EMANUEL URQUHART & SULLIVAN, LLP
Phone: (412) 566-6000                             51 Madison Avenue, 22nd Floor
Fax: (412) 566-6099                               New York, New York 10010
jhall@eckertseamans.com                           Phone: (212) 849-7000
tryan@eckertseamans com                           Fax: (212) 849-7100
                                                  eddefranco@quinnemanuel.com

                                                  Steven G. Madison  (*pro hac vice*)
                                                  QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                                  865 S. Figueroa St., 10th Floor
                                                  Los Angeles, California 90017
                                                  Phone: (213) 443-3000
                                                  Fax: (213) 443-3100
                                                  stevemadison@quinnemanuel.com

                                                  Kevin P.B. Johnson  (*pro hac vice*)
                                                  Melissa Baily (*pro hac vice*)
                                                  QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                                  555 Twin Dolphin Drive., 5th Floor
                                                  Redwood Shores, California 94065
                                                  Phone: (650) 801-5000
                                                  Fax: (650) 801-5100
                                                  kevinjohnson@quinnemanuel.com

                                                  *Attorneys for Defendants, Marvell Technology Group,*
                                                  *Ltd. and Marvell Semiconductor, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 15, 2013 the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Dated:  May 15, 2013

/s/  Joseph Milowic III
Joseph Milowic III (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Phone: (212) 849-7000
Fax: (212) 849-7100
josephmilowic@quinnemanuel.com