# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 09-290 ) Judge Nora Barry Fischer |
| MARVELL TECHNOLOGY GROUP, LTD. et al., | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM ORDER**

Presently before the Court is CMU's Motion for "Attorney Fees Pursuant to 35 U.S.C. Section 285," wherein CMU seeks attorney fees of approximately $17.2 Million as a prevailing party at the jury trial in above captioned matter which resulted in a jury verdict of $1,169,140,271.00. (Docket Nos. 762, 791, 792, 794). This Motion has been fully briefed and oral argument was heard on this motion, and others, at a hearing held on May 1 and 2, 2013. (Docket Nos. 835, 849, 859). The transcript was produced and file on May 15, 2013 (Docket No. 880, 881). For the following reasons, CMU's Motion is DENIED, without prejudice.

35 U.S.C. § 285 provides that "the court in exceptional cases may award reasonable attorney fees to the prevailing party." This Court applies Federal Circuit law to the issue of a prevailing parties' entitlement to attorney fees in patent infringement cases. *Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp.,* 459 F.3d 1311, 1321 (Fed. Cir. 2006). "Although an attorney fee award is not mandatory when willful infringement has been found, precedent establishes that the court should explain its decision not to award attorney fees." *Whitserve, LLC v. Computer Packages, Inc.,* 694 F.3d 10, 37 (Fed. Cir. 2012) *cert. denied*, 133 S. Ct. 1291

(2013) (citing *Spectralytics, Inc. v. Cordis Corp.*, 649 F.3d 1336, 1349 (Fed. Cir. 2011)). The inquiry into attorney fees is related to both willfulness and enhanced damages as explained under § 284, given similar considerations are relevant to both. *Id.* at 38. "However, the situations in which § 284 and § 285 may be invoked are not identical" because attorney misconduct or other "aggravation of the litigation process" may weigh heavily in regards to attorney fees, but not as to the enhancement of damages. *Id.*

The Federal Circuit in *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.,* has recently stated the applicable standard.

> The American Rule is not absolute, for the policy of avoiding undue burden on access to judicial remedy gives way when litigation is devoid of any justification, or is tainted by grievous misconduct. Section 285 codifies for patent cases the policy of "compensating the prevailing party for the costs it incurred in the prosecution or defense of a case where it would be grossly unjust, based on the baselessness of the suit or because of litigation or Patent Office misconduct, to require it to bear its own costs." *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.,* 687 F.3d 1300, 1309–10 n. 1 (Fed. Cir. 2012).
>
> In turn, patentees seeking to assert their government-granted patent rights, and accused infringers with grounds for believing the patent to be invalid or not infringed, are shielded from the additional litigation burden of fee-shifting when their positions are reasonable.

711 F.3d 1341, 1345-1346 (Fed. Cir. 2013).

When deciding whether to award attorney fees under § 285, a district court engages in a two-step inquiry. First, the Court "must determine whether the prevailing party has proved by clear and convincing evidence that the case is exceptional," and then, if the case is exceptional, the Court must decide whether awarding attorney fees is justified. *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915-16 (Fed. Cir. 2012). A case may be deemed exceptional under § 285 where there has been "willful infringement, fraud or inequitable conduct in procuring the

patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions." *Id.* Litigation misconduct and "unprofessional behavior may suffice, by themselves, to make a case exceptional under § 285." *Id.* at 919. The *Read* factors as analyzed in the context of enhanced damages, also, are persuasive in supporting the Court's decision to grant or deny attorney fees. *nCUBE Corp. v. SeaChange Int'l, Inc.,* 313 F. Supp. 2d 361, 391 (D. Del. 2004), *aff'd,* 436 F.3d 1317 (Fed. Cir. 2006). However, attorney fees "are not to be routinely assessed against a losing party in litigation in order to avoid penalizing a party 'for merely defending or prosecuting a lawsuit,' and are awarded to avoid a gross injustice." *Revlon, Inc. v. Carson Prods. Co.,* 803 F.2d 676, 679 (Fed. Cir. 1986) (quoting *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 718 (1967)).

