IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>MARVELL TECHNOLOGY GROUP, LTD.<br>and MARVELL SEMICONDUCTOR, INC.,<br><br>Defendants. | Civil Action No. 2:09-cv-00290-NBF |

**SUPPLEMENTAL DECLARATION OF ROBERT MCDONOUGH**

I, Robert McDonough, declare as follows:

1. I am the bond broker who submitted a declaration on December 20, 2013 describing the actions undertaken by Aon Risk Services Northeast, Inc. relative to CMU's request for an interim bond. I have read the brief and declaration of Mr. McElhinny, which suggest that my declaration was inaccurate. I take issue with these assertions.

2. In my initial declaration, I explained that I worked with Marvell to attempt to obtain a supersedeas bond and interfaced with counsel for some of the sureties and counsel for Marvell, while serving as Marvell's bond broker. I had frequent conversations with surety counsel, Mr. Jonathan Bondy, and was in contact with him throughout the negotiations with CMU.

3. As I stated in my initial declaration, I worked with Marvell and a consortium of sureties to arrange for a $1.5 billion supersedeas bond to be put in place pending appeal. The sureties were ready to post the supersedeas bond after the entry of final judgment without any additional collateral. This was prior to CMU's demand for an interim bond under revised

terms that would stay in place after final judgment and without CMU subordinating to the sureties.

4. When CMU demanded an interim bond, I continued to work with Marvell and hoped to be able to work out a deal with the sureties within a few days, but was unable to do so. One of the major problems was that given the possibility of a significantly enhanced final judgment, the sureties were uncomfortable providing an interim bond absent 100% cash collateral prior to the determination of the final damages number.

5. Nevertheless, I continued to work with Marvell, its counsel, and with Mr. Bondy to try to come up with creative solutions such as making an interim bond contingent on the final judgment coming in above or below a certain number. We were discussing these ideas in early December, around the time CMU filed its original motions. As I stated in my initial declaration, under the terms sought by CMU and in view of the uncertainty as to the amount of the final judgment that may be awarded, we had been unable to arrange the interim bond. Again, as I note above, as a result of CMU's terms and the uncertainty of the final damages number, the sureties with whom we were working were uncomfortable providing an interim bond absent 100% cash collateral prior to the determination of the final damages number.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 14th day of January, 2014, in New York, New York.

_____
Robert McDonough