# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> MARVELL TECHNOLOGY GROUP, LTD., ) <br> and MARVELL SEMICONDUCTOR, INC., ) <br> ) <br> Defendants. ) | Civil Action No. 2:09-cv-00290-NBF <br><br> Hon. Nora B. Fischer |

## DECLARATION OF JOSEPH MILOWIC III

I, Joseph Milowic III, declare as follows:

1. I am a partner at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel of record for Marvell Technology Group, Ltd., and Marvell Semiconductor, Inc. (collectively, "Marvell") in the above-captioned case. I submit this Declaration in support of Defendants' Response to Plaintiff's Motion for Telephonic Status Conference.

2. With respect to the status of the bonding discussions, counsel for Marvell requested that counsel for CMU re-send the latest draft of the supersedeas bond so that the parties might continue their discussions, and counsel for CMU agreed to do so. Counsel for CMU sent the draft, and counsel for Marvell said we would re-open the discussions and get back to them. During the same call when counsel for Marvell requested the draft, counsel for Marvell asked if CMU would be filing a motion, and CMU's counsel said he had not made a decision about filing. Two days later, CMU filed its Motion for Telephonic Status Conference. Marvell continues to stand ready to discuss with CMU the terms for a supersedeas bond pending appeal.

3.      Contrary to CMU's assertion in Paragraph 9 of its Motion for Telephonic Status Conference, Marvell never promised to post an interim bond on terms dictated by CMU, much less terms that were considered unusual and unacceptable to the potential sureties.  Counsel for Marvell was attempting to put an interim bond in place but given CMU's terms and with the uncertainty as to the amount of the final judgment it proved not to be possible at that time.  CMU filed its motions around the time when counsel for Marvell, the bond broker, and the sureties' counsel were trying to come up with creative solutions to how to make an interim bond work.

4.      Attached to this Declaration are true and correct copies of the documents cited in the accompanying Response, as follows:

| Exhibit A | United States Securities and Exchange Commission Schedule 13D identifying Amedisys, Inc. as Issuer |
| --- | --- |
| Exhibit B | United States Securities and Exchange Commission Schedule 13D identifying RigNet, Inc. as Issuer |
| Exhibit C | United States Securities and Exchange Commission Schedule 13D identifying Sentio Healthcare Properties, Inc. as Issuer |
| Exhibit D | United States Securities and Exchange Commission Schedule 13D identifying China Cord Blood Corporation as Issuer |
| Exhibit E | Defendants' Objections and Responses to Plaintiff's First Request for Production In Aid Of Execution to Marvell Semiconductor, Inc. |
| Exhibit F | Defendants' Objections and Responses to Plaintiff's First Request of Interrogatories In Aid Of Execution to Marvell Semiconductor, Inc. |
| Exhibit G | Defendants' Objections and Responses to Plaintiff's First Request for Production In Aid Of Execution to Marvell Technology Group, Ltd. |
| Exhibit H | Defendants' Objections and Responses to Plaintiff's First Request of Interrogatories In Aid Of Execution to Marvell Technology Group, Ltd. |

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  January 15, 2014                              Respectfully submitted,

By:       /s/ Joseph Milowic III

Joseph Milowic III (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000 Telephone
(212) 849-7100 Facsimile
josephmilowic@quinnemanuel.com

*Attorneys for Defendants,*
*Marvell Technology Group, Ltd. and*
*Marvell Semiconductor, Inc.*