IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY,<br><br>      Plaintiff,<br><br>    v.<br><br>MARVELL TECHNOLOGY GROUP, LTD.<br>and MARVELL SEMICONDUCTOR, INC.,<br><br>      Defendants. | Civil Action No. 2:09-cv-00290-NBF |

**DEFENDANTS' SUR-REPLY IN RESPONSE TO PLAINTIFF'S MOTION FOR
TELEPHONIC STATUS CONFERENCE**

Pursuant to the Court's January 17, 2014 Order, Marvell respectfully submits this Sur-Reply in response to Carnegie Mellon University's Reply (Dkt. 926) in support of its Motion (Dkt. 919) for a telephonic status conference. As shown in Marvell's Response (Dkt. 922) and its supporting declarations, CMU's speculation about any risk to its judgment is baseless, as the Court recognized in denying CMU's motion for interim relief (Dkt. 916).

***First***, CMU fails to identify any basis for its continuing speculation that some extraordinary transaction is in the works from KKR's investment in Marvell. As CMU cannot deny, the sworn declaration of Mr. Rashkin (Dkt. 922-3) states that Marvell has not been in negotiations with KKR regarding an extraordinary corporate transaction (*e.g.*, buyout, merger, reorganization or liquidation) and that Marvell has no plans for such a transaction. CMU's attempt to undermine Mr. Rashkin's statement by focusing on his use of the term "present" is misplaced, for no honest witness makes all-encompassing predictions about the future. And, as CMU does not dispute, KKR was *required* to file a Form 13D statement because of its increased investment above 5% of Marvell's shares, and the Form 13D statement merely contains the same boilerplate language as numerous other KKR investments identified in Marvell's Response, none of which has resulted in an extraordinary transaction.

Nor do CMU's Reply exhibits support speculation about any imminent extraordinary corporate transaction or explain how KKR, with only 6.8% of Marvell's stock, could effectuate such an extraordinary transaction. And CMU's attempt to "link" Mr. Rashkin's declaration to a decline in Marvell's stock price is baseless, for Marvell's stock price has rebounded from $14.76 per share at the close of the market on the day after the filing to $15.18 per share as of the close of business yesterday, January 23, 2014. If anything, Marvell's sound financial status is further

1

confirmed by KKR's investment in the company and should suffice to put CMU's concerns to rest.

***Second***, CMU's attempt to find risk to its judgment in supposed Marvell management turnover is baseless. The resignation of Pantas Sutardja as Chief Technology Officer and his replacement by Dr. Zining Wu was not "sudden" as CMU erroneously asserts (Reply at 1 n.1), for Dr. Sutardja has been ratcheting down his duties at Marvell for some time now, for example, by not standing for reelection to the Board of Directors last year—a decision announced in April 2013 and disclosed in Marvell's 8-K.[1] Nor does Sutardja's resignation have any impact on the collectability of CMU's judgment from a company with a market capitalization of over $7 billion today.

***Third***, as CMU cannot deny, Marvell has followed both the letter and the spirit of the Court's December 23, 2013 Order. (*See* Response at 4; Dkt. 922-4 ¶ 2; Reply at 2-3.) The parties in fact did meet and confer on January 17, where they discussed the Court's suggestion of a Special Master and agreed to continue negotiating. Subsequently, counsel for Marvell sent an email to counsel for CMU regarding compliance with Rule 62(d), and Marvell is awaiting CMU's response.

CMU is simply incorrect that Marvell did not engage in discussions during the pendency of CMU's emergency motions for supplemental relief (Dkt. 908) and to permit execution on the interim judgment (Dkt. 909). Marvell was in fact exploring various possibilities and creative solutions for arranging an *interim* bond, before and during that period. (Response at 5; Dkt. 922-1 ¶ 5.) But, as explained in the declarations submitted by Mr. McDonough and Mr. Bondy (Dkt. 915-1; 922-1; 922-2), an interim bond was not possible given the terms sought by CMU and the

