IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 09-290 |
| ) | Judge Nora Barry Fischer |
| MARVELL TECHNOLOGY GROUP, LTD. ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER OF COURT

AND NOW, this 28th day of January, 2014, upon consideration of CMU's Motion for Telephonic Status Conference (Docket No. [919]), Marvell's Response to same (Docket No. [922]), CMU's Reply Brief (Docket No. [926]), and Marvell's Sur-Reply (Docket No. [927]), and consistent with the Court's Prior Orders denying CMU's Motion and Verified Petition for Supplemental Relief in Aid of Execution (Docket No. [916]) and CMU's Motion to Permit Registration of Judgment Pursuant to 28 U.S.C. § 1963 (Docket No. [918]), as well as its admonition to the parties and counsel that it "expects both parties to reasonably negotiate the terms of any such bond after the final judgment is entered. If disputes remain, the Court will appoint a Special Master to oversee such negotiations, with the costs for same to be shared equally by the parties,"

IT IS HEREBY ORDERED that CMU's Motion for a Telephonic Status Conference [919] is DENIED, as premature.  In reaching this decision, the Court is cognizant of CMU's suggested procedures for the post-final judgment activities in this case related to Marvell's intent to appeal the final judgment to the Federal Circuit and to secure a bond pending its appeal. (*See* Docket No. 919). CMU's concerns appear, at least, in part, to surround its belief that the fourteen (14) day window

1

between the entry of final judgment by the Court and Marvell's filing of its notice of appeal is an insufficient period of time for the parties to negotiate the terms of the bond. (*Id.*). As was stated in the prior Court Orders, the Court believes that the parties should be able to negotiate in good faith to resolve these issues without court-intervention and within the time allotted under the Federal Rules of Civil Procedure, especially considering the nature and extent of the parties' preliminary negotiations on bond issues that have already taken place. (Docket Nos. 916, 918). However, the parties are hereby advised that the Court does not intend to enter final judgment in this case without first ordering the parties to meet and confer as to the final judgment and to present a proposed final judgment for the Court's consideration, akin to the procedure which was used after the jury's verdict in this case. (*See* Docket No. 763). Thus, the parties will in all likelihood have more than fourteen (14) days after receipt of the Court's rulings to negotiate these issues. Additionally, a Special Master will be appointed to oversee the parties' negotiations as to the bond and/or to prepare a Report and Recommendation for the Court's consideration on any contested issues. Accordingly, CMU's request for a telephone conference is premature and is denied, without prejudice, to raising such issues with the Special Master in the first instance.

IT IS FURTHER ORDERED that the parties shall meet and confer and select a Special Master by **February 7, 2014 at 12:00 p.m.** The Special Master's duties will include presiding over the parties' bond negotiations in light of the Court's rulings sustaining the jury's verdict of $1,169,140,271.00, (Docket No. 901), denying Marvell's laches defense, (Docket No. 920), and any additional rulings which are issued resolving the pending motions brought by CMU seeking supplemental damages, prejudgment and post-judgment interest, enhanced damages, a permanent injunction and/or an ongoing royalty, (*see* Docket Ns. 786, 788, 790 and related briefing), facilitating

2

those negotiations through mediation or otherwise, preparing a Report and Recommendation for the Court on any contested issues between the parties related to the bond, including any discovery objections/motions related to CMU's discovery-in-aid of execution served on Marvell, and any other duties which are assigned to the Special Master by the Court, as authorized by Rule 53 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 53(a). The Special Master shall have the authority to convene conferences (in person, by telephone and/or videoconferencing), accept evidence from the parties, order briefing on certain issues and/or resolve disputes as he/she deems appropriate. However, any Report and Recommendation by the Special Master must be filed on the Court's CM/ECF System and any objections to same must be filed within 14 days, along with the underlying materials presented to the Special Master (including any briefing, evidence and/or transcript(s) of proceedings) which shall be filed with the Court by the objecting party and a courtesy copy of same shall be hand delivered to this Court's Chambers. The fees of the Special Master shall be shared equally by the parties (50% by CMU and 50% by Marvell) and said Special Master fees shall not be recoverable by an opposing party in this action.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

cc/ecf: All counsel of record