IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY, )<br>)<br>    Plaintiff, )<br>    v. )<br>)<br>MARVELL TECHNOLOGY GROUP, )<br>LTD., and MARVELL )<br>SEMICONDUCTOR, INC., )<br>)<br>    Defendants. | Civil Action No. 2:09-cv-00290-NBF |

**FINAL JUDGMENT**

**AND NOW**, this 7th day of May, 2014, pursuant to Rules 54 and 58 of the Federal Rules of Civil Procedure, and in accordance with the Court's pre-trial and post-trial Orders awarding judgment on certain claims and defenses, (Docket Nos. 420, 443, 444, 901, 902, 920, 921, 933, 934), and the jury's verdict, (Docket Nos. 762, 769), the Court **ORDERS AND ENTERS FINAL JUDGMENT** as follows:

    1. For Plaintiff Carnegie Mellon University and against Defendants Marvell Technology Group, Ltd. and Marvell Semiconductor, Inc. (collectively, "Defendants" or "Marvell") for infringement of claim 4 of U.S. Patent No. 6,201,839 B1 ("'839 Patent") and claim 2 of U.S. Patent No. 6,438,180 B1 ("'180 Patent"), (collectively, the "Patents") under 35 U.S.C. §§ 271 (a), (b) and (c), upon the jury's verdict of December 26, 2012. (Docket Nos. 762, 769).

    2. For Marvell and against Carnegie Mellon University for non-infringement of claims 11, 16, 19 and 23 of the '839 Patent and claim 6 of the '180 Patent, the Court having granted summary judgment in favor of Marvell as to same on August 24, 2012. (Docket Nos. 443, 444).

    3. For Carnegie Mellon University and against Marvell on Carnegie Mellon University's claim for willful infringement of claim 4 of the '839 Patent and claim 2 of the '180 Patent, the

Court having granted same in Memorandum Opinions and Orders issued on September 23, 2013 and March 31, 2014, after considering the jury's advisory verdict finding willful infringement on December 26, 2102.  (Docket Nos. 762, 769, 901, 902, 933, 934).

    4. For Carnegie Mellon University and against Marvell on its affirmative defense of laches, the Court having denied same in a Memorandum Opinion and Order issued on January 14, 2014. (Docket Nos. 920, 921).

    5. For Carnegie Mellon University and against Marvell on its remaining counterclaims for declaratory judgment of non-infringement and invalidity of the Patents, upon the Court's Order of June 7, 2012, (Docket No. 420), granting Carnegie Mellon's motion for partial summary judgment as to Marvell's sixth affirmative defense and its fifth and sixth counterclaims, and the jury's verdict of December 26, 2012, (Docket Nos. 762, 769).  Those counterclaims and affirmative defenses shall be and hereby are dismissed, with prejudice.

    6. For Marvell and against Carnegie Mellon University on the remaining claims of the Patents which were alleged to be infringed in its Complaint (Docket No. 1), but were not tried before the jury.  Such claims shall be and hereby are dismissed, with prejudice.

    **IT IS FURTHER ORDERED** that Plaintiff shall have and recover from Defendants the total sum of $1,535,889,387.60, which includes: the jury's verdict of $1,169,140,271; supplemental damages of $79,550,288.00 for the period from July 29, 2012 through and including January 14, 2013; enhanced damages of $287,198,828.60 (calculated using an enhanced damages factor of 1.23 applied to the sum of the jury's verdict and the supplemental damages); together with post-judgment interest on the $1,248,690,559.00 reflected by the jury's verdict plus supplemental damages calculated at the rate of 0.14% compounded annually from and after January 14, 2013.  (Docket Nos. 762, 769, 901, 902, 933, 934).

**IT IS FURTHER ORDERED** that, for any continuing infringement during the time period commencing on January 15, 2013 until the expiration of the Patents, an ongoing royalty shall be awarded and calculated at the rate of $0.50 for each MNP-type chip or NLD-type chip sold by Marvell.  To this end, the parties shall meet and confer and provide the Court with a joint status report regarding any continuing infringement by **5:00 p.m. on August 1, 2014**, detailing all of Marvell's U.S. and overseas (worldwide) sales for the period of April 16, 2014 until as close to August 1, 2014, as possible.  The parties shall then proceed to file quarterly joint status reports containing the same information for subsequent periods as set forth in the Court's March 31, 2014 Order.  (Docket No. 934).  To the extent that the parties agree to more comprehensive or convenient terms, they shall promptly notify the Court of any such agreement.  To the extent that this process engenders disputes, a Special Master shall be appointed after consultation with the parties.

All relief not specifically granted herein is **DENIED**.  This is a Final Judgment.  The Court retains jurisdiction to enforce this Final Judgment.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf:  All counsel of record.