CMU argues that attorney fees are warranted not only because of the jury's finding of willfulness, but also due to Marvell's litigation tactics, which it asserts caused unnecessary delays and drove up litigation costs. (Docket No. 792 at 3-4). CMU contends that the alleged aggravating litigation tactics include contradictory non-infringement and invalidity defenses, wasteful discovery and other litigation tactics that it alleges wasted both the Court's and CMU's resources. (*Id.*) Marvell argues again that infringement was not willful, and that even if it was, the case was not exceptional. (Docket No. 835). Marvell also argues that CMU's allegations of litigation misconduct are baseless and exaggerated. (*Id.*) Marvell then asserts that the defenses it presented were in good faith and supported by the evidence at trial. (*Id*. at 7). Finally, Marvell states that even if the Court is inclined to grant attorney fees in this instance, CMU's estimates of their attorney fees are excessive and not tied to any of the alleged misconduct and accordingly it contests the supporting billing entries. (*Id.*).

From the Court's perspective, this motion is one of a host of post-trial motions filed by the parties in this case and they have made it clear there will be an appeal to the Federal Circuit, regardless of the Court's rulings on same. (Docket No. 881 at 35) ("the Court of Appeals -- everybody knows we'll get there."). As an appeal is virtually certain, the Court finds that it is premature to decide the contested issues of attorney fees and to undertake the exceptional task of reviewing the calculations of same, at this juncture.[1] Instead, the Court is persuaded by the procedure employed by Judge Yohn of the U.S. District Court for the Eastern District of Pennsylvania, whereby he denied a motion for attorney fees, without prejudice, to the parties' right to renew the motion and arguments after the appeal was resolved by the Federal Circuit. *Teva Pharm. Indus. Ltd. v. AstraZeneca Pharms. LP,* No. 08-4786, 2012 WL 3063994 (E.D. Pa. July 26, 2012). After the Circuit adjudicated the appeal, the parties then renewed their motions and the Court was in a better position to assess whether an award of attorney fees was appropriate.[2]

Turning to this case, there remain numerous disputed issues between the parties, presently being litigated in post-trial motions, which will undoubtedly be raised on appeal. To this end, the parties have filed competing motions on willfulness, an issue which may be dispositive on whether an award of attorney fees is proper or not. (Docket Nos. 790, 805). Marvell also seeks a new trial on several grounds, which of course, if the Court grants such relief

---

[1] The Court is mindful that this motion may have been protectively filed to preserve CMU's right to attorney fees should it ultimately prevail, yet the Court is also mindful of the judicial resources that will be expended in reviewing this request and Marvel's opposition. To that end, a District Court has the duty, discretion and "power to control its own docket" in order to secure the just and speedy determination of *every* action and proceeding. *See Clinton v. Jones,* 520 U.S. 681, 706 (1997); *see also* FED. R. CIV. P. 1. In entertaining any motion for attorney fees, this Court and its clerks expend considerable time and effort in reviewing and discussing in detail the merits and demerits of each request. *See Mangino v. Pennsylvania Tpk. Comm'n*, Civ. No. 07-00370, 2009 WL 5184701 (W.D. Pa. Dec. 22, 2009); *see also Brown v. City of Pittsburgh,* Civ. No. 06-393, 2010 WL 2207935 (W.D. Pa. May 27, 2010); *Defurio v. Elizabeth Forward Sch. Dist.,* Civ. No. 05-1227, 2007 WL 2752176 (W.D. Pa. Sept. 19, 2007)

[2] At oral argument on May 2, 2013, counsel for Marvell stated they were agreeable to this procedure, while CMU's counsel, argued the issue of attorney fees was ripe for disposition. (Docket No. 881 at 124-125).

could change the status of the parties, such that CMU may not be a prevailing party entitled to attorney fees under 35 U.S.C. § 285. (Docket Nos. 805, 807). Again, all of the Court's forthcoming rulings on these issues will undoubtedly be appealed. (Docket Nos. 880 at 29; 881 at 35). Thus, the appropriate course of action for "economy of time and effort for itself, for counsel and for litigants" is to deny the instant motion, without prejudice, to be renewed after the case is fully adjudicated before the Federal Circuit and/or further proceeding at the trial level. *Bechtel Corp. v. Local 215, Laborers' Int'l Union,* 544 F.2d 1207, 1215 (3d Cir.1976).

Accordingly, IT IS HEREBY ORDERED that the Motion (791) is DENIED, without prejudice to the right of Plaintiff to renew same after disposition of any appeal by the Federal Circuit and/or further proceeding at the trial level.

*s/ Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

cc/ecf: All counsel of record.
Date: June 26, 2013