---

[1] http://www.sec.gov/Archives/edgar /data/1058057/000119312513174149/d528358d8k.htm

uncertainty surrounding the amount of the final judgment.[2]  The Court's December 23, 2013 Order (Dkt. 916), stating that the Court "has not ordered Marvell to post a bond at this juncture of the case," and that "the Court is presently satisfied with Marvell's efforts to obtain a $1.5 billion supersedeas bond pending its forthcoming appeal" has enabled the parties to move past the uncertainty that was the major obstacle in the previous negotiations.  The Court made clear that it expected both parties to reasonably negotiate the terms of an appeal bond *after* final judgment is entered, pointing to possible appointment of a Special Master to resolve any persisting disputes.  (*Id.*)  Not only is Marvell prepared to negotiate after final judgment is entered, but Marvell is taking affirmative steps before final judgment to facilitate negotiations with the hopes of narrowing any issues that might remain as of final judgment.

**Finally**, CMU contends (Reply at 3) that Marvell's Response "conspicuously ignores" the fact that Marvell objected to CMU's discovery "in aid of execution" as premature and untimely.  Marvell's Response did not ignore these concerns: it specifically states that the discovery is premature, unnecessary and unduly burdensome (*see* Response at 6-8), and for good measure, attaches the complete set of Marvell's objections to such discovery.  (*See* Dkt. 922-9-12.)  Nothing in Marvell's objections should "exacerbate[] CMU's concerns," given that the soundness of Marvell's financial status remains clear and discussions remain ongoing.  (*See* Response at 6-7.)

---

[2]  It in no way "def[ies] common sense" (Reply at 2 n. 2) for Mr. Bondy to commit to providing CMU with "updates" about his discussions with sureties, even though CMU's terms were not acceptable to the sureties.  Mr. Bondy was working with Marvell and Mr. McDonough to come up with creative solutions.  (*See* Dkt. 922-1 ¶ 5.)  To the extent Mr. Bondy perceived possible solutions, he had good reason to update CMU about any such prospect.

3

Marvell respectfully suggests that the parties continue their discussions consistent with this Court's December 23, 2013 instruction, instead of engaging in costly and purely speculative discovery and motion practice on the eve of final judgment. CMU's Motion should be denied.

Dated: January 24, 2014

Respectfully submitted,

   /s/   John E. Hall

   /s/   Kathleen M. Sullivan

John E. Hall
Timothy P. Ryan
ECKERT SEAMANS CHERIN & MELLOTT, LLC
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Phone: (412) 566-6000
Fax: (412) 566-6099
jhall@eckertseamans.com
tryan@eckertseamans com

Kathleen M. Sullivan (*pro hac vice*)
Edward J. DeFranco  (*pro hac vice*)
Faith Gay (*pro hac vice*)
Raymond Nimrod (*pro hac vice*)
Derek L. Shaffer (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Phone: (212) 849-7000
Fax: (212) 849-7100
kathleensullivan@quinnemanuel.com

Steven G. Madison  (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Phone: (213) 443-3000
Fax: (213) 443-3100
stevemadison@quinnemanuel.com

Kevin P.B. Johnson  (*pro hac vice*)
Melissa Baily (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive., 5th Floor
Redwood Shores, California 94065
Phone: (650) 801-5000
Fax: (650) 801-5100
kevinjohnson@quinnemanuel.com

*Attorneys for Defendants, Marvell Technology Group, Ltd. and Marvell Semiconductor, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2014, the foregoing was filed electronically on ECF. I also hereby certify that on January 24, 2014, this filing will also be served on counsel for CMU by electronic mail.

             /s/   John E. Hall

John E. Hall
Timothy P. Ryan
ECKERT SEAMANS CHERIN & MELLOTT, LLC
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Phone: (412) 566-6000
Fax: (412) 566-6099
jhall@eckertseamans.com
tryan@eckertseamans com

Edward J. DeFranco  (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000 Telephone
(212) 849-7100 Facsimile
eddefranco@quinnemanuel.com


*Attorneys for Defendants,*
*Marvell Technology Group, Ltd. and*
*Marvell Semiconductor, Inc.*